UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23182-RAR

**C.M., MICHAEL BORREGO FERNANDEZ,
J.M.C., E.R.**, *on behalf of themselves and
all others similarly situated*, *et al.*,

  Plaintiffs,

v.

**KRISTI NOEM,** *Secretary of the
United States Department
of Homeland Security*, *et al.*,

  Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Limited Expedited Discovery ("Motion"), filed on July 29, 2025. [ECF No. 32]. The Court allowed Plaintiffs to file their Motion in an Order Setting Briefing Schedule and Hearing on Forthcoming Renewed Motion for Preliminary Injunction ("Order"), [ECF No. 27]. In the Order, the Court gave Plaintiffs leave to file their Motion, provided that it "pertain[ ] to any intergovernmental agreements regarding Defendants' legal authority to detain the Detained Plaintiffs." *Id.* ¶ 2. The Order matched the scope of discovery that Plaintiffs requested, both in their Supplement to Plaintiffs' Expedited Motion for Temporary Restraining Order and for Preliminary Injunction, *see* [ECF No. 21] at 7, and at the Status Conference held on July 28, 2025. [ECF No. 26]. The Order permitted Defendants to respond to the Motion within three days of the Motion's filing, and Defendants filed a Combined Response to the Motion on August 1, 2025 ("Combined Response"). *See* [ECF No. 37]. The Motion is now ripe for review.

Plaintiffs' Motion "includes one request for production and five interrogatories." Mot. at 2. The request for production asks Defendants to "[p]roduce all written agreements—including but not limited to all contracts, memoranda of agreement under 8 U.S.C. § 1357(g)(1), and any other agreements—that provide the legal authority for any government agency or private contractor to detain people and exercise any other immigration officer functions at Alligator Alcatraz." *Id.* at 3. In response, Defendants have agreed to produce three documents: a "(1) Memorandum of Agreement between the United States Immigration and Customs Enforcement (ICE) and the Florida Department of Law Enforcement"; a "(2) Memorandum of Agreement between ICE and the Florida Highway Patrol"; and a "(3) Memorandum of Agreement between ICE and the Florida National Guard." Combined Resp. at 1–2. The Court finds good cause to permit expedited discovery as to Plaintiffs' requested production, including the three documents identified by Defendants in their Combined Response. *See Thyssenkrupp Elevator v. Hubbard*, No. 13-202, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013).

However, Defendants contest Plaintiffs' proposed interrogatories. The first interrogatory requests Defendants to "[i]dentify all federal, state, and/or local government agencies that have <u>legal custody</u> over people detained at Alligator Alcatraz." Mot. at 3 (emphasis in original). The second interrogatory requests that Defendants "[i]dentify all federal, state, and/or local government agencies and contractors that are <u>responsible for carrying out detention operations</u> at Alligator Alcatraz." *Id.* (emphasis in original). The third interrogatory requests that Defendants "[i]dentify all federal, state, and/or local government agencies and contractors that are <u>responsible for pursuing removal proceedings</u> against people detained at Alligator Alcatraz." *Id*. at 4 (emphasis in original). The fourth interrogatory requests that Defendants provide "the number of employees of each agency currently working [at] Alligator Alcatraz that have completed" certain

"deputization processes" under federal law, for each agency identified in Interrogatories 1–3. *Id.* And the fifth interrogatory requests that Defendants "state the total number of employees that are currently working [at] Alligator Alcatraz" for each agency identified in Interrogatories 1–3. *Id.*

Defendants contend that neither the Court's oral statements during the Status Conference nor its Order permit requests for expedited interrogatories. Combined Resp. at 2. This argument misunderstands the scope of the Court's Order. The Order allowed Plaintiffs to file a Motion for Expedited Discovery "that *pertains to* any intergovernmental agreements regarding Defendants' legal authority to detain the Detained Plaintiffs." Order ¶ 2 (emphasis added). While the Court recognizes that Defendants plan to produce information related to intergovernmental agreements, information that *pertains to* those agreements is equally relevant for the proper adjudication of Plaintiffs' Renewed Motion for Preliminary Injunction ("Renewed Motion"), *see* [ECF No. 29]. In any instance, the Court *did* note at the Status Conference that information related to intergovernmental agreements would help the Court "as to who the proper parties are, who's under what scope of authority," and "who's doing what." Status Conference Tr. ("Transcript"), [ECF No. 38], at 23:1–7. While the Court did not wish to "open up the floodgates" for discovery, it did clearly note that information pertaining to the scope and authority defined by intergovernmental agreements "would really help [the Court], let alone all of us, understand what are viable claims" in this matter. *Id.* at 23:1, 23:4–6; *see also id.* at 73:3–7 ("I'm not going to open up full-blown discovery here. This is just to help the Court on preliminary injunctive relief. But we kind of need to get to the bottom of the interplay, between the federal and state authorities, on who's running this thing."); *id.* at 73:9 (counsel for State Defendants acknowledging the scope of limited discovery).

