UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23182-RAR

C.M., MICHAEL BORREGO FERNANDEZ, J.M.C., E.R., *on behalf of themselves and all others similarly situated*, *et al.*,

*Plaintiffs,*

*v.*

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*, *et al.*,

*Defendants*.

_______________________________________/

**FEDERAL DEFENDANTS' NOTICE OF MATERIAL DEVELOPMENT**

The federal defendants notify the Court that the Executive Office for Immigration Review (EOIR) has designated Krome North Service Processing Center (Krome) as the immigration court with administrative responsibility over the Alligator Alcatraz detention facility. EOIR published this designation on its official public website:

*https://www.justice.gov/eoir/immigration-court-administrative-control-list*.

Accordingly, all Alligator Alcatraz detainees may file bond petitions with Krome. This includes detainees without notices to appear, as provided by regulation. *See* 8 CFR §1003.14(a) (explaining that no charging document is required to be filed with the immigration court to commence bond proceedings).

It is the federal defendants' position that this development renders moot Count V of plaintiffs' supplemental class action for declaratory and injunctive relief. That count alleges a due process violation "which could readily be cured by publicly identifying which immigration court has jurisdiction over Alligator Alcatraz." (ECF No. 29, ¶152). The federal defendants have

satisfied the relief that Plaintiffs request in Count V by publicly identifying Krome as the immigration court with administrative responsibility over Alligator Alcatraz. Count V is therefore moot. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted) ("Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'. . . . In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context'").

Dated: April 15, 2025.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Marlene Rodriguez**
Marlene Rodriguez (FBN 120057)
Assistant U.S. Attorney
marlene.rodriguez@usdoj.gov
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
(305) 961-9206

*Counsel for Federal Defendants*