UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

C.M. ET AL.,

    *Plaintiffs, on behalf of themselves and others similarly situated,*

v.

KRISTI NOEM, ET AL.,

    *Defendants.*

Case No. 2:25-CV-747-SPC-KCD

## JOINT STATUS REPORT

The parties respectfully and jointly submit the following responses to the Court's August 22, 2025 Order (Doc. 90) and August 28, 2025 Order (Doc. 104). Counsel for all parties met and conferred via videoconference on August 29, 2025.

1. **The effect of United States District Judge Kathleen Williams's Preliminary Injunction in** *Friends of the Everglades, Inc. v. Noem*, **Case No. 1:25-cv-22896 (S.D. Fla.) (Doc. 131) on this case; and**

2. **Any relevant updates on the appeal pending in the Eleventh Circuit in** *Friends of the Everglades, Inc., v. Secretary, U.S. Dep't of Homeland Sec.*, **No. 25-12887.**

**Plaintiffs' Position**. The preliminary injunction in *Friends of the Everglades* does not affect this case. The preliminary injunction prohibits defendants in that case from bringing additional persons not already detained at Alligator Alcatraz at the time of the injunction to the facility. During the parties' conference on August 29, 2025, Defendants indicated to Plaintiffs that they continue to detain people at Alligator Alcatraz.

Defendants in *Friends of the Everglades* have requested a stay of the preliminary injunction, which was denied by the district court, and have moved the Eleventh Circuit for an expedited stay of the order. The defendants' reply motion in support of their motion for a stay is due to the Eleventh Circuit on Friday, September 5, 2025. During the parties' conference in this case, Defendants confirmed that they plan to continue to operate the facility should they receive a stay.

**Federal Defendants' Position**. Defendants have appealed Judge Williams' Preliminary Injunction in *Friends of the Everglades, Inc. v. Noem*, Case No. 1:25-cv-22896 (S.D. Fla.) (Doc. 131). Judge Williams denied Defendants' request for a stay on August 27, 2025 (Doc. 147). Defendant-Appellants have a requested a stay with the U.S. Court of Appeals for the Eleventh Circuit; therefore, as discussed below, the Eleventh Circuit's ruling on Defendants' request for a stay will determine the effect of Judge Williams' stay.

The Defendant-Appellants have filed motions to stay Judge Williams's preliminary injunction. Responses are due by 5 p.m. on Tuesday, September 2, 2025, and Replies are due by Friday, September 5, 2025, at noon. Should the stay be denied, the present Federal Defendants believe the preliminary injunction in Friends of the Everglades would negate the showing Plaintiffs must make in support of a preliminary injunction, in particular, the likelihood of an immediate irreparable injury to either named or putative class members. Federal Defendants also preserve any mootness arguments that may arise from the preliminary injunction entered in Friends of the Everglades.

**State Defendants' Position.** The State Defendants do not believe the preliminary injunction issued in *Friends of the Everglades v. Noem* will affect the outcome of this case. The State of Florida in that case immediately sought an expedited stay pending appeal of Judge Williams' order and an administrative stay until the Court rules on the stay motion. Doc. 9. Briefing on the motion closes on September 5. The State Defendants remain confident that the Eleventh Circuit will stay, and eventually overturn, the preliminary injunction. When that occurs, the Facility will resume accepting federal detainees.

3. **What counts in the Supplemental Complaint remain following Judge Ruiz's Order Dismissing in Part and Transferring Plaintiffs' Complaint for Improper Venue (Doc. 86)?**

**Plaintiffs' Position**. Plaintiffs state that Count V no longer remains in the case in light of the Federal Defendants' designation of the Krome Immigration Court as the court with jurisdiction over bond petitions for people held at Alligator Alcatraz, and Judge Ruiz's order concluding that as a result, Count V was moot. Doc. 86. Plaintiffs reserve the right to seek leave to supplement/amend if the Defendants reverse course.

**Federal Defendants' Position**. Counts I-IV remain following Judge Ruiz's order. Count V is moot.

**State Defendants' Position**. The Plaintiff's Supplemental Complaint alleges five counts. The first four arise under the First Amendment. Count V raises a procedural due process claim. The State Defendants read Judge Ruiz's transfer order to dismiss Count V as moot. Thus, only Counts I through IV remain.

4. **Whether it would be fruitful for Plaintiffs to file a Second Amended**

Complaint.

**Plaintiffs' Position**. Plaintiffs request leave to file a Second Supplemental Complaint, pursuant to Federal Rule of Civil Procedure 15(d). A supplemental complaint is the appropriate procedural vehicle, as Rule 15(d) allows a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Amended and supplemental pleadings differ in two respects. The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Charles Alan Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2025) (citations omitted).

