SECOND SUPPLEMENTAL DECLARATION OF JOHAN GUTIERREZ

I, Johan Gutierrez, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am a sole practitioner and run Gutierrez Legal PA firm, an office based in Miami, Florida. I have been practicing immigration law since September 18, 2023.

3. I am an attorney in good standing in the state of Florida. I specialize in the practice of immigration law. This declaration supplements my prior declarations filed in this case on July 29, 2025 and Aug. 13, 2025. *See* ECF Nos. 29-2 & 67-5.

4. Since July 2025, I have represented one client held at the facility known as "Alligator Alcatraz." My client was a named Plaintiff in this case, Gustavo Adolfo Lopez Hernandez. Mr. Lopez Hernandez was previously detained at Alligator Alcatraz from July 21, 2025 through Aug. 2, 2024. On or about Aug. 2, 2025, he was transferred to a facility in El Paso, Texas and then to the Torrance County Detention Facility in New Mexico. I knew my client was moved from based on my conversation with his family and he appeared on ICE's online detainee locator (https://locator.ice.gov/odls/). My firm plans to continue representing additional clients at the facility.

5. My Client, Gustavo Adolfo Lopez Hernandez, was released from ICE custody after being granted an immigration bond by an Immigration Judge with the Otero Immigration Court on August 18, 2025.

6. It may appear that Alligator Alcatraz has allowed more attorney access since this lawsuit was filed by allowing some video and in-person visits. However, my client and I have faced serious restrictions on attorney-client communication after these visits became available.

7. I was only able to conduct one legal video call via zoom with my client, Gustavo Adolfo Lopez Hernandez, on July 29, 2025. My client had been detained for over a week before I was finally able to have a legal call with him. This call took quite a bit of effort and time to schedule: it took six days after my first request for the call for the call itself to happen. Even though I was able to secure a legal video call, it was clear that my conversation with him was not confidential. Although my client was wearing headphones during the zoom call, he was not in a private room. From my screen, it appeared that he was in an open cage with other people in the vicinity, and that others could hear what he was saying. The zoom was blurred out after the meeting began when an officer came by to change the settings to blur out the background. I confirmed with my client that whatever he said to me was not private. The lack of privacy has burdened our ability to have fully confidential attorney-client communication as I prepared to assist Mr. Lopez Hernandez in his immigration proceedings.

8. It remains unclear what protocol attorneys are required to follow in order to request communication with clients held at Alligator Alcatraz. I have not been able to locate any website or government linked site with instructions on how to reach my client for an attorney-client meeting. This is completely different than other detention facilities. I am not aware of any public information about email addresses or telephone numbers that I can call to request a visit, or any information about making an in-person visit. The only information I have been able to find is through this lawsuit, by reaching out to attorney colleagues for guidance, and by doing some internet research. I found an email address, legal@privacy6.com, in a news article covering the situation at Alligator Alcatraz.

9. Prior to my single video legal call, which was not confidential, the only way that my client was able to communicate with me was by calling his fiancé on a monitored, recorded outgoing phone line from Alligator Alcatraz, who then relayed the message to me. This obviously violates attorney-client privilege. I instructed him that if there was an emergency, to call me directly via the monitored, recorded phone line.

10. I sent my first email to [legal@privacy6.com](mailto:legal@privacy6.com) requesting a legal video call on July 23, 2025. It was urgent to have a confidential meeting with my client because his bond hearing was scheduled for that Friday, July 25, 2025. However, I was told that there were no available slots to meet with my client that soon. I ended up requesting the first available slot which was four days after his scheduled bond hearing, July 29, 2025. This delay could have negatively impacted my client because I was unable able to adequately prepare my client for this hearing.

11. Alligator Alcatraz also requires attorneys to submit a signed Form G-28 (Notice of Entry of Appearance) in order to obtain an attorney-client visit. This is an unreasonable requirement, because there is no way for an attorney to obtain a signature from a client before they are allowed to visit the facility. I was lucky that the facility accepted the form, even though I submitted it without my client's signature, stating that he was "currently detained." However, there are many cases where I need to meet with a client for a pre-representational visit and cannot and should not fill out a Form G-28, especially because my client and I may not have agreed that it makes sense for me to enter an appearance in immigration court.

12. It also remains impossible to exchange legal documents confidentially with my clients at the facility. My usual practice is to exchange documents in-person. However, I could not meet with my client in person.

13. Unlike any other detention facility that I am aware of, Alligator Alcatraz also requires attorneys to schedule in-person meetings with detained clients. At other detention facilities in the state of Florida, I have the ability to show up without an appointment and request an in-person visit with my client. I am usually required to present my bar card and government identification card. This is not an option at Alligator Alcatraz. I do believe that the only reason we are able to now schedule the limited legal visits with clients at this facility is because of this lawsuit.

Executed on 7th of September, 2025, at Miami, Florida

_____
Johan Gutierrez