## DECLARATION OF KENIA GARCIA

I, Kenia Garcia, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called on to testify I could and would do so competently and truthfully to these matters.

2. I am an attorney with Garcia & Qayum Law Group, P.A. in Miami, Florida. I am admitted to practice in the federal courts of the [Southern District of Florida and the Eleventh Circuit Court of Appeals]. I am a member in good standing of the Florida Bar. My practice focuses on immigration issues and I regularly represent clients before U.S. immigration courts.

3. I currently represent H.P., who is currently detained at Alligator Alcatraz. H.P. is a national of Mexico. H.P. entered custody after the car in which he was riding as a passenger was in an accident. When the police arrived on the scene, H.P. was taken into custody and then eventually transferred to Alligator Alcatraz. H.P. has lived in the United States for over ten years. He has no criminal history, other than two instances where he was cited for driving without a license. He seeks to participate in this case under pseudonym because public disclosure of his identity could expose him to further danger of harassment and notoriety in the United States in connection with his detention at Alligator Alcatraz. He has confirmed that he wishes to be a plaintiff in this lawsuit to ensure confidential, private attorney communication for detainees held at Alligator Alcatraz.

4. It has been very difficult to communicate with H.P. as he is detained at Alligator Alcatraz for several reasons. For example, the ICE online detainee locator fails to include people who are held at Alligator Alcatraz. When I have entered H.P.'s information into the locator, the website does not indicate where he is held, but instead, says "Call ICE for details," even though H.P. has confirmed by phone that he is held at Alligator Alcatraz.

5. It is also unclear what the specific policies for attorney visitation are for detainees at Alligator Alcatraz. All other immigration detention facilities have a website that provides information on attorney visitation and communication. But there does not appear, to my knowledge, to be any publicly available information for Alligator Alcatraz, which has led to much confusion and lack of clarity about contacting clients at the facility.

6. The only way that immigrants who are detained at Alligator Alcatraz can make outgoing calls is on a monitored, recorded phone line. This is not confidential. However, this is the only way that I have been able to speak with H.P. at the facility so far.

7. I am unable to exchange documents confidentially with H.P. at Alligator Alcatraz. There is no legal mail system at the facility, and the "Legal Counsel Visitation Request Form" that the facility requires attorneys to "attach copies of legal documents you intend to bring for approval. All items are subject to inspection and must be pre-approved." This is not confidential and violates attorney-client privilege.

8. I have also had trouble with confidential document exchange for other clients previously held at Alligator Alcatraz due to the significant barriers to in-person visitation at the facility. For example, I attempted to visit a client in-person on July 19, 2025, including to share documents with my client for signature. I was turned away and not permitted to enter the facility, but instead, was told to leave the document with the facility for signature. Now, the facility has a requirement that attorneys submit a request for a visit at least three business days in advance, unlike other facilities where attorneys can make a same-day visit without pre-scheduling in advance.

9. I have submitted a request to visit H.P. today, but have not yet received a response.

Executed this 11th day of September, 2025 at Miami, FL.

_____
KENIA GARCIA