## DECLARATION OF MICH GONZALEZ

I, Mich P. Gonzalez, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746
that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I
   could and would do so competently and truthfully to these matters.

2. I am attorney and co-founder of Sanctuary of the South, PLLC, ("SOS"), a legal services
   organization with offices in New Orleans, Louisiana, Miami, Florida and Chattanooga,
   Tennessee.

3. I am attorney in good standing in the state of New York. I specialize in the practice of
   immigration law.

4. SOS is an organizational plaintiff in this case, *C.M. v. Noem*. Through my work at SOS, I
   have represented several clients at the facility known as "Alligator Alcatraz."

5. SOS has faced, and continues to face significant challenges to attorney access at the
   facility. This includes videoconference calls at the facility, which are not confidential
   or private. On July 23, 2025, SOS was finally able to successfully schedule a legal
   video call with our client, Michael Borrego. During this call, I experienced
   technological difficulties that required requesting assistance from a nearby guard who
   was within earshot of the legal meeting. Mr. Borrego was shackled at his ankles,
   wrists, and waist-chained, inhibiting his ability to fully participate in this legal visit
   and the call was interrupted at least twice by technical failures. Additionally, it was
   visible in the video call that Mr. Borrego was not in a private, enclosed room, but a
   cage with TNT staff walking by throughout the approximate 50 minute call. Mr.
   Borrego stated during the call that he felt they were intermittently listening to the
   conversation.

6. On July 30, 2025, I attempted to visit three clients and prospective clients at the
   facility in person. I was turned away and subsequently emailed legal@privacy6.com
   to schedule a legal visit in advance for the following day - due to the urgency of the
   client matters and the fact that I, as an out-of-state attorney, would not be in town
   long. Notably, Mr. Borrego was one of the clients I  attempted to meet with on July
   30th - twenty days after my colleague, Katherine Blankenship, initially tried to meet
   with Mr. Borrego at the facility on July 10, 2025.  I was denied access to SOS clients
   and prospective clients and instead was offered a legal visit for the following week -
   after I had left town, and weeks after SOS initially attempted to visit with clients and
   prospective clients.

7.  On July 31, 2025, my colleague Katherine Blankenship and I received correspondence
    from the legal@privacy6.com email stating that I could not be accommodated to visit
    with clients in-person at the facility, including Mr. Borrego, until August 4, 2025 because
    other attorneys had visits slated for all times available in the dates prior to Monday the
    4th of August. On the evening of August 1, 2025, I received a message from Mr.
    Borrego's family member stating that he had been transferred out of the Alligator
    Alcatraz facility. After being processed at the Krome facility around midnight on August
    2, 2025, Mr. Borrego finally appeared on the ICE detainee locator website. I then
    immediately visited Mr. Borrego at Krome in-person on the morning of August 2, 2025,
    without providing any prior written notice to ICE or Krome security. This was the first
    time SOS was able to meet with Mr. Borrego in person since his initial detention at
    Alligator Alcatraz on July 5, 2025.

Executed this 8th day of September, 2025 at New Orleans, Louisiana.


_____
Mich P. Gonzalez