## DECLARATION OF JOSE FLORES

I, Jose Flores, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called on to testify I could and would do so competently and truthfully to these matters.

2. I am an attorney with Law Offices of Jose L. Flores, P.A. in Miami, Florida. I am admitted to practice in the federal courts of the Southern District of Florida and the Eleventh Circuit Court of Appeals. I am a member in good standing of the Florida Bar. My practice focuses on immigration issues and I regularly represent clients before U.S. immigration courts.

3. I currently represent D.G.M., who is currently detained at Alligator Alcatraz. D.G.M. is a national of Guatemala. D.G.M. is currently in asylum proceedings and fears persecution if returned to his home country. He believes that public disclosure of his identity could expose him to further danger of harm in his home country, and also fears harassment and notoriety in the United States in connection with his detention at Alligator Alcatraz. He was taken into custody in August 2025, after he was detained on his way to work as a passenger in a vehicle pulled over for a traffic stop. He has no criminal history. D.G.M. has confirmed that he wishes to be a plaintiff in this lawsuit to ensure confidential, private attorney communication for detainees held at Alligator Alcatraz.

4. I have faced several challenges in communicating with D.G.M. during his detention at Alligator Alcatraz. First, it has been very challenging to confirm his location at the facility, because ICE's online locator does not specify the location of detention of people held at Alligator Alcatraz. When I entered his name and A number into the online detainee locator, the website says "Call ICE for details," with a phone number at the Krome ERO office. However, he has confirmed by phone that he is at Alligator Alcatraz. In addition, there does not appear to be any publicly available information regarding attorney visitation protocols for Alligator Alcatraz, unlike other immigration detention facilities.

5. It is impossible for D.G.M. to make any confidential outgoing legal calls to me as his counsel. The only way that detainees at Alligator Alcatraz can make phone calls is via a monitored, recorded outgoing phone line, which are not confidential at all, and that is the only way I have been able to speak with D.G.M. while at the facility.

6. I attempted to schedule a video legal visit with D.G.M. on August 25, 2025, by sending an email request to legal@privacy6.com, but never received a response. As a result, I have had to resort to speaking to D.G.M. whenever he has called me via the monitored

outgoing phone line. I have thus been limited from discussing sensitive matters with him because it is not a confidential phone line.

7. There is no way for me to confidentially exchange documents with D.G.M. at Alligator Alcatraz. I am not aware of any legal mail system at the facility. It appears that the facility requires attorneys to complete a "Legal Counsel Visitation Request Form" that instructs attorneys to "attach copies of legal documents you intend to bring for approval. All items are subject to inspection and must be pre-approved." This violates attorney-client privilege and is unlike any protocol I have encountered at any other facility.

8. Unlike other immigration detention facilities, Alligator Alcatraz requires attorneys to submit a request to schedule a visit at least 3 days in advance. This is unlike other facilities where attorneys are able to visit detained clients without a pre-arranged schedule, and can conduct a visit by going to the facility and presenting identification and a bar card.

Executed this 11th day of September, 2025 at Miami, FL.

_____
JOSE L FLORES