SECOND SUPPLEMENTAL DECLARATION OF AIDA MARTA RAMIREZ

I, Aida Marta Ramirez, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called on to testify I could and would do so competently and truthfully to these matters.

2. I lead the Ramirez Hormaza Law Group, an immigration firm located in Jacksonville and Pensacola, Florida. This declaration supplements my prior declarations filed in this case on July 29, 2025, at ECF No. 29-5, and on August 13, 2025, at ECF No. 67-10. I have represented one client previously detained at Alligator Alcatraz. My firm plans to continue representing additional clients at the facility.

3. I represent G.M.S.G., who was previously detained at the facility known as Alligator Alcatraz. My client was transferred to Alligator Alcatraz on July 14, 2025. He was transferred from Alligator Alcatraz to Krome Detention Center on Aug. 2, 2025.

4. I learned on Saturday, July 14, 2025, that my client, G.M.S.G., was detained at Alligator Alcatraz. On July 16, 2025, I obtained the email address for requesting legal visits from outside sources, as the ICE website provided no contact information for scheduling visits. On July 16, 2025, I submitted a legal visit request with proposed dates and the official "Legal Visitation Request Form," which I also had to obtain from outside sources because it was not available on the ICE website. The request was acknowledged, but no dates were provided. On July 18, 2025, after the proposed dates expired, I sent another request with the updated form and new proposed dates. On July 20, 2025, the request was again acknowledged without a date. On July 23, 2025, after the second set of proposed dates expired, I sent a third request with updated dates and the proper form. Later that evening, near midnight, I received confirmation for a legal visit on July 25, 2025, at 10:00 a.m.

5. I was able to speak with G.M.S.G. during that July 25, 2025 videoconference; however, it appeared that he was in an open room wearing a headset, and I could not confirm whether the conversation was private or confidential. This single videoconference occurred weeks after my initial request and only after I had to make repeated follow-ups, which placed a significant burden on my time and resources and caused unnecessary delay in preparing his case. The limited access and uncertainty about confidentiality also impaired my ability to have a candid and thorough attorney-client discussion, which is critical for effective representation.

6. I still do not know what the official protocols are to schedule a legal call, legal videoconference, or in-person visit with a client detained at Alligator Alcatraz. I also do not know what the official protocols are to send legal mail to a client detained there. I am not aware of any publicly available information setting out any of these protocols.

Executed on this 9 day of September, 2025, at Pensacola, Florida.

_____
Aida Marta Ramirez