# DECLARATION OF CARLOS SATURNE

I, Carlos Saturne, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called on to testify I could and would do so competently and truthfully to these matters.

2. I am an attorney with the Law Offices of Alberto A. Cayetano, P.A. I am a member in good standing of the Florida State and District of Columbia Bar. My practice focuses on immigration issues, and I regularly represent clients before U.S. immigration courts in Florida.

3. I currently represent R.J.E.E., who is currently detained at Alligator Alcatraz. R.J.E.E. is a national of Honduras. He has a pending asylum petition, based on his fear of persecution in Honduras. He fears disclosure of his name publicly due to his fear of persecution and harassment in his native country, as well as here in the United States. He has no criminal history.

4. R.J.E.E. has been detained at Alligator Alcatraz since mid-August, 2025. He was placed in detention after his car was pulled over in traffic on his way to work.

5. I have faced several challenges in communicating with R.J.E.E. during his detention at Alligator Alcatraz. I was unable to confirm his location at the facility via the ICE online locator, which does not provide any information regarding the detention of people held at Alligator Alcatraz. His family confirmed his detention at Alligator Alcatraz after he placed a phone call to them.

6. It is impossible for R.J.E.E. to make any confidential outgoing legal calls to me as his counsel. The only way that detainees at Alligator Alcatraz can make phone calls is via a monitored, recorded outgoing phone line. These calls are not confidential.

7. I cannot confidentially exchange documents with R.J.E.E. at Alligator Alcatraz. It does not appear that there is any legal mail system at the facility. The facility requires attorneys to complete a "Legal Counsel Visitation Request Form" that instructs attorneys to "attach copies of legal documents you intend to bring for approval. All items are subject to inspection and must be pre-approved." This violates attorney-client privilege.

8. On August 27, 2025, I emailed the facility a request to have an in-person legal visit with R.J.E.E. at the facility. Alligator Alcatraz requires attorneys to submit a request to schedule a visit at three days in advance, which is different from other immigration

detention facilities, where attorneys are able to visit detained clients without a pre-arranged visit. The facility confirmed that I was scheduled for an in-person legal visit on September 3, 2025, at 1:30 p.m. However, On September 2, 2025, I then received a call from ICE Supervisory Detention Officer Luis Morales, who told me that it would be better for me to wait to visit R.J.E.E. at the Broward Transitional Center, another detention center, because ICE was planning to transfer him from Alligator Alcatraz. As a result, I did not have an in-person legal visit with R.J.E.E. at Alligator Alcatraz. During that same communication, Officer Luis acknowledged that R.J.E.E. has no criminal history, yet he nonetheless offered voluntary departure, even though R.J.E.E. has a pending asylum application with USCIS as an unaccompanied minor.

9. Despite R.J.E.E. arrest and detention, ICE has refused to provide Form I-213. Officer Morales stated that ICE does not provide such documentation, even though it constitutes the basis for detention.

10. On September 3, 2025, I confirmed through the ICE Detainee Locator that R.J.E.E. had been transferred to the Broward Transitional Center. I attempted to contact Officer Morales to verify whether my client had, in fact, been transferred to the Broward Transitional Center; however, I was unable to reach him. Due to the attorney access limitations at the facility, I was never able to have a single legal call or visit with R.J.E.E. while he was detained at Alligator Alcatraz.

Executed this 3rd day of September, 2025 at Miami, Florida.

CARLOS SATURNE