UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., et al.,

        Plaintiffs,          Case No. 2:25-cv-00747-SPC-DNF

v.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security, et al.,

        Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO FILE NAMES UNDER SEAL**

**INTRODUCTION**

On July 16, 2025, this action commenced challenging certain policies and practices in the Alligator Alcatraz detention facility. An Amended Complaint was filed on September 11, 2025, of which individual Plaintiffs H.C.R., D.G.M., and H.P.[1] joined as putative class members. Relevant to this motion, Plaintiffs wish to proceed in this litigation under pseudonyms. ECF No. 116, Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (Pls. Mot). For the reasons set forth below, Plaintiffs have failed to demonstrate that deviating from the presumption of disclosure is appropriate. Plaintiffs' motion should be denied.

---

[1] For purposes of this filing, Defendants refer to Plaintiffs H.C.R., D.G.M., and H.P, collectively as "Plaintiffs."

## LEGAL STANDARD

The Federal Rules of Civil Procedure require pleadings filed in federal courts to name all parties. Fed. R. Civ. P. 10(a). The Rule is not based solely on administrative convenience, rather it protects the legitimate interest in providing the public with knowledge of the facts involved in a case. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Though not absolute, the rule creates a strong presumption that parties will proceed under their own names and be allowed to proceed anonymously only under limited circumstances. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011); *Frank*, 951 F.3d at 323.

To determine whether an exception applies, courts must consider whether the plaintiff has a substantial privacy right that is outweighed by the presumption openness in judicial proceedings. *Roe v. Aware Woman Ctr.*, 253 F.3d 678, 685 (11th Cir. 2001). To do this, courts in this circuit have historically started with the three-part test established in *Southern Methodist University* (*SMU*). *Plaintiff B*, 631 F.3d at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981) (restating the test established in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979)). Under this test, a court must consider whether plaintiffs (1) challenge governmental activity, (2) would be required to disclose information of the utmost intimacy, and (3) would be compelled to admit an intention to engage in illegal conduct, subjecting them to risk of criminal prosecution. *Id.* The presence of a factor is not in and of itself dispositive, rather a court should consider all circumstances in a case to determine whether the standard practice of disclosure

has been overcome by a plaintiff's privacy interests. *Frank*, 631 F.3d at 323. It is, therefore, an assessment of the totality of the circumstances. *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020).

## ARGUMENT

Plaintiffs' privacy right concerns are not outweighed by the interest in judicial openness and the Court should decline to grant an exception to Rule 10(a)'s requirement. Under the factors set forth in *SMU*, Plaintiffs cannot demonstrate that proceeding under their names would require them to disclose information of the utmost intimacy or subject them to criminal prosecution. Considering all relevant factors under the totality of the circumstances, Plaintiffs have failed to demonstrate that an exception to the general practice should apply. This Court should deny Plaintiffs' motion to proceed under pseudonym.

### I. The *SMU* Factors Largely Favor Disclosure.

The factors set forth in *SMU* are not dispositive but should be considered in determining whether Plaintiffs have overcome the presumption of disclosure. *Frank*, 951 F.3d at 323. As to the first factor, Plaintiffs challenge state and federal governmental activity, however that does not necessarily mean that the first *SMU* factor weighs in their favor. Rather, it mitigates the prejudice against Defendants because the suit does not pose the same risk to reputation that might apply were Defendants private parties. *Frank*, 951 F.2d at 323-24. The first factor is neutral.

Turning next to the second *SMU* factor, Plaintiffs argue that absent anonymity they will be compelled to disclose information of the utmost intimacy, namely "highly

3

sensitive personal information about their immigration status and histories." Pls. Mot. at 8-11. Courts have historically interpreted information of the utmost intimacy to include issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *A.B. v. United States Dep't of Homeland Sec.*, No. 23-CV-23554, 2023 WL 6160838, at *2 (S.D. Fla. Sept. 21, 2023); *Plaintiff B*, 631 F.3d at 1316-17; *SMU*, 599 F.2d at 712-13. The issues before the Court in this case do not implicate those categories of information, rather concerns detainees' access to attorneys and confidential means of contact with legal representatives—*see* ECF No. 113 (Amend. Compl.)—matters that can be resolved without the need to delve into the specific details of any individual detainee. The Court need not know what forms of relief an individual seeks, his health history, criminal record, or even the circumstances under which he was detained in order to determine whether he has been provided adequate access to his legal representative and confidential means of communication for legal matters. Here, individual Plaintiffs have chosen to disclose this information—in detail—notwithstanding the lack of necessity to do so and then asked for anonymity on that basis. *See* Amend. Compl. at ¶¶16, 18, 20.

