UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

H.C.R., *et al.*,

      Plaintiffs,

v.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security, *et al.*,

      Defendants.

_____/

Case No. 2:25-cv-00747-SPC-KCD

### FEDERAL DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### INTRODUCTION

This Court should deny Plaintiffs' Motion for Class Certification (ECF No. 114) (Pls. Mot.). Plaintiffs—individual detainees and legal organizations—allege that Defendants unconstitutionally interfere with attorney-client communications at the Alligator Alcatraz detention facility located in Collier County, Florida. ECF No. 113, (Amend. Compl.). Plaintiffs ask the Court to certify a class and appoint them as class representatives. Pls. Mot. at 2. Plaintiffs' proposed class broadly consists of "[a]ll persons who are currently, or in the future, held at the Alligator Alcatraz detention facility." But Plaintiffs' proposed class is overly expansive and fails to comply with Federal Rule of Civil Procedure 23(a) and (b). Plaintiffs' proposed class lacks commonality and typicality and fails to adequately represent its proposed class members because the Court is jurisdictionally barred from ordering the injunctive and

declaratory relief Plaintiffs seek for some individuals included in the class but not others, rendering any relief insufficient as to the whole class. Plaintiffs' motion should be denied.

## BACKGROUND

Alligator Alcatraz opened its doors to detainees on July 3, 2025. ECF No. 132-1 (Saunders Declaration) at ¶ 8. The facility—operated by the State of Florida under the Florida Division of Emergency Management—is designed to accommodate up to 3,000 detainees at various stages of immigration processing. Saunders Declaration at ¶¶ 4, 9; ECF No. 131-1 (Vega Declaration) at ¶6. Following a short period of logistical delay of the type expected when a new facility is launched, Alligator Alcatraz began arranging televideo and in-person conferences between detainees and their attorneys on July 15, 2025, and July 28, 2025, respectively. Saunders Declaration at ¶¶ 34-35. Importantly, since July 15, 2025, attorney-detainee meetings have been held almost every day and every request for a meeting with counsel has been granted. *Id.* at ¶¶ 36, 57.

Plaintiffs initiated this case in the United States District Court for the Southern District of Florida on July 16, 2025, initially alleging that Federal and State Defendants blocked all access between detainees and attorneys. ECF No. 1 (Compl.) at ¶¶ 4, 63. Shortly thereafter Plaintiffs filed a motion seeking a temporary restraining order and preliminary injunction. ECF No. 5. Plaintiffs were later allowed the opportunity to supplement their complaint to address additional actions taken to effect attorney-detainee communications. *See* ECF No. 51 at 3. Accordingly, Plaintiffs filed

a Supplement to the Complaint on July 29, 2025. ECF No. 28 (Supp. Compl.). Plaintiffs then filed several motions, including those seeking discovery, a preliminary injunction, and the opportunity to proceed under pseudonym, ECF Nos. 29-32. Material developments were brought to the Court's attention—ECF No. 83—and the case was transferred to the United States District Court for the Middle District of Florida after District Court Judge Ruiz found that the existence of intergovernmental agreements between state and federal Defendants could not independently support venue in the Southern District of Florida. ECF No. 88. Since the transfer, Plaintiffs have filed an Amended Complaint—now alleging difficulty with communication rather than a total bar on communication between attorneys and detainees—and motions again seeking a preliminary injunction and the opportunity to proceed under pseudonym. *See* Amended Complaint, (Amend. Compl.), ECF No. 133; ECF Nos. 115-16. Relevant to this filing, Plaintiffs filed a Motion for Class Certification on September 11, 2025. *See* Pls. Mot.

## LEGAL STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 422 U.S. 682, 700-01 (1979)). To fall within the exception, Plaintiffs "must affirmatively demonstrate [their] compliance" with Federal Rule of Civil Procedure 23 by a preponderance of the evidence. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

A proposed class must be "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). A party seeking certification of a proposed class must demonstrate the existence of the four required elements set forth in Rule 23(a) of the Federal Rules of Civil Procedure. Specifically, the moving party must show that:

> (1) the class is so numerous that joinder of all members is impracticable ("numerosity");
> (2) there are questions of law or fact common to the class ("commonality");
> (3) the claims or defenses of the named plaintiffs are typical of claims or defenses of the class ("typicality"); and
> (4) the named plaintiffs will fairly and adequately protect the interests of the class ("adequacy of representation").

*See* Fed. R. Civ. P. 23(a); *see also Dukes*, at 345.

