## SUPPLEMENTAL DECLARATION OF JOSE L. FLORES

I, Jose L. Flores, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an attorney with Law Offices of Jose L. Flores, P.A. in Miami, Florida. I am admitted to practice in the federal courts of the Southern District of Florida and the Eleventh Circuit Court of Appeals. I am a member in good standing of the Florida Bar. My practice focuses on immigration issues and I regularly represent clients before U.S. immigration courts. This declaration supplements my prior declaration filed in this case on September 11, 2025, at ECF No. 114-8.

3. Since September 11, 2025, I have represented three clients held at the facility known as "Alligator Alcatraz." I also have three additional prospective clients who have been held at Alligator Alcatraz since September 11, 2025. Two of the three retained clients have been transferred from Alligator Alcatraz since September 11, and I have one current client detained at the facility.

4. On September 30, 2025, I learned that Defendants in this case have claimed that my email requests have been caught in a security filter, and that I should email the facility using a different email address. However, I never received any bounce back emails from the account. I have also attempted to email the facility via a different email account. For example, my legal assistant has also emailed the facility at legal@privacy6.com, using a different email account, naomi@jfloreslaw.com, to request legal visits with clients at Alligator Alcatraz, but those email requests have also gone unanswered.

5. I know of no other way to contact the facility, as there is no publicly available information about attorney access at the facility, including a phone number, which is standard at other immigration detention facilities.

6. The only way that my clients have been able to call me is on a monitored, recorded outgoing phone line from Alligator Alcatraz. Each call begins with a recorded message stating the call is being monitored.

7. My client, D.G.M., is a Named Plaintiff in this case. At the time of the filing of the Amended Complaint on September 11, 2025, he was detained at Alligator Alcatraz, where he had been held since at least mid-August 2025. On September 12, 2025, he was transferred to ICE's detention facility, Broward Transitional Center, in Pompano Beach, Florida. I never had a chance to speak with D.G.M. other than on an outgoing monitored phone line while he was detained at Alligator Alcatraz because the facility never responded to my requests for a legal visit.

8. I have been able to speak with D.G.M. at Broward. In contrast to Alligator Alcatraz, I was able to visit him in person by going to the facility, unscheduled, during visiting hours.

9. D.G.M. is seeking asylum in the United States. He fears being threatened with harm and violence should his name become public. D.G.M reported crimes of gang members to local authorities in his home country, and was thereafter threatened with extreme violence, including murder, for doing so. D.G.M believes that these gang members continue to actively search for him.

10. It is critical that I build rapport and trust with all of my clients, but particularly with new clients and those clients that have faced excessive hardship like D.G.M. Maintaining D.G.M's anonymity is essential to my ability to build that trust and rapport, which in turn is necessary to effectively represent him in his immigration proceedings. I have spoken with D.G.M. and he continues to want to be an enthusiastic named plaintiff in this case.

Executed on 30th of September, 2025, at Miami, Florida.

_____
JOSE L. FLORES