# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| H.C.R., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>*Defendants.* | Case No. 2:25-CV-00747-SPC-DNF<br><br>**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION** |

This case presents a textbook case for class certification. Plaintiffs challenge restrictive attorney access conditions at the "Alligator Alcatraz" detention facility. They request that the court provide class-wide relief that would enable immigrant detainees at the facility to communicate confidentially with their legal counsel.[1]

The Federal Defendants do not dispute that the proposed class satisfies Rule 23(a)'s numerosity requirements, and do not object to the appointment of Plaintiffs' counsel. They mainly argue that a class should not be certified because Plaintiffs and class members may be detained under different provisions of the immigration statute or are at different stages of their individual immigration adjudication proceedings. But this is irrelevant to the class certification analysis. This case does not challenge the

---

[1] Although the Court has not yet set a briefing schedule for Plaintiffs' class certification motion, Doc. 110, Federal Defendants filed an opposition on October 2, 2025. Doc. 139. Florida Defendants have not yet filed their brief. This reply, filed with the Court's leave, Doc. 143, addresses only the Federal Defendants' arguments.

1

detention or deportation of individuals held at the facility. The key injury suffered by the class instead relates to the conditions of attorney access at Alligator Alcatraz.

The proposed class thus meets the requirements for commonality, as the class's claims raise common questions of fact and law regarding Defendants' restrictions on detainees' communication with counsel. The Plaintiffs meet requirements for typicality, as they have suffered the same general injuries as the rest of the class. The Plaintiffs are adequate class representatives, as they can vigorously prosecute the case, even under pseudonym, and have no conflicting interests with the class. In addition, the proposed class is a prototypical class under Rule 23(b)(2), as the unlawful conditions of confinement regarding attorney access apply generally to the entire class and would be remedied by a court order applicable to all class members. For these reasons, class certification is appropriate.

## BACKGROUND

The Named Plaintiffs and the proposed class in this case challenge restrictions on their ability to communicate with counsel while detained at Alligator Alcatraz. Am. Compl. ¶ 1, Doc. 113. Plaintiffs and the proposed class members do not challenge their removal from the United States in this case, but instead, challenge the restrictions on their ability to speak confidentially with their lawyers. To remedy the First Amendment violation caused by these restrictions, Plaintiffs seek measures to improve their access to counsel at the facility. *Id.* at 35-37. Class members may be held under different portions of the immigration statute, may be at different stages of the immigration adjudication process, or may request different forms of immigration

relief—but these procedural differences and the varied relief that they seek in immigration court on an individual basis are entirely irrelevant to the case here. Indeed, class members may need to consult with counsel for reasons entirely unrelated to immigration law, including challenges to abusive conditions of confinement or custodial matters regarding children who may be left behind in the United States. Regardless of these differences, the injury that they challenge remains the same: their inability to speak confidentially with counsel, in violation of the First Amendment.

## ARGUMENT

### I. The Proposed Class Satisfies Rule 23(a)'s Commonality Requirements

#### A. 8 U.S.C. § 1252(f)(1) and 8 U.S.C. § 1252(e)(1)(A) Do Not Preclude Commonality.

Defendants argue that this court lacks jurisdiction to grant the relief requested to some members of the class under 8 U.S.C. § 1252(f)(1), and that the proposed class thus lacks commonality. Fed. Defs.' Opp'n. to Pls.' Mot. Class Cert. ("Opp'n.") 6-7, Doc. 139. This is incorrect. Defendants mischaracterize the relief requested in this case, which does not seek to challenge ICE's authority or ability to detain or remove class members, but instead seeks the provision of attorney access at the facility. The court's jurisdiction to provide this relief is not precluded by Section 1252(f)(1).

