UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., et al., on behalf of
themselves and others similarly
situated,

      Plaintiffs,

v.                              Case No.:  2:25-cv-747-SPC-DNF

KRISTI NOEM, et al.,

      Defendants.

_____

## ORDER

      This case is before the Court *sua sponte*. The Court has under advisement: (1) Plaintiffs H.C.R., D.G.M., and H.P.'s Motion for Class Certification (Doc. 114), the Federal Defendants' response (Doc. 139), and Plaintiffs' reply (Doc. 150);[1] and (2) Plaintiffs' Motion for Preliminary Injunction (Doc. 115), the Federal Defendants' response (Doc. 131), the State Defendants' response (Doc. 132), Plaintiffs' reply (Doc. 140), the Federal Defendants' sur-reply (Doc. 151), and the State Defendants' sur-reply (Doc. 152). The Court has reviewed the motions, which have been ripe since October 9, 2025.

      However, since the Eleventh Circuit stayed United States District Judge

---

[1] The State Defendants did not respond to the motion for class certification.

Kathleen M. Williams' preliminary injunction shutting down Alligator Alcatraz, *Friends of the Everglades, Inc. v. Sec'y of United States Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *13 (11th Cir. Sept. 4, 2025), the Fort Myers Division of the United States District Court of the Middle District of Florida—including the undersigned—has been inundated with litigation filed by detainees at Alligator Alcatraz. This Division only has two district judges and one senior district judge. The litigation most often comes in the form of emergency habeas petitions accompanied by emergency motions for temporary restraining orders and preliminary injunctions. Such filings require the Court to cease work on all other matters (except those criminal cases which must take precedence) and turn its attention and scarce resources to these emergency requests. Often, these requests raise matters of first impression in this Division, involve continual communication with counsel, and require daily (sometimes hourly) updated filings as facts on the ground evolve. Further complicating the situation was the longest government shutdown in United States history, which only recently ended.

As a result, the Court has regrettably lacked the resources to address the pending motions. And now two motions to dismiss have been filed, though they are not ripe. (Docs. 166, 167). The Court has read the parties' briefs on the motion for preliminary injunction and suspects that some, if not several,

of Plaintiffs' concerns regarding access to counsel may be moot.[2]  Below is a
non-exhaustive but comprehensive list of the issues Plaintiffs raise which
they argue require a preliminary injunction:

1. The facility's requirement that attorneys schedule in-person visits
   three business days in advance is unlike in-person access at other
   immigration detention facilities, prisons, or jails, where attorneys
   may see clients during visiting hours without pre-scheduling an
   appointment;

2. Defendants have engaged in a pattern and practice of transferring
   detainees whose attorneys have requested in-person legal visits
   immediately prior to the scheduled visits, precluding detainees'
   ability to meet with counsel in person at the facility;

3. Scheduling delays for attorney visits have been so lengthy that
   some detainees are unable to speak to counsel in advance of key
   deadlines;

4. Attorney-client communication is not confidential or private.
   Outgoing phone calls from detainees are monitored and recorded;

5. Legal videoconferences are not private or confidential;

---

[2] The volume and frequency of the habeas petitions—all of which, to the undersigned's
knowledge, are filed by lawyers and not pro se by the detainees—cause the Court to question
whether detainees at Alligator Alcatraz now lack access to counsel as required by the
Constitution.

6. Detainees cannot confidentially exchange legal documents and have no way to receive legal mail;

7. Attorneys must complete a Legal Counsel Visitation Request Form before an attorney visit and attach copies of legal documents that they intend to bring for approval—all subject to inspection and must be pre-approved;

8. Detainees are prohibited from bringing documents to video calls with attorneys, making it difficult to review documents with clients;

9. Attorneys cannot confidentially review key documents with clients or obtain necessary signatures;

10. Defendants have not publicly posted any information regarding attorney access protocols or provided this information to detainees, leaving attorneys and detainees in the dark about how to properly communicate with each other; and

11. Attorneys cannot confirm whether their detained clients are held at the facility, because ICE's detainee locator continues to omit information about detainees held at Alligator Alcatraz.[3]

---

[3] This is a prime example of an issue which appears moot. In presiding over Alligator Alcatraz habeas cases, the Court has seen firsthand that the ICE detainee locator includes information about detainees at the facility.

