## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

H.C.R., D.G.M., and H.P., *on behalf of themselves and all others similarly situated*,

    Plaintiffs*,*

                                  Case No 2:25-cv-00747-SPC-DNF

*v.*

KRISTI NOEM, *Secretary of the United States Department of Homeland Security, et al.*,

    Defendants.

## THE STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants, Ron DeSantis, in his official capacity as Governor of the State of Florida, Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management, and the Florida Division of Emergency Management ("State Defendants"), hereby file their response to Plaintiffs' Motion for Class Certification [DE 114] ("Motion") and in support state:

## INTRODUCTION AND BACKGROUND

As the Court knows, this case involves the temporary immigration detention facility known as Alligator Alcatraz ("Facility"). Plaintiffs filed this case as a class action alleging that detainees at the facility were experiencing "barriers" to access legal counsel. As the case has progressed, the evidence has demonstrated that the alleged barriers, if any, were the result of temporary circumstances related to the

construction and initial launch and operation of the Facility. Most, if not all, of the alleged "barriers" have been resolved and this case, as a result, should be dismissed. State Defendants' Motion to Dismiss [DE 167].

That said, even if the case is not dismissed, the evidence demonstrates that under the rigorous class certification analysis the Court must conduct, Plaintiffs cannot meet their burden under Rule 23. Specifically, Plaintiffs cannot establish the commonality and typicality prongs of the analysis because "barriers to access" is not a common question that the Court can address as it relates to all putative class members. Plaintiffs have presented no common questions of fact or law and the barriers to access to which they refer have been addressed since the filing of this case.

For these reasons, this case cannot be certified as a class action under Rule 23(b)(2) under these facts. Accordingly, the Court must deny the Plaintiffs' Motion.

## LEGAL STANDARD

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). Certification is permitted only if the Court "is satisfied, after a rigorous analysis, that the prerequisites . . . have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). In conducting this rigorous analysis the Court must look beyond the pleadings in order to determine whether class certification is appropriate. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) ("Going beyond the pleadings is necessary, as a court must

understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues."). "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, *the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied*." *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009) (emphasis added).

A class may not be certified if doing so would "sacrific[e] procedural fairness." Fed. R. Civ. P. 23 Advisory Committee Notes, 1966 Amendments; *Dukes*, 564 U.S. 338 (2011). A court may not gloss over differences in applicable law or facts to impose a different standard of proof than would exist for an individual action. *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1020 (7th Cir. 2002). In a class action, "the parties' legal rights and duties [remain] intact and the rules of decision unchanged." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1443 (2010).

"All else being equal, the presumption is against class certification." *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016). After all, "the entire point of a burden of proof is that, if doubts remain about whether the standard is satisfied, the party with the burden of proof loses." *Id.* (quotations omitted).

## <u>ARGUMENT</u>

**I.   Class Certification Should Be Denied Because Plaintiffs Cannot Satisfy the Requirements of Rule 23.**

    A.   <u>Plaintiffs Fail to Establish the Requisite Commonality and Typicality Under Rule 23(a)(2)</u>

        1.   *Commonality*

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." In other words, the class members' claims "must depend upon a common contention." *Dukes*, 564 U.S. at 350 (2011). That common contention "must be of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "What matters [for commonality] is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. *Dissimilarities within the proposed class are what have the potential to impede the generation of common answers*." *Id*. (emphasis supplied). *See also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1270 (11th Cir. 2009) ("Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof.").

Plaintiffs have failed to propose a single common question, opting instead to rely on the alleged injury of "barriers to access to counsel" which they claim violate their First Amendment rights. The claim of alleged barriers to access to counsel is not a question and, more importantly, is not an issue that is capable of

classwide resolution because the facts leading to the inability to access counsel are different for each putative class member. This is demonstrated by Plaintiff's motion wherein rather than identify common questions that the Court or a jury can address, Plaintiffs identify several different facts that they allege contribute to their lack of access to counsel, which are not applicable to all named representatives or putative class members. For example, Plaintiffs claim that all detainees are subject to a policy requiring attorneys to preschedule in-person attorney visits 3 days in advance. *See* Plaintiffs' Motion at p. 13. This claim is false, as shown below, but more to the point, Plaintiffs did not provide evidence that all detainees or named representatives were affected by this alleged policy.

