UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| H.C.R., et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> *Defendants.* | Case No. 2:25-CV-00747-SPC-DNF <br><br> **PLAINTIFFS' REPLY TO STATE DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION** |

Plaintiffs challenge restrictive attorney access conditions at the "Alligator Alcatraz" detention facility and request classwide relief to enable immigrant detainees to communicate confidentially with legal counsel. State Defendants do not contest numerosity or adequacy of the class representatives. Instead, they primarily claim that attorney access issues are resolved and that certification is thus moot. But these arguments do not suffice. The proposed class meets commonality requirements, as its claims raise common questions of fact and law about Defendants' restrictions on detainees' access to counsel. Plaintiffs meet typicality requirements, as they suffered the same general injuries as the class. The class is readily ascertainable, and meets Rule 23(b)(2) requirements. For these reasons, class certification is appropriate.

## BACKGROUND

Plaintiffs' claims are not moot, as detainees at Alligator Alcatraz continue to suffer ongoing, redressable injuries, including the inability to place confidential

outgoing legal calls, mandatory pre-scheduling of in-person legal visits, and the absence of public or detainee-accessible information about attorney-access protocols. A case is not moot where the Court can still grant "any effectual relief whatever," *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted).

It is undisputed that attorneys must pre-schedule in-person visits. State Defs.' Opp. to Mot. for Class Cert. 5–6 ("Opp."), Doc. 185; Saunders Suppl. Decl. ¶¶ 15–18, Doc. 132-1. Defendants also concede that detainees cannot make confidential, unmonitored outgoing legal calls, Saunders Suppl. Decl. ¶ 61, Doc. 132-1, and that purported informational postings fail to explain how detainees may request legal visits or communicate confidentially with counsel, *id.* ¶ 73. In-person attorney-client communications continue to occur in soft-sided tents, undermining confidentiality and violating the First Amendment and attorney-client privilege. *Mitchell v. Peoples*, 10 F.4th 1226, 1230 (11th Cir. 2021). Moreover, Defendants' visitation policies remain "fluid and subject to change," Saunders Suppl. Decl. ¶ 14, Doc. 132-1, and Defendants have not "consistently maintained its commitment to the new policy or legislative scheme," *see C.M. v. Noem*, 796 F.Supp.3d 1198, 1221 (S.D. Fla. 2025) (citations omitted). Thus, Plaintiffs have live claims that must be addressed.

## ARGUMENT

### I. The Proposed Class Satisfies Rule 23(a)'s Commonality Requirements.

Defendants argue the Court should not certify the proposed class because the facts leading to the inability to access counsel are "different for each putative class member." Opp. 5. But commonality is satisfied where "there are questions of law or

fact common to the class." Fed. R. Civ. P. 23(a)(2). In assessing commonality, courts look at "the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted) (emphasis in original). "[E]ven a single common question" satisfies the requirement. *Id*. at 359 (cleaned up).

Here, the legal claim Plaintiffs and putative class members allege is the same: they are entitled to the protection of the First Amendment, and Defendants' restrictions on access to counsel violate their First Amendment rights. State Defendants contend that Plaintiffs have not provided evidence that "all detainees or named representatives" have been affected by the interference with access to counsel, that Plaintiffs' access-to-counsel claim is "illusory" or "false[,]" and they minimize the lack of access to counsel as growing pains in "establishing a new facility." Opp. 5, 6. The Court should view with skepticism Defendants' assertions that there are no problems, or that everything is fixed. *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952). And at the class certification stage, Plaintiffs need not prove the entire case. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."); *see also Braggs v. Dunn*, 317 F.R.D. 634, 652 (M.D. Ala. 2016) ("The court's role at the class-certification stage is not to decide the underlying claims, but rather to determine whether the requirements for certification are met.").

Defendants assert that since they think the access-to-counsel claim is moot, then

there is no commonality. Opp. 6. As detailed above, problems continue for the class. And while Named Plaintiffs' personal claims presently may be moot, as ICE moved them out of the facility and deported them after the motion was filed, that fact does not preclude class certification. *Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (certification of class of detained immigrants because "the harms alleged are transitory enough to elude review") (citation omitted); *see also Genesis Healthcare Corp. v. Symzyk*, 569 U.S. 66, 76 (2013); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398-400 (1980).

