UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No. 2:25-CV-00747-SPC-DNF

| | |
|---|---|
| H.C.R., et al., *Plaintiffs,* v. KRISTI NOEM, et al., *Defendants.* | **JOINT STATUS REPORT** |

The Parties respectfully and jointly provide the following report to assist the Court in adjudication of the Plaintiffs' Motions for Preliminary Injunction and Class Certification. The report provides 1) a list of stipulated facts; 2) the parties' positions and proposals for a site visit at Alligator Alcatraz by the Court; 3) whether the parties waive an evidentiary hearing; and 4) if not, the parties' proposed schedule for an evidentiary hearing.

### I. Stipulated Facts

The Parties were unable to come to agreement on stipulated facts.

**Plaintiffs' Proposed Stipulated Facts:**

1. The address of Alligator Alcatraz ("the Facility") is 54575 Tamiami Trail E, Ochopee, FL 34141.

2. Defendants detain non-citizens in the legal custody of Immigration and Customs Enforcement ("ICE") at the Facility.

3. The Detainee Legal Visitation Policy, filed at Doc. 132-1, Exhibit 2, is the operative attorney visitation policy in effect at the Facility.

4. The Facility requires attorneys to pre-schedule in-person legal visits.

5. The Facility requires attorneys to pre-schedule virtual legal visits.

6. The telephones that detainees use to call outside the Facility are monitored and recorded.

7. Federal Defendants have not published information about attorney access protocols for the Facility on ICE's website.

8. State Defendants have not published information about attorney access protocols for the Facility on the State of Florida's website.

**State Defendants' Proposed Stipulated Facts:**

1. The address of Alligator Alcatraz ("the Facility") is 54575 Tamiami Trail E, Ochopee, FL 34141.

2. Federal law authorizes state officers and employees to "perform a function of an immigration officer," including the "detention of aliens," pursuant to an agreement with the federal government. See 8 U.S.C. § 1357(g)(1). The aliens at Alligator Alcatraz are detained by the State of Florida pursuant to that authority.

3. The Facility requires attorneys to pre-schedule in-person legal visits.

4. The Facility requires attorneys to pre-schedule virtual legal visits.

**Federal Defendants' Proposed Stipulated Facts:**

1. The address of Alligator Alcatraz ("the Facility") is 54575 Tamiami Trail E, Ochopee, FL 34141.

2. Federal law authorizes state officers and employees to "perform a function of an immigration officer," including the "detention of aliens," pursuant to an

2

agreement with the federal government. See 8 U.S.C. § 1357(g)(1). The aliens at Alligator Alcatraz are detained by the State of Florida pursuant to that authority.

## II.   The Court's Site Visit to Alligator Alcatraz

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court conduct a site inspection of Alligator Alcatraz to evaluate detainees' access to counsel at the Facility. Federal courts routinely conduct site visits as a valid fact-finding tool, especially in cases involving conditions of confinement. *See, e.g.*, *Rhodes v Chapman*, 452 U.S. 337, 340 (1981) (noting that the district court's findings regarding prison conditions included "the court's own observations during an inspection that it conducted without advance notice"). District courts within the Eleventh Circuit have repeatedly exercised this authority in conditions-of-confinement litigation, including by personally inspecting facilities to evaluate constitutional claims. *See, e.g. Dang by & through Dang v. Eslinger*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 13655675, at *4 (M.D. Fla. Jan. 20, 2015) ("The undersigned has taken walking tours of a large county jail and the largest of all the federal prisons and is unaware of his presence (or the presence of his law clerks in the case of the federal tour), disrupting operations"); *Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1210 (M.D. Ala. 2017) (noting that the court visited "five different facilities and their segregation units"); *Henderson v. Thomas*, 913 F. Supp. 2d 1267, 1295 (M.D. Ala. 2012) ("The court witnessed the impact of the segregation policy when it toured Limestone and the Special Unit with both legal teams during the trial"); *Laube*

