**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
Case No. 2:25-CV-00747-SPC-DNF

| | |
|---|---|
| H.C.R., et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> *Defendants.* | **PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

Plaintiffs respectfully request that the Court order limited, expedited discovery, which is necessary so that the court can develop a fuller record in adjudicating the Plaintiffs' Motion for Preliminary Injunction during an evidentiary hearing with live testimony. The proposed discovery requests are set forth in Exhibit A. Plaintiffs also seek a revised Scheduling Order that establishes expedited discovery and disclosure deadlines, and sets a revised date for a hearing on Plaintiffs' motions for preliminary injunction and class certification.

## BACKGROUND

This suit concerns systemic and ongoing constitutional harms due to attorney access barriers to individuals held at the "Alligator Alcatraz" immigration detention facility. Detained immigrants at the facility continue to face significant barriers to attorney access, including (1) requirements that attorneys pre-schedule in-person legal

1

visits, where attorneys are unable to visit clients as necessary until the facility schedules a visit, often resulting in transfer before the scheduled visit takes place; (2) lack of confidential, private, free, unmonitored outgoing legal telephone calls; (3) Defendants' failure to provide attorney access protocols to the public; (4) Defendants' failure to provide attorney access protocols to detainees; (5) delays in updating the ICE online detainee locator; (6) lack of privacy for in-person and video legal visits; and (7) Defendants' failure to timely provide legal mail to detainees.

Plaintiffs seek expedited discovery to support their motion for a preliminary injunction. In particular, Plaintiffs seek: (1) entry into the facility with Plaintiffs' detention expert, and, in the course of that inspection, the opportunity to photograph conditions related to attorney access and speak with detainees; (2) four depositions, limited to 3 hours each; including a Rule 30(b)(6) deposition of the State of Florida; a Rule 30(b)(6) deposition of ICE; a deposition of Mark Saunders; and a deposition of Warden Derek Snider; and (3) the opportunity to propound a narrow set of document production requests and interrogatories relating to denial of attorney access to detainees. These requests are attached to this motion as Exhibit A.

Plaintiffs' requests are reasonable and minimally burdensome given their narrow scope, and Plaintiffs have demonstrated good cause given the continuing factual disputes in this case, and the high relevance of gathering information to support Plaintiffs' motion for a preliminary injunction. Such an order will serve the interests of justice, promote judicial economy, and conserve party resources by enabling Parties to quickly and efficiently litigate core issues in dispute. Pursuant to Rules 16(b), 26(d),

30(a)(2), 33(a), 33(b)(2), and 34(a)(2)-(b) of the Federal Rules of Civil Procedure, Plaintiffs thus move the Court for an Order permitting expedited discovery.

## DISCUSSION

This Court has broad discretion to manage the timing of discovery, especially where a request for a preliminary injunction makes it infeasible to wait for the Rule 26(f) conference to serve discovery requests. *See Integra Bank N.A. v. Pearlman*, No. 6:06-cv-1952, 2007 WL 419634, at *3 (M.D. Fla. Feb. 2, 2007) (the Federal Rules of Civil Procedure "expressly provide that a Court may shorten the time for a party to provide discovery"); *see also* Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court order"); *id.*, Advisory Committee Notes ("This subdivision is revised to provide that formal discovery . . . not commence until the parties have met and conferred as required by subdivision (f). Discovery can begin earlier if authorized . . . by . . . order . . . . This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . .").

"A district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016)). "In deciding whether a party has shown good cause, a court considers: '(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the

request for discovery; and (5) how far in advance of the typical discovery process the request is made.'" *Id*. (citation omitted); *see also* Order, Doc. 41 at 4 (quoting *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-CV-202-FTM-29, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013) (noting same standard for expedited discovery).

There is good cause to grant Plaintiffs' request. Plaintiffs have filed a motion for preliminary injunction, which is pending. Doc. 115.  Plaintiffs' discovery requests are narrowly tailored to ascertain detainees' ability to access counsel at the facility, including scheduling of legal visits and transfer of detainees who have requested communication with counsel; facts regarding outgoing telephone access for detainees; the provision of attorney access protocols to the public and detainees; operation of the ICE detainee locator system; and the confidentiality of attorney-client communication at the facility. They are thus "reasonably targeted and clear so that the burden on Defendants will be minimal." *Malam v. Adducci*, No. 20-10829, 2020 WL 12738917, at *2 (E.D. Mich. Apr. 30, 2020). Expedited discovery is required to resolve critical factual disputes in the case, as the Parties continue to contest and/or are unwilling to stipulate to material facts, and as the evidence presented has "become increasingly stale." *See* Joint Status Report, Doc. 189 at 1-3; Order, Doc. 168 at 5; *Wachovia Sec., L.L.C. v. Stanton,* 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008) (granting expedited discovery in preparation for preliminary injunction hearing, as it would "clarify matters . . . and may ultimately lead to the prompt and efficient disposition of this litigation and the parties' underlying dispute.*").

