UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No. 2:25-CV-00747-SPC-DNF

| | |
|---|---|
| H.C.R., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>*Defendants.* | **PLAINTIFFS' MOTION TO ENFORCE FED. R. CIV. P. 45 SUBPOENA FOR WITNESS APPEARANCE AT EVIDENTIARY HEARING** |

Plaintiffs respectfully move this Court for an order compelling compliance with a valid Federal Rule of Civil Procedure 45 subpoena commanding the appearance of Juan Lopez Vega, Deputy Field Office Director of the U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") Miami Field Office, to provide testimony at the January 28, 2026 evidentiary hearing before this Court. The Federal Defendants have submitted two sworn declarations by Mr. Lopez Vega in this case that confirm his responsibility for the oversight of the Alligator Alcatraz immigration detention facility. *See* Doc. 50-1, Doc. 131-1. In addition, the Federal Defendants argue against Plaintiffs' request for a preliminary injunction on the basis that, in their view, Plaintiffs' "complaint fails to make any plausible connection between the Federal Defendants and Plaintiffs' allegations that conditions at Alligator Alcatraz do not adequately permit attorney-detainee communications."

*See* Doc. 131 at 6. It is clear, therefore, that Mr. Lopez Vega is a key witness in this matter.

Yet despite the importance of his testimony and the valid subpoena served upon him to compel his appearance at the January 28, 2026 evidentiary hearing, the Federal Defendants have informed Plaintiffs' counsel that Mr. Lopez Vega will not appear at the upcoming hearing and have stated their intention to move to quash the subpoena. The Federal Defendants waited until the late afternoon of Friday, January 23, 2026— over a week after the subpoena was served and just five days before the evidentiary hearing—to so inform Plaintiffs' counsel. And this comes after the Federal Defendants refused to accept service of the subpoena, refused to provide the address at which the subpoena could be served, and attempted to evade service.

Given the urgency of the matter, with the evidentiary hearing just a few days away, and the Federal Defendants' delay in raising any objection to the subpoena (no motion to quash is yet on file before the Court), Plaintiffs see no choice but to come to the Court to request emergency relief. Even ignoring the fact that Mr. Lopez Vega cannot simply choose to ignore a validly served subpoena, the Federal Defendants cannot, on the one hand, argue that they have nothing to do with attorney access at Alligator Alcatraz and, on the other, stand in the way of Plaintiffs' attempts to elicit contrary evidence. This Court should not condone such gamesmanship. Plaintiffs therefore request that the Court order the Federal Defendants to comply with the subpoena and produce Mr. Lopez Vega at the upcoming hearing on January 28, 2026.

## BACKGROUND

In preparation for the evidentiary hearing scheduled for January 28, 2026, and pursuant to Local Rule 3.04, Plaintiffs' counsel provided written notice on January 13, 2026 to the Federal Defendants of their intent to call Mr. Lopez Vega as a witness at the hearing. *See* Declaration of Eunice Cho ("Cho Decl.") ¶ 3 and Ex. A (Email Correspondence). In that same correspondence, Plaintiffs' counsel asked whether counsel for the Federal Defendants would be willing to accept electronic service of the subpoena for Mr. Lopez Vega and, in addition, requested the address for Mr. Lopez Vega to otherwise facilitate service of the subpoena. *See id.* The Federal Defendants refused to accept electronic service of the subpoena and refused to provide the address at which Mr. Lopez Vega could be served. *See id.* ¶ 4 and Ex. A.

Following the Federal Defendants' refusal to accept service and to provide an address for Mr. Lopez Vega, Plaintiffs' counsel arranged for a process server to serve the subpoena on Mr. Lopez Vega using an address found on the Federal Defendants' website for the ICE ERO Miami Field Office in Miramar, Florida. On January 14, 2026, the ICE staff at the Miramar, Florida office refused to accept service and informed the process server that Mr. Lopez Vega could not be served at that office and had to instead be served at an office in Plantation, Florida. *See id.* ¶¶ 5-6 and Ex. B (Affidavit of Sedric Johnson). The next day, on January 15, 2026, the process server attempted to serve Mr. Lopez Vega at the Plantation, Florida address provided by the ICE staff on the prior day, but ICE staff at the Plantation, Florida again refused service, insisting that Mr. Lopez Vega could not be served at that address either. *See id.* ¶ 7 and

Ex. C (Email and Photo from Michael Nolan to Eunice Cho). Instead, the process server was directed to a *third* office in Miami, Florida. *See id.* Finally, later that same day, the process server served Lina Salas, a Deputy Chief Counsel for ICE who confirmed that she had the authority to accept service for Mr. Lopez Vega. *See id.* ¶ 8 and Ex. D (Affidavit of Service by Henry Pinto). Service of the subpoena was therefore completed on January 15, 2026.

