UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., et al.,

          Plaintiffs,                    Case No. 2:25-cv-00747-SPC-DNF

v.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security, et al.,

          Defendants.

_____/

## RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SUBPOENA

Plaintiffs have filed a motion to enforce a witness subpoena for Juan Lopez Vega. Plaintiff's motion should be denied, and the subpoena should be quashed. Plaintiffs' subpoena is an impermissible attempt to obtain discovery prior to a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). The Court previously denied Plaintiffs' request for expedited discovery to obtain evidence for their motion for a preliminary injunction. Plaintiffs' attempt to compel Vega's attendance is therefore an attempt to obtain unauthorized discovery previously rejected by the Court.

## FACTS

Plaintiffs' amended complaint alleges government officials are interfering with attorney-detainee communications at the South Florida Soft Sided Facility South—also known as Alligator Alcatraz—in violation of the First Amendment. The Court has set a hearing on Plaintiffs' motion for a preliminary injunction for January 28, 2026, at 9:00 a.m. (Doc. 193.)

Following the Court's order scheduling the hearing, Plaintiffs filed a January 7, 2026, motion for expedited discovery seeking a site inspection, depositions of four witnesses, documents, and responses to interrogatories.  (Doc. 197.)  Plaintiffs' motion argued they "demonstrated good cause given the continuing factual disputes in this case, and the high relevance of gathering information to support Plaintiffs' motion for a preliminary injunction."  (Doc. 197 at 3.)   The following day, the Court denied Plaintiffs' motion in an endorsed order providing, "Plaintiffs have had ample time to request discovery in this case and until this point have not done so."  (Doc. 200.)

On January 15, 2026, a witness subpoena was served for Vega at the Miami office of U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, at 333 South Miami Ave, Miami, FL 33130.  Vega Subpoena, Ex. A. Vega is a declarant in support of the Federal Defendants' opposition to Plaintiffs' motion for a preliminary injunction.  He has been on extended leave since November 2025 and is expected to return from leave in April 2026.

Federal Defendants have not included Vega on a witness list for the Court's hearing on Plaintiffs' motion for a preliminary injunction.  Plaintiffs' subpoena commands Vega to appear at the U.S. District Court for the Middle District of Florida in Fort Myers, Florida on January 28, 2026, at 9:30 a.m.  (Vega Subpoena, Ex. A.)

## ARGUMENT

**I.    Plaintiffs' motion misstates Federal Defendants' position regarding Plaintiffs' motion to enforce the subpoena.**

As an initial matter, Plaintiffs' motion misstates Federal Defendants' position regarding the present motion.   As indicated in Federal Defendants' January 24, 2026, email to Plaintiffs' counsel, Federal Defendants' counsel provided, "I anticipate filing a motion to quash the subpoena to obtain a ruling Mr. Vega is not required to attend the hearing. I am not taking any position regarding the Federal Defendants course of action pending a ruling on a motion, which I intend to file as soon as I am able." (Doc. 214-1 at 5.)  Plaintiff's counsel's declaration therefore incorrectly states that Federal Defendants took any position regarding Mr. Vega's presence at the scheduled hearing pending a ruling on whether he is required to attend.[1]

**II.    Plaintiffs' use of a subpoena to compel witness testimony prior to the parties' Rule 26(f) conference is not authorized under the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 26(d)(1) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule

---

[1] While Federal Defendants do not believe it was intentional, Plaintiffs' counsel's declaration inserted a period between two clauses in the Federal Defendants' counsel's January 24, 2026, email, which may imply Federal Defendants took a different position. *Compare* Cho Decl., Doc. 214-1, at 2 ¶ 12 ("The next day, on January 24, 2026, Mr. Spraker emailed me back, generally stating that 'I anticipate filing a motion to quash the subpoena to obtain a ruling. Mr. Vega is not required to attend the hearing.[']"), *with* Jan. 24, 2026, Spraker Email, Doc. 214-1 at 5 ("Regarding our call on Friday, I anticipate filing a motion to quash the subpoena to obtain a ruling Mr. Vega is not required to attend the hearing.").

26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." To date, the parties have not conducted a Rule 26(f) conference to arrange for initial disclosures and develop a discovery plan, among other matters. The Court's recent January 14, 2026, order provided, "The Court reminds the parties that it will ultimately issue a case management scheduling order setting all future deadlines in this case, including deadlines to file motions to dismiss." (Doc. 204 at 3.) Because this case remains at the pleading stage, the parties have not conducted a Rule 26(f) conference to arrange for initial disclosures or develop a discovery plan. Before any Rule 26(f) conference occurs, however, Plaintiffs cannot use court process to conduct discovery. *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 101 (D.D.C. 2018) (recognizing Rule 26(d)'s limits on a Rule 45 subpoena prior to a Rule 16(b) scheduling conference) *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 372 (E.D.N.Y. 2013) (recognizing a third-party subpoena is improper prior to the parties' Rule 26(f) conference).

Moreover, Plaintiffs' attempt to compel Vega's attendance at a hearing on Plaintiffs' motion for a preliminary injunction improperly attempts to circumvent this Court's January 8, 2026, order rejecting Plaintiffs' request to use court process to obtain discovery for the hearing. Although Federal Defendants have no opposition to Vega's declarations being admitted into evidence, Plaintiffs' attempt to compel his attendance by subpoena is an unadorned attempt to conduct discovery before it has opened.

## CONCLUSION

Plaintiffs' motion to enforce a subpoena compelling Vega's attendance at the February 28, 2026, hearing on Plaintiffs' motion for a preliminary injunction should be denied.  Vega's subpoena should therefore be quashed.

DATED this 26th day of January, 2026.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ Chad C. Spraker
      CHAD C. SPRAKER
      Assistant United States Attorney
      USA No. 198
      2110 First Street, Ste. 3-137
      Fort Myers, Florida 33901
      Telephone: 239-461-2200
      Email: chad.spraker@usdoj.gov