UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., et al.,

        Plaintiffs,                          Case No. 2:25-cv-00747-SPC-DNF

v.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security, et al.,

        Defendants.

_____/

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

      Plaintiffs have moved for leave to supplement the record with two declarations in support of their amended motion for a preliminary injunction. The motion should be denied. Following a two-day evidentiary hearing in which the parties presented extensive testimony and record evidence, Plaintiffs rested their case. Any reopening of evidence now to permit Plaintiffs' declarations would invite a further right of rebuttal evidence on behalf of the defense. *See Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003). Moreover, the content of the declarations—which include triple hearsay and misleading characterizations—is inappropriate given the character and objectives of the proceeding. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

**FACTS**

Plaintiffs' amended complaint alleges government officials are interfering with attorney-detainee communications at the South Florida Soft Sided Facility South—also known as Alligator Alcatraz—in violation of the First Amendment. On January 28-29, 2026, the Court held a two-day evidentiary hearing on Plaintiffs' amended motion for a preliminary injunction. At the hearing, State Defendants presented the testimony of Mark Saunders and Frank Lumm. Each witness testified detainees at Alligator Alcatraz may make confidential calls to counsel upon request. Saunders further testified that detainee counsel arriving at the facility without an appointment will not be turned away but could experience delays before obtaining a meeting. Plaintiffs thoroughly cross-examined Saunders and Lumm and introduced their own exhibits and testimony in support of Plaintiffs' First Amendment claim.

Plaintiffs now seek to reopen the record to introduce the declarations of two witnesses. The first, attorney Diane Aburto, provides a declaration stating that on February 4, 2026, she spoke to one of her clients detained at Alligator Alcatraz and asked the client to make a confidential call to her from the facility. (Doc. 235-1 at 2.) According to Aburto, on February 6, 2026, she received a call from her client's partner stating the client had been trying to call Aburto, but the officers did not let him. *Id.* The second witness, attorney Andrea Jacoski, attaches a February 10, 2026, email chain with a sender from legal@privacy6.com concerning whether Jacoski is permitted to visit a client at Alligator Alcatraz without prescheduling a visit. (Doc. 235-2.)

ARGUMENT

**Plaintiffs have not shown excusable neglect justifying a reopening of evidence in support of their motion for a preliminary injunction.**

Federal Rule of Evidence of Civil Procedure 6(b)(1)(B) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Plaintiffs' motion fails to demonstrate excusable neglect.  The Court's hearing on Plaintiffs' motion was conducted without discovery—from either side—beyond the limited expedited discovery permitted by Judge Ruiz's August 4, 2025, order.  (Doc. 41.)  Indeed, prior to the hearing this Court explicitly denied Plaintiffs' motion for expedited discovery reasoning, "Plaintiffs have had ample time to request discovery in this case and until this point have not done so. The Court has already set the evidentiary hearing and oral argument (Docs. 193, 194) on Plaintiffs' pending motions and will proceed as scheduled."  (Doc. 200.)  Now that the record has closed, the inherent limitations of a hearing without prior discovery does not warrant reopening the record after all parties heard each other's testimony "for the very first time . . . ."  *See* Pl. Mot., Doc. 235 at 1.  Put differently, there is no "neglect" to excuse under Rule 6(b)(1)(B) when no party can anticipate with certainty opposing witness testimony prior to the hearing.

Perhaps even more significant, reopening the record would create an attendant defense right to present rebuttal evidence at yet another additional evidentiary

hearing. *See Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) ("While an evidentiary hearing is not always required before the issuance of a preliminary injunction, 'where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held.'"). The Court should decline to do so, as it would cause further delay, considerable expense to the parties, and further consumption of the Court's limited resources.

As to the substance of the declarations, the Aburto declaration is triple hearsay as to what any individual at Alligator Alcatraz witnessed and provides no details about the identity of the client, the client's partner, and the client's purported interaction with an officer. Regarding the February 10, 2026, email chain, the correspondence does not demonstrate that a sender from legal@privacy6.com instructed Jacoski that attorneys are required to pre-schedule a visit Alligator Alcatraz. Rather, the sender repeatedly encourages Jacoski to preschedule an appointment at the facility. *See* Doc. 235-2 at 5-9. Jacoski's attempts to portray the sender's responses as an acceptance of Jacoski's characterizations are simply more than correspondence can bear. *See* Doc. 235-2 at 6-7 (replying "[y]es" to Janoski's inquiry whether she can visit a client without prescheduling the visit before describing the process for scheduling a visit). In sum, due to their character and indicia of reliability, the declarations are inappropriate given the character and objectives of the Court's injunctive proceeding. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

## CONCLUSION

Federal Respondents respectfully request Plaintiffs' motion for leave to supplement the record be denied.

DATED this 25th day of February, 2025.

>Respectfully submitted,
>
>GREGORY W. KEHOE
>United States Attorney
>
>By:  /s/ Chad C. Spraker
>       CHAD C. SPRAKER
>       Assistant United States Attorney
>       USA No. 198
>       2110 First Street, Ste. 3-137
>       Fort Myers, Florida 33901
>       Telephone: 239-461-2200
>       Fax: 239-461-2219
>       Email: chad.spraker@usdoj.gov
>       *Counsel for Federal Defendants*