UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., D.G.M., and H.P., *on behalf of themselves and all others similarly situated*,

   Plaintiffs,

v.

KRISTI NOEM, *Secretary of the United States Department of Homeland Security, et al.*,

   Defendants.

Case No 2:25-cv-00747-SPC-DNF

### THE STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

After two days of witness testimony and oral argument on their Motions for Preliminary Injunction and for Class Certification, Plaintiffs asks this Court to admit two additional declarations – which would bring the total number of declarations submitted in support of Plaintiffs' Motion for Preliminary Injunction to 24. But Plaintiffs seek to admit declarations with multiple evidentiary problems and zero probative value.

Moreover, Plaintiffs had multiple months to conduct discovery to inquire about the policies in place at the Facility, but chose not to. The Court also held an extensive hearing where Plaintiffs had every opportunity to present that information to the Court. It chose to rely instead on its own witnesses and expert. And admitting this evidence into the record would prejudice Defendants by

1

precluding them from cross-examining the alleged witnesses to determine the truth of the unsupported and unreliable allegations.

For these reasons, as explained fully below, the Court should deny Plaintiff leave to supplement the record and rule on the existing, fulsome record.

## ARGUMENT

Plaintiffs offer two declarations from attorneys representing current detainees at the Facility. The Court should deny the Motion and disregard both declarations because neither offer anything of value.

**1.** In the first, the declarant attorney alleges that she told her client about the Facility's practice of allowing detainees to use cell phones for confidential phone calls with their attorneys. She states that "I got a call from his partner saying my client had been trying to call me, but the officers did not let him." *See* DE 235-1. That is it. In other words, Plaintiffs are attempting to supplement the record with a statement that is hearsay *thrice* over – (1) a statement by an officer at the Facility to the declarant's client, (2) which was then relayed to the client's partner, (3) then to the declarant, and finally to the Court.

It is true that the courts in the Eleventh Circuit relax evidentiary rules during preliminary injunction hearings, including by "rely[ing] on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). But this relaxed standard only applies "if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Id.* (quoting *Asseo v. Pan*

2

*Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)). In other words, "at a preliminary injunction hearing, the Court may admit otherwise inadmissible evidence *if the Court finds that evidence reliable.*" *Fla. Atl. Univ. Bd. of Trs. v. Parsont*, 465 F. Supp. 3d 1279, 1293 n.8 (S.D. Fla. 2020) (emphasis added).

Declarant offers nothing in her four-paragraph declaration to indicate that this triple hearsay statement is reliable. That is especially true given that sworn testimony elicited by the State Defendants during the preliminary injunction hearing directly contradicts the triple hearsay statement. Thus, this declaration is wholly unreliable and offers nothing of value for the Court's consideration. For the same reasons, to the extent it admits the statement, the Court should give it zero weight.

**2.** The second declaration recounts the declarant's e-mail discussions with Facility staff while trying to arrange a visit with her client. The declarant alleges that she asked Facility staff whether she could "visit a client at Alligator Alcatraz without scheduling the visit ahead of time," and claims "I have received no confirmation" as to that question. *See* DE 235-2. But this evidence likewise offers the Court little of value, for at least two reasons.

First, Facility staff answered her question. Indeed, staff responded by saying "Good afternoon, Yes, to schedule a visit or call, please submit the attached legal counsel visitation form and Form G28. Once we receive them, we will proceed with scheduling the visit/call." *Id.* Put differently, staff confirmed that counsel can visit detainees without scheduling a visit and then added that to schedule such a visit,

3

counsel must provide the requested information. Nowhere did staff claim that declarant could not visit the Facility unless she scheduled a visit in advance. Indeed, staff also clarified that it was asking the declarant to schedule a visit "so we can ensure the detainee is available for the visit without delay." *Id.* It did not state that she could not visit without doing so, which is entirely in line with Mr. Saunders' testimony that staff would not turn away attorneys that show up at the Facility and would accommodate them at the earliest available time. *See* DE 230 at 136:15-16; 178:15-16; 179:24-25.

