**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
Case No. 2:25-CV-00747-SPC-DNF

|  |  |
|---|---|
| H.C.R., et al., | |
| *Plaintiffs,* | **NOTICE OF NON-COMPLIANCE WITH COURT ORDER** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| *Defendants.* | |

In advance of the status conference on April 13, 2026, Plaintiffs file this Notice to alert the Court to Defendants' non-compliance with the Court's Order. On March 27, 2026, the Court ordered, among other things, that Defendants: (1) provide detainees at South Florida Soft Sided Facility South ("SFSSFS") "with access to timely, free, confidential, unmonitored, unrecorded outgoing legal calls. They must provide at least one operable telephone for every 25 detainees"; (2) "update and document in writing all protocols for attorney-client communication in English, Spanish, and Haitian Creole, including but not limited to, the detainee handbook, legal visitation policies, and legal phone call policies. If any material changes to policies related to access to counsel are made, State Defendants and Federal Defendants shall promptly update those changes in writing and disseminate them to the public and the Detainee Class"; (3) "provide and post in locations accessible and visible to the

Detainee Class written information about protocols for attorney-client communication in English, Spanish, and Haitian Creole"; and (4) "maintain publicly available information regarding protocols for attorney-client communication via ICE and FDEM websites." Dkt. No. 243 at 66–68. In addition, the Court credited "the testimony of Saunders and Lumm that the facility has provided unscheduled legal visits since late November 2025 and continues to do so when an attorney arrives at the facility unannounced and requests a visit with a detainee client." *Id*. at 41. The Court stated that it would "hold Defendants accountable for Saunders' and Lumm's representations." *Id*. at 43.

Defendants have not complied with the Court's Order. First, security personnel at the entrance to the facility have informed attorneys that they need to pre-schedule legal visits to meet with clients. One attorney, F. Elizabeth Valentin, arrived on April 1, 2026 and was told that she could not meet with her client unless she had scheduled an appointment in advance. *See* Exh. 1, Decl. F. Elizabeth Valentin ¶ 3. The guard at the gate then advised her that she might be able to meet with her client that afternoon if slots were available, but she would need to complete an electronic version of the "South Detention Facility Legal Counsel Visitation Request Form," which proved difficult given the lack of cell service in the area. *Id*. ¶¶ 3–4. Furthermore, the form asked her to attach copies of any legal documents that she intended to bring into the facility for approval, despite the fact that those documents are plainly protected by attorney-client privilege and/or attorney work-product privilege. *Id*. ¶ 4.

2

Second, Ms. Valentin's client advised her that he has not seen any posters or notices in the facility regarding attorney access protocols or access to confidential, unmonitored legal calls. *Id.* ¶ 8.

Third, Defendants have failed to publicly post any information regarding attorney access protocols on either ICE or FDEM websites. *See* Exh. 2, Decl. Kyle Virgien ¶¶ 5, 10.

Finally, Katherine H. Blankenship, co-founder of organizational Plaintiff Sanctuary of the South ("SOS"), reports that two clients conveyed to her that the facility has been on lockdown all week due to several disturbances that were precipitated by the facility's denial of phone access—including access to legal phone calls—for an entire day. The disturbances arose when facility staff retaliated against class members after they asked that phone access be restored. The retaliation included severe beatings of several detainees, including one of Ms. Blankenship's clients, and the pepper spraying of numerous detainees. *Id.* ¶¶ 7–13; *see also* photos attached to Blankenship Declaration. Ms. Blankenship plans to attend the April 13, 2026 status conference and can provide further updates to the Court at that time.

Plaintiffs respectfully submit that the most efficient way to address Defendants' noncompliance is for the Court to direct Defendants to file sworn declarations from the facility warden and others responsible for compliance with the Court's Order confirming that the changes directed in the Preliminary Injunction have been made. Plaintiffs also reserve the right to move (1) to enforce the Court's Order, including seeking an Order to Show Cause for contempt, if Defendants fail to expeditiously

remedy these violations, and (2) for an order from this Court prohibiting Defendants from retaliating against class members for seeking to enforce their rights under this Court's Order.

DATED this 10th day of April, 2026.

Respectfully submitted,

/s/ Carmen Iguina González
Carmen Iguina González*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-675-2317
ciguinagonzalez@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California St., Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

Paul R. Chavez, Fla. Bar No. 1021395
Jennifer Smith, Fla. Bar No. 964514
Christina LaRocca, Fla. Bar No.
1025528
AMERICANS FOR IMMIGRANT
JUSTICE
2200 NW 72nd Ave.
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org

5

jsmith@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
Samuel Lester, Fla. Bar No. 1043063
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org
slester@aclufl.org

*Counsel for Plaintiffs*

*\* Admitted pro hac vice.*