**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

H.C.R., D.G.M., and H.P., on behalf of
themselves and all others similarly
situated,

      *Plaintiffs*,

v.                                                                    Case No. 2:25-CV-747-SPC-DNF

MARKWAYNE MULLIN, Secretary of the
United States Department of Homeland
Security, et al.,

      *Defendants*.

_____/

### Joint Case Management Report

Plaintiffs, the State Defendants, and the Federal Defendants, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.02(a), submit this Joint Case Management Report.

**1.  Date and Attendees**

The parties conducted the planning conference on 4/10/2026 via Zoom. Carmen Iguina Gonzalez, Corene Kendrick, Kyle Virgien, Amy Godshall, Sam Lester, Paul Chavez, and Jennifer Smith attended the conference as counsel for the Plaintiffs. Nicholas J.P. Meros attended as counsel for the State Defendants. Chad Spraker and Amanda Saylor attended as counsel for the Federal Defendants.

**2.  Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/24/2026 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or to file a second amended complaint, *see* Fed. R. Civ. P. 15(a). | 5/18/2026 |
| Deadline to move to dismiss any amended pleadings. | 6/19/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | 12/18/2026 |
| Defendant | 1/19/2027 |
| Rebuttal | 2/19/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021)*. | 3/18/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 1/29/2027 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 4/28/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 4/2/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/27/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/10/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/24/2027 |
| Month and year of the trial term. | October 2027 |

The trial will last approximately 10 days and be

☐  jury.

2

☒  non-jury.

## 3.  Description of the Action

Plaintiffs bring a putative class action on behalf of all current and future detainees at the Alligator Alcatraz detention facility under the First Amendment alleging that Defendants have failed to provide the detainees timely and confidential access to their attorneys, and to allow their attorneys to timely and confidentially meet with their detainee clients.

## 4.  Disclosure Statement

☒  Each party has filed a disclosure statement using the required form.

The State and Federal Defendants have not filed the disclosure statement because the requirement applies only to nongovernmental corporate parties. Fed. R. Civ. P. 7.1(a)(1).

## 5.  Related Action

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

## 7.  Preliminary Pretrial Conference

☒  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐  The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:
    a.  Plaintiffs' class action allegations and compliance with Rule 23
    b.  Standing of individual and organizational Plaintiffs
    c.  Plaintiffs' claims, including allegations as to attorney access at the Facility, and Defendants' defenses

C.  Discovery should be conducted in phases:

    ☒  No.
    ☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒  No.
    ☐  Yes;

E.  ☒  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence

a.  The parties will work together to deal with any privilege issues related to trial-preparation materials under Rule 26(b)(5)(A) and as to whether to seek an order under Federal Rule of Evidence Rule 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes.

The parties agree to proceed with the current limitations on discovery and will work together to seek modifications of those limits and the Court's scheduling order if the volume of discovery dictates.

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI") and agree to the following: (1) Disclosure or production of ESI will be limited to data reasonably available to the parties in the ordinary course of business; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (3) the parties agree to produce ESI in native format where feasible; (4) the parties agree to conduct an ESI conference within 21 days of the 26(f) conference; (5) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; and (6) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒   The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Dated: April 13, 2026

/s/ Carmen Iguina González
Carmen Iguina González*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org
ciguinagonzalez@aclu.org

Corene T. Kendrick*
Kyle Virgien*
Marisol Dominguez-Ruiz*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
425 California St., Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org
mdominguez-ruiz@aclu.org

Paul R. Chavez (FBN 1021395)
Jennifer Smith (FBN 964514
Christina LaRocca (FBN 1025528)
**AMERICANS FOR IMMIGRANT JUSTICE**
2200 NW 72nd Ave.
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
jsmith@aijustice.org

Respectfully submitted,

/s/ *Nicholas J.P. Meros*
Nicholas J.P. Meros (FBN 120270)
Tara K. Price (FBN 98073)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
NMeros@shutts.com
TPrice@shutts.com
KReardon@shutts.com

Francis A. Zacherl, III (FBN 868094)
Oliver Sepulveda (FBN 111763)
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131
(305) 358-6300
FZacherl@shutts.com
OSepulveda@shutts.com

*Counsel for the State Defendants*

GREGORY W. KEHOE
United States Attorney

/s/ *Chad C. Spraker*
Chad C. Spraker
Assistant United States Attorney
USA No. 198
2110 First Street, Ste. 3-137
Fort Myers, Florida 33901
(239) 461-2200

6

clarocca@aijustice.org

Amy Godshall (Fla. Bar No. 1049803)
Samuel Lester (Fla. Bar No. 1043063)
Daniel Tilley (Fla. Bar No. 102882)
**AMERICAN CIVIL LIBERTIES**
**UNION FOUNDATION OF**
**FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
slester@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs and the*
*Provisionally Certified Class*

*\*Admitted pro hac vice*

(239) 461-2219
chad.spraker@usdoj.gov
*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of Court via the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Nicholas J.P. Meros*
*Counsel for the State Defendants*

7