UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., *et al.*, on behalf of
themselves and others similarly
situated,

     Plaintiffs,

v.                                                            Case No.:  2:25-cv-747-SPC-NPM

MARKWAYNE MULLIN, *et al.*,

     Defendants.

---

## **OPINION AND ORDER**

Before the Court are State Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Doc. 259) and Plaintiffs' response in opposition (Doc. 267).[1] Federal Defendants did not file a response and the time to do so has lapsed. For the following reasons, the Court denies the motion.

On March 27, 2026, the Court granted in part Plaintiffs' Motion for Preliminary Injunction, ordering Defendants to: provide detainees at Alligator Alcatraz with access to timely, free, confidential, unmonitored, unrecorded outgoing legal calls, with at least one operable telephone for every 25 detainees; update and document in writing all protocols for attorney-client

---

[1] State Defendants mistakenly cite Local Rule 7.1(a)(3) in their certificate of conferral. (Doc. 259 at 27). This is the Middle District of Florida, where Local Rule 3.01(g) governs the conferral requirement.

communication and promptly update the policies with any changes; provide and post in locations accessible and visible to detainees written information about those protocols; and maintain publicly available information regarding those protocols on ICE and FDEM websites. *H.C.R. v. Mullin*, No. 2:25-CV-747-SPC-DNF, --- F.Supp.3d ----, 2026 WL 850555, at \*26 (M.D. Fla. Mar. 27, 2026). Nearly an entire month later, State Defendants ask the Court to stay the preliminary injunction pending appeal.

"Stays pending appeal are governed by a four-part test: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *CAIR-Found., Inc. v. Desantis*, No. 4:25CV516-MW/MJF, 2026 WL 613468, at \*11 (N.D. Fla. Mar. 4, 2026) (internal quotation marks omitted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000) (applying the same test). "Considering that this test is so similar to that applied when considering a preliminary injunction, courts rarely stay a preliminary injunction pending appeal." *CAIR-Found.*, 2026 WL 613468, at \*11. Such is the case here.

As Plaintiffs point out, State Defendants' motion largely rehashes the

merits of the motion for preliminary injunction. (*See* Doc. 267 at 12). Plaintiffs' response is well-reasoned and comprehensive, tackling State Defendants' arguments, evidence, and citations to authority and dismantling them. As such, for all the reasons stated in Plaintiffs' response, the Court denies the motion.

One more point. Ironically, as State Defendants repeat unsuccessful arguments, they simultaneously use this motion as an opportunity to raise new ones and posture. Here, they (1) make an end-run around the Court's ruling that they forfeited a compelled government speech argument, *see H.C.R.*, 2026 WL 850555, at *22 n.19, and (2) discuss financial evidence concerning phones that they could have—but failed to—introduce at the preliminary injunction stage. (Doc. 259 at 10–13, 22–23). State Defendants had ample opportunity to brief their legal arguments and introduce evidence before the Court ruled on the motion for preliminary injunction and—for whatever reason—chose not to do so. Their propensity to raise eleventh hour arguments is inefficient and unavailing. The Court has already addressed this issue with the parties at the most recent status conference and cautions them against repeating these actions in the future. (Doc. 254 at 5).

Accordingly, it is now

**ORDERED:**

State Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Doc. 259) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record