Interrogatories 1 and 2 therefore clearly pertain to "intergovernmental agreements regarding Defendants' legal authority to detain the Detained Plaintiffs," Order ¶ 2, and will help the Court properly adjudicate the Renewed Motion. And identifying which governmental actors are "responsible for carrying out detention operations at Alligator Alcatraz" will assist the Court in determining which Defendants are proper parties for purposes of Plaintiffs' First and Fifth Amendment claims. *See id.* (Interrogatory 2). Similarly, discerning who has legal custody over the Detained Plaintiffs will affect the likelihood of success on the merits of Plaintiffs' claims. *See id.* (Interrogatory 1).

To be clear, expedited discovery is an exceptional request under the Federal Rules of Civil Procedure. *See* Combined Resp. at 2 (citing *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021)). And the Court notes that "good cause" is required to depart from usual discovery procedures. *Thyssenkrupp Elevator*, 2013 WL 1953346, at *1 ("Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made."). But facilitating an expeditious resolution to this case, which involves alleged actions at Alligator Alcatraz, requires the Court to discern what governmental entities *committed* those actions in the first place. The Court here agrees with Plaintiffs' central point: that "the question of who has legal custody over class members, and who is responsible for managing their detention and immigration court proceedings, are directly relevant to a number of issues in this case, including the cause of action, venue, proper defendants, and proper remedy." Mot. at 2. Because Interrogatory Requests 1 and 2 are directly relevant to the Court's ability to formulate an effective, appropriate order on the

Renewed Motion, the Court finds good cause to require that Defendants respond to Interrogatory Requests 1 and 2.

Interrogatory Requests 3, 4, and 5, however, are broader than necessary for the Court to adjudicate the Renewed Motion. Interrogatory 3 requests that Defendants "[i]dentify all federal, state, and/or local government agencies and contractors that are <u>responsible for pursuing removal proceedings</u> against people detained at Alligator Alcatraz," *id.* at 4 (emphasis in original), but this case is ostensibly about attorney access and bond determination hearings—not removal proceedings. Interrogatory 4 and Interrogatory 5 each request the number of employees working at Alligator Alcatraz in specified categories, but it is not clear how the number of certain employees at Alligator Alcatraz is relevant to the merits of Plaintiffs' First and Fifth Amendment claims at this stage of the litigation. While these requests may prove to be relevant at later stages of the proceedings, they are neither helpful nor needed for the Court to rule on the Renewed Motion. Such overly broad requests at this stage of the litigation threaten to "open up full-blown discovery" in a manner contrary to the Court's intention. *See* Tr. at 73:4. Consequently, the Court does not find good cause to order discovery with respect to Interrogatory Requests 3, 4, and 5.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, [ECF No. 32], is **GRANTED in part and DENIED in part**.

2. Defendants shall respond to Plaintiffs' discovery requests **on or before <u>August 7, 2025</u>**, as follows:

   a. Produce all written agreements—including but not limited to all contracts, memoranda of agreement under 8 U.S.C. § 1357(g)(1), and any other agreements—that provide the legal authority for any government agency or private contractor to detain people and exercise any other immigration officer functions at Alligator

Alcatraz. This production shall include, but is not limited to, the three documents identified in Defendants' Combined Response, namely, three documents: a "(1) Memorandum of Agreement between the United States Immigration and Customs Enforcement (ICE) and the Florida Department of Law Enforcement"; a "(2) Memorandum of Agreement between ICE and the Florida Highway Patrol"; and a "(3) Memorandum of Agreement between ICE and the Florida National Guard." Combined Resp. at 1–2.

b. Identify all federal, state, and/or local government agencies that have legal custody over people detained at Alligator Alcatraz.

c. Identify all federal, state, and/or local government agencies and contractors that are responsible for carrying out detention operations at Alligator Alcatraz.

**DONE AND ORDERED** in Miami, Florida, this 4th day of August, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**