With leave of the Court, Plaintiffs propose filing their Second Supplemental Complaint within 7 days of the status conference. Plaintiffs propose that all Defendants' motions to dismiss be filed 60 days after the filing of the Second Supplemental Complaint, that Plaintiffs' consolidated response to each motion to dismiss be due 14 days later. Plaintiffs consent to the filing of a reply brief, and propose that Defendants' replies in support of their motions be due seven days thereafter.

**Federal Defendants' Position**. Federal Defendants believe Plaintiffs should file a Second Amended Complaint to reflect the following: (1) Count V's dismissal along with the allegations and subclass pertaining to that count; (2) amended factual allegations to reflect the matters set forth in Plaintiffs' August 8, 2025, status report

4

(Doc. 58); and (3) clarity regarding whether Plaintiffs have narrowed the complaint's scope of their requested relief. See Aug. 18, 2025, Order, Doc. 86 at 17-18.

Federal Defendants believe a Second Amended Complaint—as opposed to a Second Supplemental Complaint—will better achieve the objective of clarity. A supplemental pleading permits a party to set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). An amended complaint, by contrast, amends matters that occurred prior to the filing of the original pleading. 6A C. Wright, A. Miller, & M. K. Kane, 4 *Federal Practice and Procedure* § 1504. Here, Plaintiffs' August 8, 2025, status report amends allegations in the July 16, 2025, complaint and July 29, 2025, supplemental complaint regarding detainees' access to counsel. *Compare* Aug. 7, 2025, Order, Doc. 51 at 3 ("The Supplement continued to represent that there was a total bar on attorney-client access."), *with* Aug. 8, 2025, Status Report, Doc. 58 at 2, 4, 6, 7 (describing detainee access to counsel from July 15-29, 2025).

**State Defendants' Position**. Yes. Plaintiff's operative Supplemental Complaint (Doc. 28) is stale because the circumstances have changed entirely since it was filed on July 29. And Plaintiffs have already obtained almost all of their requested relief. Accordingly, the Court should order Plaintiffs to file an updated pleading to reflect the current circumstances at the Facility, rather than those that existed more than a month ago, and clarify the relief they believe they are entitled to but the State Defendants are not providing. The State Defendants take no position as to whether Plaintiffs should file an amended complaint under Federal Rule of Civil Procedure 15(a) or a

5

supplemental complaint under Rule 15(d), as long as Plaintiffs update all facts to ensure they are accurate as of filing.

5. **Whether it would be fruitful for the Court to strike the motion for preliminary injunction and motion for class certification as stale and order fresh, updated briefing on these issues before any future proceedings.**

**Plaintiffs' Position**. The parties are largely in agreement. Plaintiffs propose filing revised motions for preliminary injunction and class certification no later than 7 days from the status conference, and that the Court should then strike the current motions for preliminary injunction and class certification as stale. *See* Docs. 29, 30. Plaintiffs believe that Defendants' opposition briefs should be due at the normal times required under the Local Rules.

*Preliminary Injunction.* Plaintiffs propose that Defendants' responses to the preliminary injunction motion be due within 10 days of the filing of the motion, and Plaintiffs' consolidated reply due 7 days thereafter. Defendants disagree as to the time frame for responses, but do not object to Plaintiffs filing a reply in support of their motion, and do not object to a consolidated reply. A proposed schedule for class certification briefing is below at Topic 6.

**Federal Defendants' Position**. Federal Defendants believe the Court should strike the motion for a preliminary injunction and motion for class certification as stale and order fresh, updated briefing on these issues before any future proceedings. Because Plaintiffs must show an immediate irreparable injury to obtain a preliminary injunction, fresh briefing should reflect Plaintiffs' current circumstances as opposed the circumstances as they existed when Plaintiffs filed their July 29, 2025, renewed

6

motion for a preliminary injunction (Doc. 29).

**State Defendants' Position**. Yes. The Court should strike Plaintiffs' Renewed Motion for Preliminary Injunction and Renewed Motion for Class Certification and order Plaintiffs to refile for the same reason it should order an updated pleading – both rely on circumstances that no longer exist at the Facility. In addition, because it has been almost a month since the State Defendants filed their response to Plaintiffs' Renewed Motion, after which Plaintiffs filed an enlarged reply with twelve additional declarations, the Court should allow full briefing on Plaintiffs' Renewed Motion for Preliminary Injunction and hold a hearing on the motion before ruling.