      Further, the fact that any Plaintiff seeks asylum—relief that does indeed trigger certain privacy protections under 8 C.F.R. § 208.6—is irrelevant in the resolution of the legal issues here so although there is an instance in which anonymity has been granted to an asylum applicant, that case can be distinguished because the court there was tasked with considering plaintiff's claims of improper delay to the adjudication of

that asylum application. *See A.B. v. U.S. Dep't of Homeland Sec.*, 2023 WL 6160838. There, the plaintiff's status as an asylum applicant was interwoven with the nature of claims for relief where the legal issues here—related to access to counsel—can be resolved without the need to whether a Plaintiff has applied for asylum or not.

Plaintiffs cite numerous cases they argue support proceeding anonymously here, but each can be distinguished because none of the cited cases concern the information of utmost intimacy Plaintiffs claim exist here. For example, the court in *Doe v. Wantong Int'l, Inc.* allowed a plaintiff to proceed anonymously based on her history of sex trafficking and status as a victim of sexual assault. No. 6:25- cv-179-PGB-DCI, 2025 WL 712762 (M.D. Fla. Mar. 5, 2025). Courts have granted anonymity in cases involving juvenile victims of sex trafficking. *See Doe v. Rickey Patel, LLC*, No. 619-cv-2414-Orl-40LRH, 2020 WL 9073327, at *1 (M.D. Fla. Mar. 4, 2020); *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 6:17-cv-218-Orl-28TBS, 2018 WL 2017535 (M.D. Fla. May 1, 2018). The court in *Alexandra H. v. Oxford Health Ins., Inc.*, permitted plaintiff—a school teacher with an extensive history of disordered eating, multiple inpatient stays, and "sensitive mental health issues"—to proceed under pseudonym reasoning that may cause concern to her employer and parents and threaten her career. No. 11-23948-CIV, 2012 WL 13194941 (S.D. Fla. Mar. 23, 2012). Finally, the court in *M.J. v. Jack. Hous. Auth.*, permitted anonymity where records of the plaintiff's juvenile criminal record would be released. No. 3:11-cv- 771-J-37MCR, 2011 WL 4031099 (M.D. Fla. Sept. 12, 2011).

This case concerns detainees' access to legal services. Resolution of the issues does not require Plaintiffs to state what specific relief they seek, or any of the other details Plaintiffs have voluntarily put forth. Further, none of the categories of information typically protected with anonymity are at issue here. Plaintiffs' suggestion that they will be required to reveal information of the utmost intimacy is unpersuasive and the second *SMU* factor favors Defendants.

Plaintiffs next contend that revealing their names would subject them to risk of physical harm, harassment, or criminal prosecution. Pls. Mot. at 11-12. Plaintiffs contend that courts routinely recognize that revealing an individual's immigration status may lead to "criminal prosecution, harassment, and intimidation." Pls. Mot. at 11. In support, they cite to several cases of little value in analyzing the discrete issues present here. For example, *Hisp. Int. Coal. of Ala. v. Gov. of Ala.* involved the immigration statuses of minor children and the deterrent effect of revealing their information on school enrollment and attendance. 691 F.3d 1236, 1247 (11th Cir. 2012). The Plaintiffs seeking anonymity here are not minor children nor are there allegations that Plaintiffs proceeding under their names would have a deterrent effect on education. Pls. Mot. at ¶¶ 16, 18, 20. Similarly flawed is *Lozano v. City of Hazleton*— a Third Circuit, non-binding case— in which the court permitted the use of pseudonyms after considering its propriety under different criteria from that used in this circuit. 620 F.3d 170 (3d Cir. 2010), *vacated on other grounds*. None of these circumstances are present here. And several of the remaining cases Plaintiffs cite to support their conclusion merely recite situations where plaintiffs were permitted to