In addition to meeting the requirements set forth in Rule 23(a), the proposed class must also qualify under Rule 23(b)(1), (2), or (3). *Id.* Here, Plaintiffs seek certification under Rule 23(b)(2), Pls. Mot. at 2, which permits class actions for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds that generally apply to the class." Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, at 360 (citation omitted). As the Supreme Court has explained, "Rule 23 does not set forth a mere pleading standard." *Id.* Indeed, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been

4

satisfied[.]'" *Dukes*, at 350-51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

## ARGUMENT

Plaintiffs do not make the requisite showing for class certification under Rule 23 because their proposed class lacks commonality, typicality, and adequacy of representation. Plaintiffs have also failed to demonstrate the appropriateness of relief respecting the class as a whole. There are divergent issues of fact and law at play—intertwined in the issues of commonality, typicality, adequacy of representation, and the availability of class-wide relief—that destroy Plaintiffs' ability to sufficiently define a class. Plaintiffs' motion should be denied.

**I. THE COURT SHOULD DENY CLASS CERTIFICATION BECAUSE PLAINTIFFS' PROPOSED CLASS HAS NOT SATISFIED THE RIGOROUS REQUIREMENTS OF RULE 23(a).**

A. <u>The Proposed Class Lacks Commonality Under Rule 23(a)(2).</u>

The commonality requirement mandates that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, the proposed class's "claims must depend upon a common contention." *Dukes*, 564 U.S. at 350. Moreover, "[t]hat common contention … must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Although for purposes of Rule 23(a)(2) even a single common question will do, "[w]hat matters to class certification … is not the raising of common questions—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive

5

the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (citation omitted). In short, what is more important than any common question is whether that question can be resolved with a common solution.

Here, Plaintiffs seek injunctive and declaratory relief. *See* Amend. Compl., Prayer for Relief. But Plaintiffs' proposed class is too broad to offer a common, class-wide solution to its members. The proposed class includes "[a]ll persons who are currently, or in the future, held at the Alligator Alcatraz detention facility." Pls. Mot. at 2. Significantly, while this Court may be authorized to grant some or all of the relief requested to some proposed class members, it cannot grant it to all because this Court lacks jurisdiction to do so. Accordingly, Plaintiffs have failed to demonstrate commonality consistent with *Dukes*.

Section 1252(f)(1) of the INA plainly bars the class-wide relief Plaintiffs seek for some purported class members. As explained by the Supreme Court, "§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022).[1] Those statutory provisions specifically include "implementation and enforcement of the immigration laws governing the … removal of aliens." *Id.* at 549-

---

[1] Section 1252(f)(1) also bars declaratory relief. *See Aleman Gonzalez*, 596 U.S. at 551 n.2; *cf. California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (Tax Injunction Act barred declaratory relief as well as injunctive relief); *Newdow v. Roberts*, 603 F.3d 1002, 1012 (D.C. Cir. 2010).

50. Thus, for example, purported class members being detained for the purpose of executing final orders of removal would not be able to receive the class-wide relief Plaintiffs seek because of this bar and, as discussed *infra* with regard to adequacy of representation, determining which named Plaintiffs may fall under this umbrella is impossible while they remain anonymous. Another separate jurisdictional bar similarly prohibits injunctive and declaratory relief for those detained for the purposes of reinstatement of a final order of removal. *See* 8 U.S.C. § 1252(e)(1)(A) (prohibiting lower courts from entering declaratory, injunctive or other equitable relief where an order to exclude the alien under Section 1225(b)(1) is at play).

Here, the commonality required under Rule 23(b) is absent because Plaintiffs' proposed class members include aliens detained at Alligator Alcatraz at *all* stages of immigration proceedings—Vega Declaration at ¶ 6—and because injunctive or declaratory relief is prohibited for some of those proposed class members and quite possibly the class representatives. *See e.g.*, Amend. Compl. at ¶¶ 20-21 (providing scant information as to Plaintiff H.P. and no information whatsoever as to the basis for which he has been detained). These potential dissimilarities are significant because they impact whether common legal issues between the proposed representatives and the class exist. The proposed class includes all aliens detained at Alligator Alcatraz— again, a population of aliens in various stages of immigration processing. Pls. Mot. at 2; Vega Declaration at ¶ 6. But the Plaintiffs named in the Amended Complaint may encompass a much narrower group. Without disclosing the underlying facts associated with each of the named Plaintiffs and given the population of aliens detained at the

7

facility, Plaintiffs cannot demonstrate commonality where there are likely to be differing legal issues dependent on the basis for detention of each individual. Plaintiffs suggest that the common factual allegation of barriers to access to counsel demonstrate commonality because these barriers are not based on their unique circumstances. Pls. Mt. at 12. But this argument misses the mark where an alien's individual circumstances necessarily impact whether their purported harm can be remedied by an order from this Court or not.