As an initial matter, Section 1252(f)(1) does not deprive lower courts of subject matter jurisdiction, but rather, limits a court's authority to issue class-wide injunctive relief for certain claims. *Biden v. Texas*, 597 U.S. 785, 798 (2022). Section 1252(f)(1) limits the authority of lower courts to "enjoin or restrain the operation of the provisions

3

of part IV of this subchapter," or 8 U.S.C. §§ 1221–1232, on a class-wide basis. 8 U.S.C. § 1252. Defendants have failed to identify any specific statutory provision subject to Section 1252(f)(1)'s limits that Plaintiffs' requested injunctive relief would restrain. *See Garland v. Aleman Gonzalez*, 596 U.S. 543, 551 (2022) (identifying 8 U.S.C. § 1231(a)(6) as the restrained statute). The provision of attorney access at a detention facility is not even remotely addressed by the statutes covered by Section 1252(f)(1), which, to the extent that they address detention, concern only ICE's authority to detain or release certain groups of non-citizens. *See* 8 U.S.C. §§ 1226, 1231. Indeed, the requested injunction—remedying access to counsel barriers at the facility—would in no way "have the effect of interfering with or otherwise affecting the 'enforcement of the immigration laws governing the inspection, apprehension, examination, and removal of aliens,' in any way remotely resembling what was at issue in *Aleman-Gonzalez*." *Jimenez v. U.S. Immigr. & Customs Enf't*, No. 23-CV-06353-RMI, 2024 WL 2306281, at *4 (N.D. Cal. May 20, 2024).[2] And while class members may be pursuing individual immigration cases before the immigration court that implicate statutory provisions under 8 U.S.C. §§ 1221–1232, Section 1252(f)(1) does not preclude the grant of individual relief. *Aleman Gonzalez*, 596 U.S. at 550.

---

[2] Defendants incorrectly state that Section 1252(f)(1) bars declaratory relief. Opp'n. 6 n.1. Section 1252(f)(1) did not eliminate "jurisdiction to entertain the plaintiffs' request for declaratory relief." *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (opinion of Alito, J., joined by Roberts, C.J., and Kavanaugh, J.). Indeed, Defendants' citation to *Aleman Gonzalez* quotes only the court's summary of the government's argument. Opp'n. 6 n.1, (citing 596 U.S. at 551 n.2).

For the same reason, 8 U.S.C. § 1252(e)(1)(A) does not preclude class-wide relief. Opp'n. 7. Section 1252(e)(1)(A)[3] limits courts from entering equitable relief "in any action pertaining to an order to exclude an alien" in expedited removal proceedings. 8 U.S.C. § 1252(e). But the Plaintiffs and the proposed class in this case do not seek to challenge their removal or exclusion, so Section 1252(e)'s provisions do not apply here. *See Cap. Area Immigrs.' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 59 (D.D.C. 2020) (finding 1252(e)(1) inapplicable to vacatur of rule as plaintiffs were "not challenging any specific order to exclude an individual alien"); *S. Poverty L. Ctr. v. U.S. Dep't of Homeland Sec.*, No. CV 18-760 (CKK), 2020 WL 3265533 at *16 (D.D.C. June 17, 2020) (finding challenge to detention conditions "ancillary to the removal process" and outside "any part of the process by which . . . removability will be determined.").

**B. The Proposed Class's Claims Raise Common Issues of Law and Fact.**

Defendants argue that the Court should not provide injunctive relief to the putative class members because they are at different stages of their immigration proceedings. Opp'n. 7-8. Commonality is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In assessing commonality, courts focus on "the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v.*

---

[3] Defendants instead may have intended to cite to 8 U.S.C. § 1252(e)(1)(B), which bars a court from certifying a class challenging expedited removal. Either way, the statute does not preclude relief.

*Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). "[E]ven a single common question will" satisfy this requirement. *Id*. at 359 (cleaned up).

Here, the legal claim Plaintiffs and putative class members allege is the same: they are entitled to the protection of the First Amendment, and Defendants' restrictions on access to counsel violate their First Amendment rights. Defendants argue against a finding of a common legal claim under Rule 23(a)(2) on the basis that Plaintiffs must show a "pattern and practice" to prove a First Amendment violation, and that Defendants' restrictions on attorney access are valid and related to a legitimate penological interest. Opp'n. 9. But at the class certification stage, Plaintiffs need not prove the entire case. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."); *see also Braggs v. Dunn*, 317 F.R.D. 634, 652 (M.D. Ala. 2016) ("The court's role at the class-certification stage is not to decide the underlying claims, but rather to determine whether the requirements for certification are met.").