The Court sets the following schedule in an effort to resolve the motion for preliminary injunction—and the entire case—as expeditiously as possible. First, the Court will address the potential mootness of these issues at a forthcoming status conference.  And with respect to those of Plaintiffs' concerns which may remain active, the Court firmly believes the parties should resolve them in a prompt settlement conference with the undersigned—particularly because Plaintiffs request only declaratory and injunctive relief in this action.  (Doc. 113).  Further, until the Court rules on the motion for preliminary injunction and motion for class certification (at least possibly provisionally), it is the Court's view that it is not productive for the parties to proceed with briefing the motions to dismiss, as the evidence and arguments will become increasingly stale.

Accordingly, it is hereby **ORDERED**:

1. The parties are **DIRECTED** to attend a Zoom status conference on **November 24, 2025, at 3:00 p.m.**  Lead counsel are required to attend.  The parties must be prepared to discuss what issues are moot, the staleness of the briefing and evidence on the motion for preliminary injunction,[4] and any other issues they or the Court

---

[4] The Court sees little value in assessing evidence cited in the briefs (or presented at any evidentiary hearing in the future) from as early as July–October 2025.  The facts on the ground have undeniably changed.  It is November 2025, and the pending motions may not be resolved for some time.  Since this case was transferred to this Division, it has been a moving target.  Somehow, this must end.  The Court's approach in this Order and going forward is

wish to raise.

2.  The parties are **DIRECTED** to attend an in-person settlement conference on **December 9, 2025, at 9:00 a.m**. in Fort Myers Courtroom 5D with the undersigned.  The undersigned has reserved two entire days for the settlement conference.  The parties and their counsel shall be available for both entire days.  If necessary, the settlement conference will continue on **December 10, 2025**.  The parties and counsel are **DIRECTED** to organize their schedules and travel plans accordingly.  The Court will not entertain excuses regarding leaving early for flights or other meetings.

    a.  An individual with **full settlement authority** is required to either attend in-person or be available **at all times** via telephone.

    b.  By **December 5, 2025, at 5:00 p.m.**, the parties must provide the Court with confidential settlement statements. The statement will not be filed with the Clerk of Court, but will instead be emailed (in .pdf file format) to the chambers email                                                        account:

---

designed to maximize the parties' and judicial resources and rule on the *ripe* outstanding issues as efficiently as possible.

CHAMBERS_FLMD_CHAPPELL@flmd.uscourts.gov.

c. The confidential settlement statement will:

   i. identify all persons, including counsel, who will attend the settlement conference with or on behalf of the party and specify which individual(s) hold final settlement authority;

   ii. describe the remaining claims and defenses in the case and candidly assess their relative strengths and weaknesses both legally and factually;

   iii. provide a reasonably detailed explanation of the submitting party's present position on remedies sought or resisted by the party (including attorney's fees and costs if recoverable); and

   iv. outline the settlement negotiations to date, including any offers and counteroffers made.

d. At the outset of the settlement conference, the Court may call upon the parties' or counsel to give a brief opening presentation outlining the factual and legal highlights of their respective cases before the parties separate into private caucuses.

e.  Notwithstanding Rule 408(b) of the Federal Rules of Evidence, all statements during the settlement conference, written or oral, are confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.

f.  Failure to comply with any requirements in this Order may result in the imposition of sanctions against the offending party(ies) and/or counsel.

3.  The Court **DENIES WITHOUT PREJUDICE** Defendants' motions to dismiss (Docs. 166, 167) and **VACATES** the remainder of the briefing deadlines on the motions to dismiss.  The Court will reset a briefing schedule on any forthcoming motions to dismiss, if appropriate, after it rules on the motion for preliminary injunction.

**DONE** and **ORDERED** in Fort Myers, Florida on November 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record