This failure alone requires denial of certification, however, looking past the pleadings and the motion for class certification, the evidence demonstrates that the alleged "barriers to access" have been resolved rendering the common questions that Plaintiffs assert in the motion for class certification moot. State Defendants' Motion to Dismiss [DE 167].

Moreover, Plaintiffs allege barriers that do not exist. For example, they allege a policy requiring attorneys to pre schedule in-person attorney visits three days in advance. Plaintiffs' Motion at p. 4. There is no such policy. In reality, Facility staff have and continue to quickly and timely respond to emails requesting meetings between detainees and their counsel and make every effort to accommodate the first requested meeting time. *See* Supplemental Declaration of Mark Saunders ("Suppl. Decl.") [DE 132-1] at ¶¶ 27-30. This is evidenced by the

fact that Facility staff routinely schedule meetings within 24 hours of the request. For example, as of October 9, 2025, of the 515 visits conducted at the Facility, more than 76% were fewer than 3 days from the date of the request. *See* Second Supplemental Declaration of Mark Saunders ("Second Suppl. Decl.") DE [152-1] at ¶ 13.

Similarly, Plaintiffs allege issues with confidentiality and exchanging of documents. Plaintiffs' Motion at p. 5. Setting aside the individualized nature of these issues, any issues with confidentiality at the Facility are either unfounded or have been remedied. All attorney meetings have been and continue to be conducted in a separate structure with private rooms. Suppl. Decl. at ¶¶ 43-44. And documents are privately shared and exchanged during these in-person meetings. *Id.* at ¶ 45. Similarly, and contrary to Plaintiffs' assertion, video conferences with counsel are invite only and not recorded or transcribed. *Id.* at ¶ 51. Detainees are also provided over-the-ear headphones to maintain privacy and confidentiality. *Id.* at ¶ 52.

The evidence that Plaintiffs alleged barriers to access have either been resolved or never existed in the first place demonstrates that there are no common issues of fact or law that can be resolved on a class-wide basis because the "common questions" asserted by Plaintiffs are simply illusory. This is due in part to the evolving nature of establishing a new facility. Nonetheless, the facts of this case demonstrate that attorney visits, video conferences, and legal calls are now available daily, with no outstanding complaints. And these individualized

experiences defeat any "common contention" capable of resolution "in one stroke." *Dukes*, 564 U.S. at 350.

### 2. *Typicality*

To establish typicality, "there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). However, "when proof of the class representative's claim would not necessarily prove the claims of the proposed class members, the class representative does not satisfy the typicality requirement." *Day v. Sarasota Drs. Hosp., Inc.*, No. 8:19-cv-1522, 2020 WL 4539145, at *7 (M.D. Fla. July 23, 2020). "The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 (1982).

Plaintiffs' claims are not typical of the claims of the class members' claims for the same reasons that they cannot meet the commonality requirement under Rule 23 (a)(2). Plaintiffs are proceeding under pseudonyms, and, as a result, it is not clear whether the issues that they complain of have already been resolved, which presents a problem for typicality in and of itself. Nevertheless, as

demonstrated above, the "barriers to access" alleged by the Plaintiffs have been resolved and thus their claims cannot be typical of the class members' claims.

   B.  <u>Plaintiffs Proposed Class is Impermissibly Broad and Is Not
       Ascertainable.</u>

   "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined . . . .'" *Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 693 (S.D. Fla. 2015) (citing *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 684 (S.D. Fla. 2014)); *see also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). This is so even if Plaintiffs are seeking certification under Rule 23(b)(2). *Cherry v. Domestic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021); *Karhu v. Vital Pharm., Inc.*, 621 Fed. Appx. 945, 946 (11th Cir. 2015).