## II. The Proposed Class Representatives' Claims Are Typical.

Defendants repackage their mootness argument to contend that a class cannot be certified here under Rule 23(a)(3)'s typicality requirement. Opp. 7-8. This is not the standard for typicality, and misunderstands the requirement's purpose. Typicality ensures that the interests of representatives are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5. It requires "that 'the claims or defenses of the representative parties [be] typical of the claims or defenses of the class.'" *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009) (quoting Fed. R. Civ. P. 23(a)(3)) (alteration in original); *see Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012) ("Class members' claims need not be identical to satisfy the typicality requirement; rather, there need only exist a sufficient nexus . . . between the legal claims of the named class representatives and those of individual class members to warrant class certification.") (citation omitted). The typicality requirement is met here, and the fact that the Named Plaintiffs' claims may be moot due to their deportation does not bar certification. *See*

4

*Preap*, *supra*, 586 U.S. at 403-04; *Genesis Healthcare*, *supra*, 569 U.S. at 76; *Geraghty*, *supra*, 445 U.S. at 398-400.[1]

### III. The Proposed Class Is Clearly Defined and Ascertainable

State Defendants argue that the class definition, which includes "All persons who are currently, or in the future, held at the [Facility]" (Plfs' Mot. for Class Cert. 2, Doc. 114), is indeterminate and unascertainable, because it includes "hypothetical future individuals with no present standing." Opp. 8-9. But "courts within the Eleventh Circuit have expressed 'serious reason to doubt that the judicially created ascertainability requirement applies to Rule 23(b)(2) classes.'" *Fla. Imm. Coal. v. Uthmeier*, 780 F.Supp.3d 1235, 1269 (S.D. Fla. 2025) (quoting *Braggs*, 317 F.R.D. at 671). Regardless, classes that—like this one—include future members seeking only prospective injunctive relief pose no ascertainability issue. *Id.* at 1269 & n.22 (noting that the Eleventh Circuit "has not had occasion to analyze in-depth how ascertainability differs between class actions brought under 23(b)(3) and 23(b)(2)"); *see also Hoyte v. Dist. of Columbia*, 325 F.R.D. 485, 489 n.3 (D.D.C. 2017) (noting that ascertainability requirements had been "disavowed by four federal appellate courts"); Definition of Class, Ann. Manual Complex Lit. § 21.222 (4th ed.) ("A class may be defined to include individuals who may not become part of the class until later.").

---

[1] Defendants also argue there is no typicality because Named Plaintiffs are proceeding under pseudonym. Opp. 7. This is meritless, as Defendants know their identities. *See* Suppl. Saunders Suppl. Decl. ¶ 81, Exs. 16-18, Doc. 132-1. Plaintiffs submitted declarations describing the factual basis for the injuries that Named Plaintiffs suffered. *See* Garcia Decl. ¶¶ 3-9, Doc. 114-5; Flores Decl. ¶¶ 3-8, Doc. 114-8; Second Suppl. Blankenship Decl. ¶¶ 4-8, Doc. 114-4.

## IV. Certification of the Class Is Proper Under Rule 23(b)(2).

State Defendants' argument that Rule 23(b)(2) certification fails because attorney-access barriers affect detainees differently misstates the governing standard and the record. Opp. 9-10. Rule 23(b)(2) is satisfied where, as here, Defendants have "acted or refused to act on grounds that apply generally to the class," such that classwide injunctive and declaratory relief is appropriate, even if the precise effects vary among class members. *Fla. Imm. Coal.*, 780 F.Supp.3d at 1268 (quoting *Dukes*, 564 U.S. at 345-46); *see also Dukes*, 564 U.S. at 360. Plaintiffs challenge uniform policies and practices restricting access to counsel and seek only forward-looking relief to remedy a common injury, making this civil rights case the "very paradigm of a proper 23(b)(2) class." *G.H. v. Tamayo*, 339 F.R.D. 584, 591 (N.D. Fla. 2021); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Indeed, "some courts have gone so far as to say that the rule's requirements are almost automatically satisfied in actions primarily seeking injunctive relief." *Braggs*, 317 F.R.D. at 667. Accordingly, courts routinely certify Rule 23(b)(2) classes to address allegedly unconstitutional conditions of confinement, notwithstanding variations in class members' circumstances or status. *Fla. Imm. Coal.*, 780 F. Supp. 3d at 1269-70; *Parsons v. Ryan*, 754 F.3d 657, 687 (9th Cir. 2014). This case is no different.

## CONCLUSION

The Court should grant Plaintiffs' Motion for Class Certification, Doc. 114.

Dated: December 16, 2025

Paul R. Chavez, Fla. Bar No. 1021395
Christina LaRocca, Fla. Bar No. 1025528
Jennifer Smith, Fla. Bar No. 964514
AMERICANS FOR IMMIGRANT
JUSTICE
2200 NW 72nd Ave
P.O. Box No. 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org
jsmith@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org

Respectfully submitted,

*/s/ Eunice H. Cho*
Eunice H. Cho*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
415-343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

* *Admitted pro hac vice*

*Counsel for All Plaintiffs and the Proposed Class*