3

*v. Campbell*, 333 F. Supp. 2d 1234, 1238 (M.D. Ala. 2004) ("[T]he court toured the facility as it had done at the outset of this litigation almost two years ago"). District courts throughout the country have done the same. *See e.g. Davis v. Hughes*, No. 3:16-CV-600-MAB, 2025 WL 2418443, at *2 (S.D. Ill. Aug. 21, 2025) ("The Court previously indicated that it was inclined to visit Menard, Pinckneyville, and Lawrence Correctional Centers . . . . as an aid to better understand, appreciate, and weigh the evidence"); *Hedrick v. Grant*, No. 276CV00162JAMEFB, 2023 WL 5957608, at *2 (E.D. Cal. Sept. 13, 2023) (noting that U.S. Magistrate "Judge Newman [] toured the Jail with counsel for the parties"); Memo Endorsement, *United States v. Segura-Genao*, No. 1:18-cr-00219-AT (S.D.N.Y. Feb. 4, 2019), Doc. 83 (referencing notice by court of its intent to tour the Metropolitan Detention Center given complaints of living conditions at the facility); *Slevin v. Bd. of Commissioners for the Cnty. of Dona Ana*, No. 08-CV-1185 MV/DJS, 2012 WL 13005331, at *4 (D.N.M. Mar. 7, 2012) ("Such visits by federal judges to inspect jail conditions are not uncommon" (collecting cases)); *Lancaster v. Tilton*, No. C 79-01630 WHA, 2008 WL 449844, at *2 (N.D. Cal. Feb. 15, 2008) ("The undersigned and his staff visited San Quentin to take inmate testimony and to view the premises"); *Benjamin v. Fraser*, 156 F. Supp. 2d 333, 347 (S.D.N.Y. 2001) (noting federal court visit to Rikers Island); *Benjamin v. Koehler*, 710 F. Supp. 91, 92 (S.D.N.Y. 1989) (noting visit to Rikers Island); *Fisher v. Koehler*, 692 F. Supp. 1519, 1523 (S.D.N.Y. 1988) (noting court visit with counsel and officials of the New York Correctional Institution for Men); *Benjamin v. Malcolm*, 564 F. Supp. 668, 671 (S.D.N.Y. 1983) (noting that the court "visited the facilities" at issue in the case);

4

*Martino v. Carey*, 563 F. Supp. 984, 992 (D. Or. 1983) (noting that "the Court toured the jail after the instigation of this suit"); *New York State Ass'n for Retarded Child. Inc. v. Carey*, 706 F.2d 956, 958 (2d Cir. 1983) (noting that the trial court conducted a "personal inspection of Willowbrook" facility); *Rutherford v. Pitchess*, 457 F. Supp. 104, 109 (C.D. Cal. 1978) (federal court noting "personal inspection of the cell rows" at the L.A. County Jail); *Inmates of Suffolk Cnty. Jail v. Eisenstadt*, 360 F. Supp. 676, 678 (D. Mass. 1973), *aff'd,* 494 F.2d 1196 (1st Cir. 1974) (noting that "the trial judge and his law clerk took a view of nearly every area of the facility and, without advance notice, stayed overnight in a cell").

Indeed, the Eleventh Circuit has recognized that "[c]ertainly attorneys and judges are free to visit prisons in order to make a general assessment of conditions; more should do so." *Delap v. Dugger*, 890 F.2d 285, 302 (11th Cir. 1989). Judges have toured maximum-security and death-row facilities like San Quentin and Pelican Bay State Prisons. *See Lancaster*, 2008 WL 449844 (San Quentin); *Madrid v. Gomez*, 889 F. Supp. 1146, 1160 (N.D. Cal. 1995) (Pelican Bay). And judges have exercised broad discretion to do so on short notice and without restrictions on the areas they can visit. *See Cal. Coal. for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 720 (N.D. Cal. 2024) ("[T]he Court paid an unannounced visit to FCI Dublin [and] . . . spent nine hours touring first the prison, including medical services, dentist's office, various housing units . . . . During its visit, the Court spoke confidentially to at least one hundred inmates who readily approached throughout the day, [as well as] correctional staff, medical staff, and counselors.").

Just last month, U.S. Magistrate Judge Laura K. McNally, joining plaintiffs' counsel in the case, inspected the ICE Facility in Broadview, Illinois that is the subject of ongoing conditions litigation, including access to counsel claims. *See* Notification of Docket Entry, *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. Nov. 13, 2025), Doc. 73.

Plaintiffs thus request that the Court conduct an unscheduled site inspection of Alligator Alcatraz, as a site inspection will allow the Court to evaluate disputed facts. Plaintiffs request that the Court provide Parties' counsel with 24-hour notice prior to the inspection, and allow at least one attorney for each Party to participate in the inspection. The Court should be provided access to all areas of the facility, and should be able to confidentially interview as many detained individuals who are willing to meet with the Court as possible during the site visit.

Plaintiffs also request that the Court inspect areas of the facility relevant to attorney access, including, but not limited to:

- All areas designated for attorney-client visits, including in-person and virtual visits;
- All telephones available to detainees for outgoing phone calls, including in housing units;
- All telephones available to detainees who are placed in segregation/solitary confinement units;
- Any logs, records, or systems related to approval, scheduling, wait times, caps on duration/frequency, denials to access, and administration of attorney-client visits;
- Any materials provided to or posted for detainees regarding attorney-client communication;
- Security protocols for attorneys and legal representatives conducting in-person visits;

6

- Any facilities, equipment, and procedures used for the exchange of legal documents between detainees and counsel;
- Any staff training materials on attorney-client privilege and retaliation;
- Any complaint mechanisms/procedures/log when access to counsel is denied or delayed;
- Availability and functioning of all technology used in connection to access to counsel, such as video-conferencing/telephones and phone lines.