4

The requested expedited discovery is the same type that has been approved before in challenges to attorney access at immigration detention facilities. *See Malam,* 2020 WL 12738917, at \*2; *see also Doe v. Johnson,* No. 4:15-cv-250-TUC-DCB, 2015 WL 5086291, at \*1 (D. Ariz. Aug. 14, 2015) (granting expedited discovery including access and permission to photograph Department of Homeland Security facilities, and targeted documents including those showing detention practices, policies and operational procedures, cell occupancy logs, detainee call logs, incident reports, and surveillance video footage); Order, *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. Nov. 4, 2025), Doc. 45 (granting motion for expedited discovery in challenge to conditions and attorney access at ICE detention facility). Plaintiffs seek information about attorney access conditions of "the kind that prison facilities typically collect," making it minimally burdensome for Defendants to provide. *Malam*, 2020 WL 12738917, at \*2. Further, an inspection of the facility takes little to no effort on Defendants' part. Plaintiffs seek a limited number of depositions of a reasonable length of time (less than half that permitted by Federal Rule of Civil Procedure 30(d)(1)). Finally, although the request is "made earlier than typical discovery," it is "not earlier than necessary for use at the upcoming preliminary injunction hearing." *Thyssenkrupp Elevator Corp.*, 2013 WL 1953346, at \*1.

To allow enough time for Parties to obtain discovery relevant to a forthcoming motion for preliminary relief, Plaintiffs propose the following revised schedule:

- January 16, 2026: Parties will submit a preliminary list of witnesses and exhibits, and a brief description of the anticipated subject for each witness's testimony.

- January 16, 2026: Parties will exchange limited, expedited discovery requests to include up to 10 Requests for Production; 10 Interrogatories; 10 Requests for Admission; and notices for up to 4 depositions, which may include depositions pursuant to Fed. R. Civ. P. 30(b)(6), at a maximum of 3 hours per person. Written discovery shall be complete by February 6, 2026.

- January 16, 2026: Parties will jointly submit a proposed Protective Order to the Court.

- January 16, 2026-January 30, 2026: Site visit by Plaintiffs' counsel and expert to Facility pursuant to Fed. R. Civ. P. 34(a)(2), at a time mutually agreed upon by the Parties. The site visit shall allow for two attorneys for Plaintiffs, one interpreter, and the disclosed expert, and Plaintiffs will be permitted to take photographs during the visit. Plaintiffs' counsel and their expert will be permitted to speak confidentially with putative class members regarding the issues presented in this litigation, but those individuals will not be compelled to speak with counsel. Plaintiffs' counsel and their expert will be permitted to speak with Facility staff in the presence of Defendants' counsel.

- February 6, 2026: Parties will exchange expert reports.

- February 6, 2026: Any evidence regarding conditions at the Facility after this date shall be excluded.

- February 13, 2026: Deadline for conclusion of depositions.

- Evidentiary Hearing and Oral Argument for Motions for Preliminary Injunction and Class Certification. Scheduled at the Court's discretion, although all Parties are available the week of February 23, 2026.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel conferred with opposing counsel via email on January 7, 2026. The State and Federal Defendants oppose the motion.

6

DATED this 7th day of January, 2026.

Respectfully submitted,

*/s/ Eunice H. Cho*
Eunice H. Cho*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California St., Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

Paul R. Chavez, Fla. Bar No. 1021395
Jennifer Smith, Fla. Bar No. 964514
Christina LaRocca, Fla. Bar No. 1025528
AMERICANS FOR IMMIGRANT
JUSTICE
2200 NW 72nd Ave.
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
jsmith@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
Samuel Lester, Fla. Bar No. 1043063

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org
slester@aclufl.org

*Counsel for All Plaintiffs and the Proposed Class*

*\* Admitted pro hac vice.*

8