In addition to in person service through the process server, Plaintiffs' counsel also arranged for service of the subpoena by mail. On January 15, 2026, Plaintiffs' counsel sent, via U.S. Priority Express Mail, the subpoena for Mr. Lopez Vega to both the Plantation, Florida address and the Miami, Florida address provided by ICE staff to the process server. *See* Declaration of Sofia Gonzalez ("Gonzalez Decl.") ¶¶ 2-3; *see also* Declaration of Samantha Weaver ("Weaver Decl.") ¶ 3. Delivery of such mailings was confirmed to both addresses on January 17 and 18, 2026. *See* Gonzalez Decl. ¶¶ 4-5; *see also* Weaver Decl. ¶ 4.

## DISCUSSION

The Federal Defendants have no basis for refusing to produce Mr. Lopez Vega at the upcoming evidentiary hearing on January 28, 2026. Plaintiffs complied with Local Rule 3.04 and provided the Federal Defendants with more than 14 days' notice of their intent to call Mr. Lopez Vega as a witness to testify at the hearing. *See* Cho Decl. ¶ 3 and Ex. A. Plaintiffs also validly served Mr. Lopez Vega with the subpoena pursuant to Fed. R. Civ. P. 45 commanding his appearance at the January 28, 2026 evidentiary hearing. The subpoena was served in person by a process server at the

address provided by the Federal Defendants' own employees at an ICE Miami Field Office. *See* Cho Decl. ¶¶ 6-8 and Exs. B-D. It was served on a Deputy Chief Counsel for ICE who confirmed she had the authority to accept service for Mr. Lopez Vega. *See* Cho Decl. ¶ 8 and Ex. D. The subpoena was also served via U.S. Priority Express Mail at the two addresses provided by the Federal Defendants' own employees at two ICE Miami Field Office locations. *See* Gonzalez Decl. ¶¶ 2-3; Weaver Decl. ¶¶ 2-3.

Despite valid service and compliance with all relevant rules, the Federal Defendants have made it clear that Mr. Lopez Vega will not be appearing at the evidentiary hearing on January 28, 2026. *See* Cho Decl. ¶¶ 11-12. They waited *over a week after service was completed* on Mr. Lopez Vega to inform Plaintiffs' counsel that he would not be present at the upcoming hearing and that they intend to move to quash the subpoena. No motion to quash has yet been filed and the Federal Defendants provided no explanation for their basis to move for any relief from the subpoena, or the date upon which they intend to file any motion to quash. Cho Decl. ¶ 12 and Ex. A.

The evidentiary hearing is now only four days away. The Federal Defendants cannot just ignore the subpoena commanding that Mr. Lopez Vega appear at the January 28, 2026 hearing while also delaying filing the motion to quash, all with the aim of preventing Plaintiffs from presenting the evidence they need to show to prevail on their request for preliminary injunctive relief. The Court has the authority to enforce compliance with the subpoena. *See JTR Enters., LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, 297 F.R.D. 522, 525 (S.D. Fla. 2013)

("the court issuing a subpoena is responsible for its enforcement and has exclusive jurisdiction to rule on a subpoena issued in that court's name."); *Matter of Certain Complaints Under Investigation by an Investigating Comm. of Jud. Council of Eleventh Cir.*, 783 F.2d 1488, 1495 (11th Cir. 1986) ("The subpoena is enforceable in the court which issued it . . . .") (citing Fed. R. Civ. P. 45(f)). It should put a stop to the Federal Defendants' antics and enter an order unequivocally ordering that Federal Defendants comply with the subpoena and produce Mr. Lopez Vega, *their own declarant in this case*, to provide testimony at the upcoming evidentiary hearing on January 28, 2026.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel contacted counsel for Federal Defendants and State Defendants via email on January 24, 2026, and also called and left voicemail messages with both. The State Defendants take no position as to the motion. The Federal Defendants did not respond to Plaintiffs' counsel setting their position on the motion. Plaintiffs will continue to attempt to confer with counsel for Federal Defendants, and will supplement the motion with the Federal Defendants' position as soon as it is available.

DATED this 24th day of January, 2026.

Respectfully submitted,

*/s/ Eunice H. Cho*
Eunice H. Cho*
Carmen Iguina González*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org
ciguinagonzalez@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

Paul R. Chavez, Fla. Bar No. 1021395
Jennifer Smith, Fla. Bar No. 964514
Christina LaRocca, Fla. Bar No. 1025528
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave.
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
jsmith@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
Samuel Lester, Fla. Bar No. 1043063
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714

agodshall@aclufl.org
dtilley@aclufl.org
slester@aclufl.org

*Counsel for All Plaintiffs and the Proposed Class*

*\* Admitted pro hac vice.*