Second, even if the staff's statements had contradicted Mr. Saunders' testimony, the response of one staff member at the Facility does not create a policy of the State Defendants, especially where such a policy would again contradict sworn testimony by the State Defendants' witnesses. Thus, even to the extent the Court finds that Facility staff's statements contradict the State Defendants' testimony during the hearing, the second declaration again offers little to no probative value because the Court cannot infer anything from the statements.

**3.** In addition, Plaintiffs do not meet the standard for obtaining leave to supplement the record. They note that the Federal Rules of Civil Procedure allow the Court to supplement the record "if the party failed to act because of excusable neglect." *Kamnerdpila v. City of St. Petersburg*, No. 8:23-cv-2724, 2025 WL 958912 at *5 (M.D. Fla. Marc 31. 2025). But Plaintiffs' failure to obtain and introduce this evidence is not excusable.

Plaintiffs claim that they could not have provided this information to the Court "prior to the evidentiary hearing because the existence of these alleged new policies was unknown to Plaintiffs (and to the Court) prior to the evidentiary hearing." DE 235 at 2. Not so. Plaintiffs easily could have learned about the Facility's current policies and procedures if they had bothered to conduct discovery.

As witnesses for the State Defendants testified, the Facility began implementing the current cell phone and in-person meeting protocols at least by early to mid-November 2025. *See* DE 230 at 178:12-179:9. Thus, Plaintiffs had more than two months between the time the policies went into effect and the time of the evidentiary hearing to conduct discovery, or to ask the Court for expedited discovery for the same purpose. Instead, it waited until January 7, 2026 to even ask for expedited discovery. *See* DE 197. Indeed, as the Court noted when denying that motion, "Plaintiffs have had ample time to request discovery in this case and until this point have not done so." *See* DE 200. Plaintiffs cannot show that their neglect was excusable where they had every opportunity to gather and provide this information for the Court's consideration, but simply chose not to. *See generally Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("[A]s a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline."); *In re Laketown Wharf Mktg., Corp.*, 433 B.R. 419, 430 (Bankr. N.D. Fla. 2010) (holding that a

failure to act based on a decision to wait to act is not excusable neglect under Fed. R. Bankr.P. 8002(c)(2)).

**4.** Last, allowing this evidence into the record at this point in the case would severely prejudice Defendants. Plaintiffs ask this Court to admit two unsupported and unreliable declarations without giving Defendants any opportunity to question the declarants and probe the foundations for their claims. Meanwhile, Plaintiffs had full opportunity to question any of the Defendants' declarants during the preliminary injunction hearing. Plaintiffs cannot take that opportunity and then deny the same to Defendants.

Moreover, as discussed, Plaintiffs had multiple months to conduct discovery to inquire about the policies in place at the Facility, but chose not to. And the Court held an extensive hearing where Plaintiffs had every opportunity to present that information to the Court. It chose to rely instead on its own witnesses and lone expert. At some point, the record needs to close for the Court to rule. That time is now. *See Tandon v. Newsom*, 517 F. Supp.3d 922, 944-45 (N.D. Cal. 2021) (denying Plaintiffs' motion to supplement the record for a preliminary injunction motion because "if Plaintiffs are permitted to supplement the record, Defendants would also have to be accorded an equal opportunity to add evidence on additional developments," and "the process of submitting additional evidence must end").

## CONCLUSION

For all these reasons, the Court should deny Plaintiffs' Motion and disregard the proffered declarations.

Dated: February 25, 2025

Francis A. Zacherl, III (FBN 868094)
Timothy W. Odzer (FBN 1020018)
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131
(305) 358-6300
FZacherl@shutts.com
TOdzer@shutts.com

Respectfully submitted,

/s/ *Nicholas J.P. Meros*
Nicholas J.P. Meros (FBN 120270)
Tara K. Price (FBN 98073)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
NMeros@shutts.com
TPrice@shutts.com
KReardon@shutts.com

*Counsel for the State Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system on February 25, 2025.

/s/ *Nicholas J.P. Meros*
*Counsel for the State Defendants*