6. **The most efficient manner for the Court to decide whether to certify the proposed class and subclass.**

**Plaintiffs' Position**. The most efficient manner for the Court to decide whether to certify a class is to consider Plaintiffs' proposed revised class certification motion without delay and in accordance with the Local Rules. Plaintiffs propose that they file a revised class certification motion within 7 days of the status conference; that Defendants' responses to that motion be due within 21 days of the filing of the motion, pursuant to LCR 3.01(c) (specifying deadline for response to motion for class certification within 21 days); and that Plaintiffs' combined reply be due 7 days thereafter. Defendants do not object to a consolidated reply brief by Plaintiffs in support of their class certification motion.

Defendants previously contended that the parties must engage in lengthy discovery prior to the Court considering the class certification motion, a position that

is without grounding in law or federal civil practice. *See* Docs. 49 at 27-28; 50 at 12; 67 at 19-24. If the Court decides that any sort of limited discovery is necessary as prerequisite to class certification, then Plaintiffs believe that the Court may provisionally certify a class for purposes of issuing preliminary injunctive relief.

**Federal Defendants' Position**. Federal Defendants assert the Court should permit class discovery and briefing on a second renewed motion for class certification.

**State Defendants' Position**. "[T]he party seeking class certification has a burden of *proof,* not a burden of pleading." *Brown v. Electrolux Home Prods.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (quoting *Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 276 (2014)). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact." *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350-51 (quoting *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160–161 (1982) ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable") (citation modified)). This "rigorous analysis" often "overlap[s] with the merits of the plaintiff's underlying claim" because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33

8

(2013) (citation omitted). And neither bare assertions nor self-serving declarations suffice. *See Valley Drug Co. v. Geneva Pharms.*, 350 F.3d 1181, 1188–89 (11th Cir. 2003).

As a result, the Court should order full briefing on Plaintiffs' forthcoming motion for class certification *after* the parties collect the necessary discovery to assist the Court's rigorous analysis of Rule 23. And to give Defendants time to fully brief the injunction issues, both class discovery and briefing should occur after the Court rules on Plaintiffs' motion for preliminary injunction.

7. **Whether the Court should "advance the trial on the merits and consolidate it with the hearing" under Federal Rule of Civil Procedure 65(a)(2).**

**Plaintiffs' Position**. The Parties are in agreement as to this issue. Plaintiffs request a scheduling order consistent with the Court's normal preferences for case management as opposed to trial consolidated with a Rule 65(a)(2) hearing.

**Federal Defendants' Position**. Federal Defendants request a scheduling order consistent with the Court's normal preferences for case management as opposed to trial consolidated with a Rule 65(a)(2) hearing.

**State Defendants' Position**. No. The Court should not advance the trial on the merits and consolidate it with any hearing on Plaintiffs' motion for preliminary injunction. Before consolidating a trial with an injunction hearing, courts must "provide the parties with clear and unambiguous notice of the intended consolidation either before the hearing commences or at a time which will afford the parties a full opportunity to present their respective cases." *Allen v. Sch. Bd. for Santa Rosa Cnty., Fla.*, 782 F. Supp. 2d 1304, 1326 (N.D. Fla. 2011) (citation omitted). Thus, courts typically

9

consolidate when the disputed issues are primarily legal, not factual. *Budlong v. Graham*, 414 F. Supp. 2d 1222, 1228 (N.D. Ga.), *order vacated in part on other grounds on reconsideration*, 488 F. Supp. 2d 1245 (N.D. Ga. 2006) ("[C]onsolidation is a preferable result where, as here, the dispute at issue is essentially legal in character and the material facts are undisputed."); *see also Drummond v. Fulton County Dep't of Family & Children Servs.*, 563 F.2d 1200, 1204 (5th Cir.1977).

That is not the case here. Plaintiffs' First Amendment claims are fact-intensive, and those facts change every day. Moreover, Plaintiffs seek expedited, class-wide injunctive relief. But an expedited schedule will not give the parties time to conduct discovery either on the class certification issue or for the merits of their case. And given the evolving circumstances at the Facility, there will likely be threshold issues with Plaintiffs' updated pleadings that the parties must fully brief, and the Court must handle, after ruling on any motion for preliminary injunction, but *before* a trial on the merits. Accordingly, the Court should prioritize Plaintiffs' forthcoming motions for preliminary injunction and class certification to allow the parties sufficient time to fully develop their cases.

8. **Whether it would be fruitful to schedule a settlement conference with a United States Magistrate Judge before proceeding further.**

**Plaintiffs' Position**. Plaintiffs have no objection to participating in a settlement conference with a U.S. Magistrate Judge, with the caveat that the case should continue to proceed on the regular schedule and should not be put on hold pending settlement.