6

proceed anonymously without any analysis whatsoever into those decisions, including whether the other party may or may not have consented. *See Cent. Alabama Fair Hous. Ctr. v. Magee*, 835 F. Supp. 2d 1165, 1169 (M.D. Ala. 2011) 835 F. Supp. 2d 1165; *Plyler v. Doe*, 457 U.S. 202 (1982); *Georgia Latino All. for Hum. Rts. v. Governor of Georgia*, 691 F.3d 1250 (11th Cir. 2012).

As to risk of harassment or danger, the caselaw Plaintiffs rely on is again not particularly informative as none of these cases support the conclusion that granting anonymity on account of immigration status would be appropriate here. In each case, courts considered the risk of harm or harassment in circumstances that deviate significantly from those here. *See Roe v. Aware Woman Ctr.*, 253 F.3d 678, 687 (11th Cir. 2001) (allowing anonymity in a case involving abortion); *Doe v. Ladapo*, No. 4:23CV114-RH-MAF, 2023 WL 3833848, at *6 (N.D. Fla. June 6, 2023) (proceeding under pseudonym in a case involving transgender minors); *Koe v. Noggle*, No. 1:23-cv-2904-SEG, 2023 WL 11909781 (N.D. Ga. Aug. 20, 2023) (case requiring disclosure of detailed medical history, experience of gender dysphoria, and transgender identity of minor children); *Does v. Swearingen*, No. 6:18-cv-1731-Orl-41LRH, 2019 WL 4386936 (M.D. Fla. Sept. 13, 2019) (granting anonymity to sex offender plaintiffs who produced evidence of actual physical violence or threat of physical violence against themselves or their family members).

Plaintiffs have failed to demonstrate that disclosure of their names will subject them to risk of criminal prosecution or physical harm and the third *SMU* factor weighs in Defendants' favor.

## II. Other Factors Outside the Scope of *SMU* Also Favor Disclosure.

In addition to the three factors enumerated in *SMU*, the Eleventh Circuit has adopted the *Stegall* court's requirement that courts "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Plaintiff B*, 631 F.3d at 1316 (citing *SMU*, 599 F.2d at 713). Other factors courts have considered include whether the plaintiffs were minors, threatened with harm for proceeding in their own names, or whether proceeding anonymously posed a threat of fundamental unfairness to the defendant. *Id.*; *see e.g. Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, F.3d 1236 at 1247. Here, the individual Plaintiffs are not minor children. Pls. Mot. at ¶¶ 16, 18, 20. Plaintiffs have not identified any instances of being threatened with violence or harm for proceeding in their own names, rather express generalized fear. Pls. Mot. at ¶¶ 16-21. Accordingly, these other factors cannot tip the scale in favor of Plaintiffs. And any threat of fundamental unfairness to Defendants posed by Plaintiffs' anonymity remains to be seen at this juncture.

## CONCLUSION

Plaintiffs have not overcome the strong presumption that parties will proceed in federal litigation under their own names, and deviation from F.R.C.P. 10(a) is not warranted here. This Court should deny Plaintiffs' Motion for Leave to Proceed Under Pseudonyms and to File Names Under Seal.

DATED: September 23, 2025

                        Respectfully submitted,

                        GREGORY W. KEHOE
                        United States Attorney

By:   */s/ Amanda B. Saylor*
       AMANDA B. SAYLOR
       FL Bar 1031480
       Assistant United States Attorney
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone: 813-274-6020
       Fax: 813-274-6198
       Email: amanda.saylor@usdoj.gov

       CHAD C. SPRAKER
       Assistant United States Attorney
       USA No. 198
       2110 First Street, Ste. 3-137
       Fort Myers, Florida 33901
       Telephone: 239-461-2200
       Fax: 239-461-2219
       Email: chad.spraker@usdoj.gov
       *Counsel for Federal Defendants*