     Plaintiffs' claim that there is a common legal question fares no better. The common allegation here is that class members face "barriers to meaningful, confidential access to counsel"—a purported First Amendment violation—which is insufficient on its own to satisfy commonality. *See Dukes*, 564 U.S. at 350. Further, named Plaintiffs fail to present any controlling First Amendment authority mandating that attorney-detainee communications proceed in the manner they demand. The instances Plaintiffs describe in which they claim to have faced barriers to access—Amend. Compl. ¶¶ 48-65—took place in the early operational stages at Alligator Alcatraz and are not representative of the experiences of many others seeking attorney-client meetings now. *See* Saunders Declaration at ¶¶ 33, 36-37, 54, 58-59, 73-74 (there is no backlog of unaddressed meeting requests; all requests for meetings have been granted; no detainee or attorney has raised concerns with in-person or video meetings; hundreds of video and in-person meetings have taken place; information concerning attorney meeting facilitation is made available to detainees). And with regard to specific allegations that barriers were erected, additional information has now been

8

submitted that casts Plaintiffs' characterization of those barriers in a different light. *Id.* at ¶¶ 77 (clarifying that attorney Gutierrez requested a visit on a day that was no longer available but was promptly notified and offered the next available date); ¶¶ 78-79 (clarifying that attorney Elder failed to include the requisite notice of appearance and visitation forms in one instance, that he was promptly provided access to visits in others, and that intervening events from the *Friends of the Everglades* injunction led to the transfer of *all* detainees at that specific time, not only those requesting visits); ¶ 80 (clarifying that attorney Cayetano was provided with meeting options promptly following the submission of the requisite forms and that he selected a later date). Plaintiffs have not shown credible instances in which attorney-client communication has been thwarted but even were they able to do so Plaintiffs fail to demonstrate a pattern and practice necessary to show a First Amendment violation. *Mitchell v. Peoples*, 10 F.4th 1226, 1230-31 (11th Cir. 2021). Finally, any Alligator Alcatraz policy regarding attorney-detainee communications is valid so long as it reasonably relates to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

There is no commonality where—as here—Plaintiffs fail to assert a cognizable First Amendment claim and where, even if a valid claim were present, relief could not be dispensed in gross class-wide. *Dukes*, 564 U.S. at 350. Plaintiffs are unable to demonstrate by a preponderance of the evidence that the proposed class meets the commonality requirement under Rule 23(a)(2).

B. The Proposed Class Lacks Typicality Under Rule 23(a)(3).

The proposed class likewise fails to meet the typicality requirement for reasons similar to those that doom commonality. Rule 23(a)'s commonality and typicality requirements are interrelated and, in some instances, merge. *Dukes,* 564 U.S. at 350. "Both [requirements] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*; *see also Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class member.").

Here, rather than demonstrating that Plaintiffs share a typical pattern of interference in communications, Plaintiffs describe a smattering of communication difficulties of different varieties which would necessitate different solutions. For instance, some attorneys complain that the conditions under which they are allowed communications are not confidential. Pls. Mot. at 4-5. Different attorneys, on the other hand, detail lack of confidential communication by telephone. *Id.* at 5. Some attorneys complain of difficulty with legal documents, while others argue that detainees are not provided access to the information they need to facilitate attorney-detainee visits. *Id.* at 5-6. Finally, attorneys express frustration with ICE's detainee locator. *Id.* at 6.

Finally, in significant respects, the allegations set forth by the Plaintiffs describe difficulties inherent in an attorney's representation of *any* detained client, not a pattern or practice of a First Amendment violation. Absent a showing that claims of class

10

representatives and putative class members arise from the same event or pattern or practice, Plaintiffs cannot meet Rule 23(a)(3)'s requirement of typicality.

### C. The Proposed Class Lacks Adequacy of Representation Under Rule 23(a)(4).

The disposition of the commonality question can at times resolve the question of whether Plaintiffs have satisfied the adequate-representation requirement of Rule 23(a). *Dukes*, 564 U.S. at 350, n.5. Overall "[t]he commonality and typicality requirements of Rule 23(a) tend to merge [and] serve as guideposts for determining … whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* For the reasons set forth above concerning commonality and typicality, Plaintiffs have also failed to satisfy the adequacy prong of Rule 23(a)(4).