Defendants also misapprehend the common factual contention at the heart of this case. They assert, without support, that putative class members' "individual circumstances necessarily impact whether their purported harm can be remedied by an order from this court or not." Opp'n. 8. Not so—the factual question for the Court's resolution is not the particular reason *why* a putative class member may need to have access to legal services, nor is it *how* he may suffer harm due to his restricted access to counsel: the common systemic issue of fact facing Plaintiffs and all putative class

6

members is *whether* they have meaningful and confidential access to counsel, as guaranteed by the First Amendment. *See, e.g. Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).

Defendants' attorney access practices affect all class members, and satisfy the commonality requirement. The facts proffered show that all members of the putative class are subject to Defendants' policies and practices restricting detainees' ability to meaningfully communicate with their attorneys. *See* Pls.' Mot. Class Cert. 13, Doc. 114; *see also Fla. Imm. Coal. v. Uthmeier*, 780 F. Supp. 3d 1235, 1266-67 (S.D. Fla. 2025) (rejecting argument that commonality did not exist when immigrant class members had individualized differences in their situations) (citing *Dukes*, 564 U.S. at 350); *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1197-98 (S.D. Fla. 2020) (finding commonality where plaintiffs were subject to the same substantial risk of serious harm). Plaintiffs challenge lack of access to counsel that applies broadly to the entire class, and Rule 23(a)(2)'s commonality requirement is easily satisfied.

## II. The Proposed Class Representatives' Claims Are Typical of Those of the Class.

Defendants also argue that a class cannot be certified under Rule 23(a)(3)'s typicality requirement, because Plaintiffs describe "a smattering of communication difficulty" and not a "pattern or practice of a First Amendment violation." Opp'n. 10. But this is not what Rule 23(a)(3) requires. Typicality requires "that 'the claims or defenses of the representative parties [be] typical of the claims or defenses of the class.'" *Vega*, 564 F.3d at 1275 (quoting Fed. R. Civ. P. 23(a)(3)) (alteration in

7

original). "[T]ypicality measures whether a significant nexus exists between the claims of the named representatives and those of the class at large." *Id*. (citation omitted). This analysis turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Checking Acct. Overdraft Litig.*, 286 F.R.D. 645, 653 (S.D. Fla. 2012) (citation omitted).

Here, any variation in how interference with access to counsel plays out in any individual situation does not defeat typicality. "The commonality and typicality requirements of Rule 23(a) tend to merge," as both serve to ensure the claims of the class representatives align with those of absent class members. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Dukes*, 564 U.S. at 349 n.5 ("Both [commonality and typicality] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."); *see Carter v. City of Montgomery*, 108 F.4th 1334, 1350 (11th Cir. 2024) ("To be sure, our case law recognizes that 'substantial factual differences' between a class representative's claim and those of the class members does not per se foreclose a typicality finding.") (citation omitted); *Fla. Imm. Coal.*, 780 F. Supp. 3d at 1267 (holding that typicality was met when the class representatives' challenge was made "on the same legal grounds and seek the same relief as the unnamed class members"); *G.H. v. Tamayo*, 339 F.R.D. 584,

590 (N.D. Fla. 2021) (finding typicality met in class action of juvenile detainees challenging solitary confinement policies and conditions, even though the named plaintiffs and putative class members were placed in confinement for various periods of time or for different reasons); *Gayle*, 614 F. Supp. 3d at 1198, 1231 (holding that named plaintiffs' claims "are typical if they stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory" and finding that typicality was met in a case involving class members incarcerated at three different detention centers under similar conditions, despite individual differences in the facilities or personal health risk factors).

Because both the Plaintiffs and the proposed class are subject to the same lack of access to counsel and raise the same legal challenges, Rule 23(a)(3) is satisfied.

### III. The Named Plaintiffs Are Adequate Class Representatives.

Defendants challenge Plaintiffs' adequacy of representation on the incorrect standard. Courts assess Plaintiffs' adequacy on the basis of "whether plaintiffs have interests antagonistic to those of the rest of the class." *Fla. Imm. Coal.*, 780 F. Supp. 3d at 1268.[4] Here, Defendants do not argue that Plaintiffs have interests antagonistic to the class. Instead, Defendants argue that their request to proceed under pseudonym renders them inadequate, and that there is insufficient factual background to establish commonality or potential conflicts with others. Defendants' argument is incorrect, and is not based on the actual facts and procedural posture of this case.