   Here, Plaintiffs seek to certify a class of "All persons who are *currently, or in the future*, held at the [Facility]". (emphasis added). This definition is inherently fluid and indeterminate, sweeping in hypothetical future individuals with no present standing. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273 (11th Cir. 2019) ("The problem here, then, is not that this claim is not justiciable – plainly it is – but rather that many claims of the absent class members may not be."); *Florida Immigrant Coal. v. Uthmeier*, 780 F. Supp. 3d 1235, 1270 (S.D. Fla. 2025) ("Nevertheless, class definitions must not be so broad that many or most of the putative class members will not be able to show that they have Article III standing if it comes time for the Court to grant relief.") (citation modified).

As demonstrated above, since the filing of this action, most, if not all, of the alleged barriers to access to counsel have been addressed and the Facility has a robust and comprehensive procedure to permit access to counsel and facilitate confidential communication and exchange of information between Detainees and their counsel. Thus, even current detainees will have difficulty establishing standing; however, given the fluidity of the issues and the alleged injury, a definition that encompasses all current and future detainees is simply unworkable. By the time the Court grants relief, if that time ever comes, the nature of the alleged injury may change and any relief fashioned by the court is likely to be inapplicable.

C.  Plaintiffs Cannot Demonstrate a Single Indivisible Remedy to The Entire Class.

"Rule 23(b)(2) applies only when a single, indivisible remedy would provide relief to each class member." *Gordon v. Chase Home Fin., LLC*, No. 8:11-CV-2001-T-33EAJ, 2013 WL 436445, at *7 (M.D. Fla. Feb. 5, 2013) (quoting *Dukes*). Rule 23(b)(2) does not authorize individualized relief repackaged as an institutional injunction. Plaintiffs' various requests set forth in the Amended Complaint and in the motion for class certification demonstrate that class certification is inappropriate here. *Gordon*, 2013 WL 436445, at *7 ("Evaluation of the array of remedies Plaintiffs request shows that Rule 23(b)(2) certification is not appropriate.").

Plaintiffs claim that they have been deprived "access to counsel" and that the deprivation is applicable to all detainees. From a factual standpoint, the evidence

9

demonstrates that that is not the case and that the Facility has implemented robust policies and procedures to provide the requested access. However, even if that were not the case, Plaintiffs' "access to counsel" claim is not something that this court can remedy in one switch indivisible decision as, even Plaintiff's allegations demonstrate, the "barriers" to access to counsel can vary depending on the particular detainee. The record shows that Detainees at the facility vary widely in immigration status, detention length, and representation. Some have counsel and communicate freely; others do not seek representation or are subject to separate federal processes. *See* Declaration of Eric Lee [DE 67-3] (detailing several communications between counsel and detainee in custody since July of 2025); Supplemental Declaration of Johan Gutierrez [DE 67-5] (describing video call with client and confirming additional access to counsel); Declaration of Zatreefa Khan [DE 67-9] (referring to client detained at the Facility for just one month).

Indeed, the numerous remedies sought by the Plaintiffs proves the point that there is no one remedy that this Court can fashion to satisfy the claims of all class members. Thus, class certification under Rule 23(b)(2) is not appropriate.

## **CONCLUSION**

Based on the foregoing reasons, Plaintiff's Motion for Class Certification should be denied.

Dated: December 12, 2025

Respectfully submitted,

*/s/ Nicholas J.P. Meros*

Francis A. Zacherl, III (FBN 868094)
Timothy W. Odzer (FBN 1020018)
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131
(305) 358-6300
FZacherl@shutts.com
TOdzer@shutts.com

Nicholas J.P. Meros (FBN 120270)
Tara K. Price (FBN 98073)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
NMeros@shutts.com
TPrice@shutts.com
KReardon@shutts.com

*Counsel for the State Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

via the Court's CM/ECF system on December 12, 2025.

*/s/ Nicholas J.P. Meros*
*Counsel for the State Defendants*