**State Defendants' Position**

The State Defendants strenuously object to any site visit. The Facility is a fully-functioning detention center on sovereign state property. Visiting the site with court personnel and legal counsel poses significant security concerns and risks to all visitors. It would also impose a large burden on Facility staff and significantly interrupt the Facility's operations.

Undersigned counsel has not found a single statute, procedural rule, or other authority permitting a federal district court to make a site visit on sovereign state facility, especially when that state objects. Indeed, as of the time of this writing, Plaintiffs have not shared their alleged justification for a visit. Thus, the State Defendants have not had an opportunity to rebut that apparent authority. Moreover, on the conditions of any visit, courts have held that a site visit may not be "used to gather improper information but are only used to confirm discrete portions of the arguments." *Marine Industrial Construction, LLC v. United States*, 2021 WL 3619919, at * 5 (Fed. Cl. Jul. 23, 2021). And courts have made clear that during visits to prison or detention centers, neither the parties nor the court could question staff or other persons at the prison because such informal interviews did not provide

7

for the formal protections afforded by the Federal Rules of Civil Procedure. *See United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 234-35 (D.V.I. 2012); *see also Jones v. United States*, 171 Fed. Cl. 576, 584 (Fed. Cl. 2024) (prohibiting testimony and argument from counsel during site visit).

Because they have not had a chance to review Plaintiffs' briefing on the issue, the State Defendants explicitly reserve the right to make additional arguments regarding a site visit. In addition, the State Defendants will be filing a motion for telephonic status/case management conference to fully address the Court's authority for conducting a site visit.

**Federal Defendants' Position**

Federal Defendants believe Plaintiffs' motion for a preliminary injunction can be decided as a matter of law and therefore oppose a site inspection.

### III.   Evidentiary Hearing

**Plaintiffs' Position**

Plaintiffs request an evidentiary hearing for resolution of their Motion for Preliminary Injunction.

**State Defendants' Position**

The State Defendants believe the Court can and should decide the pending Motion for Preliminary Injunction on the current evidence in the Record and, thus, an evidentiary hearing is not necessary. But to the extent the Court believes it needs

additional evidence, or cannot decide among the existing evidence, the Court should hold an evidentiary hearing. *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1211 (11th Cir. 2003).

If the Court decides to hold a hearing, the State Defendants ask that it occur during February 25-27 or March 4-6.

**Federal Defendants' Position**

Federal Defendants believe Plaintiffs' motion for a preliminary injunction can be decided as a matter of law and therefore contend an evidentiary hearing is not necessary. If the Court believes there are disputed issues of material fact that must be decided in connection to Plaintiffs' motion, then Federal Defendants do not waive an evidentiary hearing and request that the Court hold a hearing before ruling on Plaintiffs' motion. *See Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) ("While an evidentiary hearing is not always required before the issuance of a preliminary injunction, where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held.") (citation modified) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998)).

### IV. Proposed Schedule for Evidentiary Hearing

**Plaintiffs' Position**

Plaintiffs propose the following schedule, including a site visit and necessary expedited discovery, for the evidentiary hearing and oral argument regarding their

9

Motion for Preliminary Injunction and Class Certification. The Parties have not yet conducted any discovery in this case that relates to the facts of attorney access at the Facility.

- Unscheduled site visit by Court to take place at a time and date at the Court's discretion between January 5, 2026, and February 18, 2026, with 24-hour notice given to the parties prior to the inspection. Counsel for parties may be present.

- January 9, 2026: Parties will submit preliminary list of witnesses and exhibits, and brief description of the anticipated subject for each witness's testimony.

- January 9, 2026: Parties will exchange limited, expedited discovery requests to include 10 Requests for Production; 10 Interrogatories; 10 Requests for Admission; and notices for up to 4 depositions, which may include a deposition pursuant to Fed. R. Civ. P. 30(b)(6), at a maximum of 3 hours per person. Written discovery shall be complete by February 6, 2026.

- January 9, 2026: Parties will jointly submit a proposed Protective Order to the Court.

- January 9, 2026-January 30, 2026: Site visit by Plaintiffs' counsel and expert to Facility pursuant to Fed. R. Civ. P. 34(a)(2), at a time mutually agreed upon by the Parties. The site visit shall allow for two attorneys for Plaintiffs, one interpreter, and the disclosed expert, and Plaintiffs will be permitted to take photographs during the visit. Plaintiffs' counsel and their expert will be permitted to speak confidentially with putative class members regarding the

issues presented in this litigation, but those individuals will not be compelled to speak with counsel. Plaintiffs' counsel and their expert will be permitted to speak with Facility staff in the presence of Defendants' counsel.