**Federal Defendants' Position.** Federal Defendants have no objection to

participating in a settlement conference with a U.S. Magistrate Judge.

**State Defendants' Position**. The State Defendants are open to settlement negotiations, whether that occurs before further briefing or as part of court-ordered mediation.

**9. A proposed schedule for the remainder of this case.**

**Plaintiffs' Position.** Plaintiffs propose the following timetable in accord with the Federal Rules and Local Rules:

*Second Supplemental Complaint*: Plaintiffs will file the Second Supplemental Complaint within 7 days of the status conference; all Defendants' motions to dismiss shall be filed 60 days thereafter; Plaintiffs' consolidated opposition to a motion to dismiss due 14 days later; all Defendants' reply briefs shall be filed within 7 days thereafter.

*Preliminary Injunction*: Plaintiffs will file their motion within 7 days of the status conference; Defendants' opposition briefs shall be filed 10 days thereafter; Plaintiffs' consolidated reply shall be filed 7 days thereafter.

*Class Certification*: Plaintiffs will file a renewed motion for class certification within 7 days of the status conference; Defendants' opposition shall be filed 21 days thereafter, as per LCR 3.01(c); Plaintiffs' consolidated reply shall be filed 7 days thereafter.[1]

---

[1] If the Court chooses to delay class certification briefing for limited class-related discovery, then Plaintiffs request that the Court move forward on the Preliminary Injunction motion and provisionally certify a class for purposes of issuing relief.

*Hearing/Arguments on the Motions*: To be scheduled as soon as possible after briefing is completed, in accordance with the Court's preference and schedule.

*Additional Deadlines and Trial on the Merits*: To be scheduled consistent with the preferences listed on the Court's website and as the Court's trial calendar permits.

**Federal Defendants' Position.**

- Second Amended Complaint: September 11, 2025
- Answer / Motion to Dismiss: October 13, 2025
- Other deadlines: consistent with the preferences listed on the [Court's website](#).

**Florida Defendants' Position.** The State Defendants propose the following schedule. First, Plaintiffs shall file an updated pleading, second renewed motion for preliminary injunction, and second renewed motion for class certification within 7 days of this Court's scheduling order – or by September 11.

On the motion for preliminary injunction, Defendants shall have 14 days from the motion (September 25) to file their response. Plaintiffs may file a reply within 7 days (October 2), with a hearing at the Court's earliest convenience.

The parties will begin class action discovery after the Court rules on Plaintiffs' second renewed motion for preliminary injunction. The parties will have the opportunity for full class discovery, including written discovery, depositions, and motion practice. When discovery closes, the Defendants will have 21 days to respond to Plaintiffs' Second Renewed Moton for Class Certification, and Plaintiffs will have 14 days for a reply, with a hearing at the Court's earliest convenience.

As for the updated pleading, the Defendants will have 60 days (November 10) to move to dismiss. Plaintiffs' will have 21 days to respond (December 1), and

12

Defendants will have 14 days for a reply (December 15). The remainder of the scheduling deadlines will follow the Court's typical scheduling order.

10. **Additional Items.**

Plaintiffs inquire as to possibility of a "listen-only" phone line for the September 4, 2025, status conference, as family members of Plaintiffs who are unable to travel in person to Fort Myers seek to listen to the conference. Counsel for Defendants do not object to this request.

Dated: September 2, 2025                             Respectfully Submitted,

/s/ *Eunice H. Cho*

Paul R. Chavez, Fla. Bar No. 1021395
Christina LaRocca, Fla. Bar No. 1025528
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Avenue
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org

Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
415-343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

*Counsel for Plaintiffs and the Proposed Class*

*Admitted pro hac vice

13

GREGORY W. KEHOE
United States Attorney

By:   /s/ Chad C. Spraker
　　　CHAD C. SPRAKER
Assistant United States Attorney
USA No. 198
2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
Telephone: 239-461-2200
Fax: 239-461-2219
Email: chad.spraker@usdoj.gov

*Attorney for Federal Defendants*


 /s/ *Nicholas J.P. Meros*
Nicholas J.P. Meros (FBN 120270)
Tara K. Price (FBN 98073)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
NMeros@shutts.com
TPrice@shutts.com
KReardon@shutts.com

Francis A. Zacherl, III (FBN 868094)
Shiza Francis (FBN 1058470)
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131
(305) 358-6300
SFrancis@shutts.com
FZacherl@shutts.com

*Counsel for the State Defendants*