Plaintiffs' proposed class representatives intend to proceed under pseudonym. ECF No. 116. But in doing so, the the facts necessary to ascertain adequate representation remain hidden, making it difficult if not impossible to determine whether the proposed representatives indeed represent the interests of the class. Naturally, courts have expressed concern over proceeding in this manner. *See Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 649 (D.N.H. 2020); *J.R. v. Atrium Health, Inc.*, No. 3:24-CV-00382-KDB-SCR, 2024 WL 3032890, at *1 n.4 (W.D.N.C. June 17, 2024). It is impossible to demonstrate adequacy of representation when there is insufficient factual background not only to establish commonality—as discussed *supra*—but also to reveal potential conflicts with the interests of other class members.

11

It remains unclear the circumstances under which named Plaintiffs have been detained. Amend. Compl. at ¶¶ 16-21. And the basis on which an alien is detained is relevant where the relief the purported class members seek is only available to some. The proposed class includes all detainees at Alligator Alcatraz, a facility that houses detainees in all stages of immigration processing—presumably including those who have never been in removal proceedings, those who will be placed into removal proceedings, those who are already subject to final orders of removal, those subject to expedited removal, and those detained for the purpose of facilitation removal from the United States pursuant to a final order of removal. The wide variation is important because while the court retains jurisdiction to rule on issues impacting some of these individuals, it does not retain jurisdiction on others. In other words, while an order enjoining Defendants from certain actions or activities may dictate the actions taken over some individuals at Alligator Alcatraz, that same order would have no power over others.

Here, named Plaintiffs cannot demonstrate that they are able to adequately represent the interests of the entire detainee population of Alligator Alcatraz on the bare facts pled. There is insufficient basis to ascertain whether or not any—or all—of them may indeed be jurisdictionally barred from injunctive or declaratory relief. *Dukes*, 564 U.S. at 350. If they are jurisdictionally barred, then they cannot adequately represent any class of individuals who are not so barred.

Plaintiffs argue that they meet the adequacy prong by virtue of their shared interest in access to attorneys, but as discussed *supra*, the potential outcomes available

12

to class members differ in important ways. Should the named Plaintiffs succeed in proceeding anonymously in this action, members of the proposed class will not be able to properly consider whether those named Plaintiffs indeed represent their interests. Plaintiffs have failed to demonstrate adequacy of representation under Rule 23(b)(4).

## II. PLAINTIFFS' PROPOSED CLASS ALSO FAILS UNDER RULE 23(b)(2) BECAUSE RELIEF WOULD NOT OFFER CLASSWIDE RESOLUTION.

Under Rule 23(b)(2), Plaintiffs must show that Defendants have "acted or refused to act on grounds that apply generally to the class, so that … relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Dukes*, 564 U.S. at 360 (citation omitted). But here, members of Plaintiffs' proposed class are differently situated in critical ways and as with commonality and typicality, this factual variation defeats their ability to demonstrate that Rule 23(b)(2) has been met.

The divergent factual and legal issues make clear that this is not a case in which the challenged policy "can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (citation omitted). Factually, Plaintiffs allege a variety of barriers to access—for some, timely access to visitation; for others, conditions of the space in which meetings take place—barriers that would not dictate a single, class-wide solution but rather a more individualized approach. Plaintiffs' individual circumstances are likewise distinct in a manner that impacts what

13

relief—if any—may be available to them and thus precludes class-wide resolution. The relief that Plaintiffs seek is not "indivisible" as *Dukes* contemplates, rather, if ordered, must be either parceled out to some class members or denied altogether. This necessitates an inquiry into class members' particular circumstances, negating the value of proceeding class-wide in the first instance. Rule 23(b) has therefore not been satisfied.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion seeking class certification. Plaintiffs' proposed class is fatally overbroad. Because jurisdictional bars preclude the grant of *any* relief to some members but not others, Plaintiffs cannot meet the requirements established in Rule 23(a) and (b).

DATED: September 30, 2025

            Respectfully submitted,

            GREGORY W. KEHOE
            United States Attorney

        By: */s/ Amanda B. Saylor*
           AMANDA B. SAYLOR
           Assistant United States Attorney
           400 North Tampa Street, Suite 3200
           Tampa, Florida 33602
           Telephone: 813-274-6020
           Fax: 813-274-6198
           Email: amanda.saylor@usdoj.gov

           CHAD C. SPRAKER
           Assistant United States Attorney
           USA No. 198

2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
Telephone: 239-461-2200
Fax: 239-461-2219
Email: chad.spraker@usdoj.gov
*Counsel for Federal Defendants*