---

[4] Defendants do not challenge the qualifications of Plaintiffs' counsel to represent the class.

As stated above, distinctions in the posture of individual immigration cases are irrelevant to the injury suffered and relief sought by the class in this case, which does not involve the nature of their removal proceedings but the conditions of attorney access in their detention facility. *Supra* Section I. Moreover, Defendants are fully aware of the identities of the class representatives. *See* Suppl. Decl. Mark Saunders ¶ 81, Exs. 16-18, Doc. 132-1. Plaintiffs' counsel have submitted declarations that clearly describe the factual basis for the injury suffered by H.C.R., D.G.M., and H.P. with respect to attorney access at Alligator Alcatraz. *See* Decl. Kenia Garcia ¶¶ 3-9, Doc. 114-5; Decl. Jose Flores ¶¶ 3-8, Doc. 114-8; Second Suppl. Decl. Katherine Blankenship ¶¶ 4-8, Doc. 114-4. And Defendants disregard Plaintiffs' offer "to provide unredacted declarations and other necessary identifying information subject to a protective order," as they have done for other Plaintiffs under pseudonym in this case. Pls. Pseudonym Mot. 13, Doc. 116.

Defendants' adequacy argument fails. Indeed, individuals who proceed under pseudonym frequently serve as class representatives. *See, e.g. CASA, Inc. v. Trump*, No. CV DLB-25-201, 2025 WL 2263001, at *3 n.2 (D. Md. Aug. 7, 2025) (pseudonymous representatives to a certified class); *Padres Unidos de Tulsa v. Drummond*, 783 F. Supp. 3d 1324, 1339 (W.D. Okla. 2025) (same); *Air Force Officer v. Austin*, No. 5:22-CV-00009-TES, 2022 WL 1240856, at *5 (M.D. Ga. Apr. 27, 2022) (same).

**IV. Certification of the Class Is Proper Under Rule 23(b)(2).**

Repeating the same tune, Defendants assert that the variance in how restrictions on attorney access play out defeats class certification under Rule 23(b)(2). Opp'n. 13-

14. Rule 23(b)(2)'s requirement that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole" is satisfied when, as here, members of a proposed class seek common injunctive and declaratory relief from policies and practices that are generally applicable to the class as a whole. *Fla. Imm. Coal.*, 780 F. Supp. 3d at 1268 ("The critical inquiry is whether the class members have suffered a common injury that may properly be addressed by class-wide injunctive or equitable relief.") (citation omitted); *see also Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.").

Moreover, civil rights cases like this one, seeking only injunctive and corresponding declaratory relief, are the "very paradigm of a proper 23(b)(2) class." *G.H.*, 339 F.R.D. at 591; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) class actions). Indeed, "some courts have gone so far as to say that the rule's requirements are almost automatically satisfied in actions primarily seeking injunctive relief." *Braggs*, 317 F.R.D. at 667 (quoting *Baby Neal v. Casey,* 43 F.3d 48, 59 (3d Cir. 1994) (cleaned up)). Certification under Rule 23(b)(2) is particularly appropriate here, as claims "for injunctive relief stemming from allegedly unconstitutional conditions of confinement are the quintessential type of claims that Rule 23(b)(2) was meant to address," *Parsons v. Ryan*, 754 F.3d 657, 687 (9th Cir.

11

2014), and courts have frequently certified Rule 23(b)(2) classes in cases regarding attorney access in immigration detention facilities and jails. *See, e.g.*, Pls' Mot. for Class Cert. 19-20, Doc. 114 (collecting cases); *Fla. Imm. Coal.,* 780 F. Supp. 3d at 1269 (holding that "many courts have found Rule 23(b)(2) well suited for cases where the composition of a class is not readily ascertainable; for instance, in a case where the plaintiffs attempt to bring a suit on behalf of a shifting prison population.").

## CONCLUSION

The Court should grant Plaintiffs' Motion for Class Certification.

Dated: October 9, 2025

Respectfully Submitted,

/s/ Eunice H. Cho

Paul R. Chavez (Fla. Bar No. 1021395)
Christina LaRocca (Fla. Bar No. 1025528) AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave
P.O. Box No. 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org
* Admitted pro hac vice

Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
415-343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

*Counsel for All Plaintiffs and the Proposed Class*