- February 6, 2026: Parties will exchange expert reports.

- February 6, 2026: Any evidence regarding conditions at the Facility after this date shall be excluded.

- February 13, 2026: Deadline for conclusion of depositions.

- Evidentiary Hearing and Oral Argument for Motions for Preliminary Injunction and Class Certification. Scheduled at the Court's discretion, although Plaintiffs are available the week of February 23, 2026. Plaintiffs propose that the Evidentiary Hearing take 6 hours allocated to each side for both its direct and cross examination. Oral Arguments shall occur immediately at the end of the Evidentiary Hearing. *Daubert* motions must be filed with the Court no later than 48 hours before the hearing begins.

**State Defendants' Position**

1. **Court Site Visit**

As stated, the State Defendants strongly object to the Court making a site visit to sovereign state property. But if the Court decides to make a site visit, the State Defendants require at least 7 days' notice so that it can seek emergency relief from the Eleventh Circuit Court of Appeals.

2. **Pre-Hearing Discovery**

Given they do not believe the Court needs to hold an evidentiary hearing to decide the pending Motion for Preliminary Injunction (Doc. 115) and Motion for Class Certification (Doc. 114), the State Defendants do not believe the parties need discovery, *in addition to* an evidentiary hearing, to decide the same motions. To the extent the Court permits pre-hearing discovery, the State Defendants request at least 14 days between the deadline for written discovery and the deadline for depositions, as well as at least 10 days between the deadline for depositions and the hearing.

3. **Party Site Visit**

Likewise, the State Defendants strongly object to any pre-hearing site visit by Plaintiffs. This is the first time the Plaintiffs have even hinted at their intent to visit the Facility, much less that they plan to bring an unknown "expert" and to speak with putative class members and "Facility staff."

Federal Rule of Civil Procedure 34(a)(2) allows a requesting party access to property to "inspect, measure, survey, photograph, test, or sample the property." It does not permit parties to enter a property to speak with detainees – who are not their clients unless and until their Motion for Class Certification is granted – and certainly does not authorize Plaintiffs to interrogate the employees of the State Defendants to bolster their case.

Moreover, Plaintiffs do not describe why they need an "expert" on a First Amendment access to counsel case. Nor do they provide any information about his or her area of expertise or qualifications to serve as an expert. And to the extent

12

Plaintiffs plan to use this "expert" simply to gather information at the Facility, they do not need an expert to take pictures.

Given that Plaintiffs' provide no authority for such a visit – besides a citation to Rule 34(a)(2), the State Defendants also explicitly reserve the right to make additional arguments regarding their proposed visit. And the State Defendants' forthcoming motion for telephonic status/case management conference will ask the Court for time to fully address the propriety of Plaintiffs' proposed visit.

Last, just like the Court visit, to the extent the Court permits the visit, the State Defendants require at least 7 days' notice so that it can seek emergency relief from the Eleventh Circuit Court of Appeals.

**Federal Defendants' Position**

Should the Court decide to set an evidentiary hearing, Federal Defendants' counsel are available the week of February 23, 2026. Federal Defendants defer to the Court regarding any deadline for a witness list and exhibits but request any deadline be set no less than two weeks before a scheduled evidentiary hearing.

Federal Defendants oppose any additional discovery, as an order for limited expedited discovery was previously considered and entered by Judge Ruiz on August 4, 2025. (Doc. 41.)

DATED this 19th day of December, 2025.

Respectfully submitted,

13

/s/ *Eunice H. Cho*
Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

Paul R. Chavez, Fla. Bar No. 1021395
Christina LaRocca, Fla. Bar No. 1025528
Jennifer Smith, Fla. Bar No. 964514
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave.
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org
jsmith@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714

agodshall@aclufl.org
dtilley@aclufl.org

*Counsel for All Plaintiffs and the Proposed Class*

*\* Admitted pro hac vice.*

GREGORY W. KEHOE
United States Attorney

By:   /s/ *Chad C. Spraker*
CHAD C. SPRAKER
Assistant United States Attorney
USA No. 198
2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
Telephone: 239-461-2200
Fax: 239-461-2219
Email: chad.spraker@usdoj.gov
*Counsel for Federal Defendants*

 /s/ *Nicholas J.P. Meros*
Nicholas J.P. Meros (FBN 120270)
Tara K. Price (FBN 98073)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
NMeros@shutts.com
TPrice@shutts.com
KReardon@shutts.com

Francis A. Zacherl, III (FBN 868094)
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131
(305) 358-6300
FZacherl@shutts.com

15

*Counsel for the State Defendants*