**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

H.C.R., D.G.M., and H.P., *on behalf of themselves and all others similarly situated*,

    Plaintiffs*,*

*v.*                                                                      Case No 2:25-cv-00747-SPC-DNF

MARKWAYNE MULLIN, *Secretary of the United States Department of Homeland Security, et al.*,

    Defendants.

## STATE DEFENDANTS' NOTICE AND SUGGESTION OF MOOTNESS AND MOTION TO STAY ALL DEADLINES PENDING DETERMINATION OF MOOTNESS

Defendants Ron DeSantis and Kevin Guthrie, in their official capacities, and the Florida Division of Emergency Management (collectively, "State Defendants"), file this Notice and Suggestion of Mootness and ask that this Court stay all deadlines pending its determination of mootness.

This case is moot. In their Amended Complaint, Plaintiffs ask the Court to order Defendants to provide the Facility's detainees timely and confidential access to their attorneys, and to post Defendants' policies on attorney access throughout the Facility and on Defendants' websites to assist Facility detainees in accessing counsel. *See* Am. Compl. Prayer for Relief, ¶¶ d-j.

On June 25, 2026, Governor DeSantis announced that the Alligator Alcatraz immigration detention center had ended operations, noting that "[d]etainees who

1

are still awaiting deportation have been transferred to other federal facilities, and demobilization efforts are underway."[1] The Governor added that the possibility that the Facility would reopen in the future was "negligible."[2]

Put differently, with the detainees removed and the Facility closed, the Court can no longer grant Plaintiffs' requested relief. "If events that occur subsequent to the filing of a lawsuit" "deprive the court of the ability to give the plaintiff[s]" "meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001). "[E]ven a once-justiciable case becomes moot and must be dismissed 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Flanigan's Enters. v. City of Sandy Springs,* 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Plaintiffs' counsel is aware that this case is moot. Not only has the closure been widely reported since the Governor made the announcement, but Plaintiffs' counsel has been quoted in the media discussing the fact that all detainees have been transferred.[3] And Plaintiffs' counsel has acknowledged as much in their

---

[1] *Governor DeSantis Highlights the Success of Alligator Alcatraz and Florida's Continued Efforts in Combatting Illegal Immigration* (June 25, 2026), https://www.flgov.com/eog/news/press/2026/governor-ron-desantis-highlights-success-alligator-alcatraz-and-floridas-continued

[2] Churchill Ndonwie and Douglas Hanks, *DeSantis says Alligator Alcatraz 'fulfilled' its role as he closes it after 1 year*, Miami Herald (June 26, 2026), https://www.miamiherald.com/news/politics-government/state-politics/article316253185.html

[3] *See, e.g.*, Gisela Salomon, *All detainees from immigration facility 'Alligator Alcatraz' have been transferred for hurricane season, DHS says*, Associated Press (June 19, 2026), https://www.news4jax.com/news/national/2026/06/17/all-detainees-from-immigration-facility-alligator-alcatraz-have-been-transferred-dhs-says/ (quoting Plaintiffs' counsel's acknowledgment that the Facility's detainees have been transferred elsewhere).

correspondence with counsel for the State Defendants. Nonetheless, Plaintiffs' counsel continues to press for discovery, even issuing new interrogatories (more than 10 days after publicly acknowledging the Facility's closure) entirely unrelated to the claims in this case.

*     *     *

In sum, the case is moot and the declaratory and injunctive relief sought in the Amended Complaint is now "inappropriate." *Diffenderfer v. Cent. Baptist Church of Miami, Inc.,* 404 U.S. 412, 414-15 (1972). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). And they have the inherent authority to stay discovery proceedings and control their own dockets. *E.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters.").[4]

For those reasons, the Court should dismiss this action for lack of subject matter jurisdiction. *See Nat'l Advert. Co. v. City of Miami,* 402 F.3d 1329, 1332 (11th Cir. 2005) ("[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'") (citation omitted). And it should stay all deadlines in this case until it determines whether it has subject matter jurisdiction. *See Perez*, 297 F.3d at 1263 (11th Cir. 2002)

---

[4] *See also* Fed. R. Civ. P. 16(b)(2),(4) (permitting courts to alter the issuance of a scheduling order for good cause); Fed. R. Civ. P. 26(d)(3) (permitting courts to alter the sequence of discovery "for the parties' . . . convenience and in the interests of justice").

3

(noting "responsibility of trial courts to manage pretrial discovery . . . to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice") (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (cleaned up)).

WHEREFORE, the State Defendants respectfully request that the Court stay all deadlines in this action pending a determination whether it has subject matter jurisdiction.

Dated: July 8, 2026

|  | /s/ *Nicholas J.P. Meros* |
|---|---|
| Francis A. Zacherl, III (FBN 868094) | Nicholas J.P. Meros (FBN 120270) |
| Oliver Sepulveda (FBN 111763) | Tara K. Price (FBN 98073) |
| **SHUTTS & BOWEN LLP** | Kassandra S. Reardon (FBN 1033220) |
| 200 South Biscayne Blvd, Suite 4100 | Margaret A. McCormick (FBN 1039517) |
| Miami, Florida 33131 | **SHUTTS & BOWEN LLP** |
| (305) 358-6300 | 215 South Monroe Street, Suite 804 |
| FZacherl@shutts.com | Tallahassee, Florida 32301 |
| OSepulveda@shutts.com | (850) 241-1717 |
|  | NMeros@shutts.com |
|  | TPrice@shutts.com |
|  | KReardon@shutts.com |
|  | MMccormick@shutts.com |

*Counsel for the State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail on all counsel of record on July 8, 2026.

/s/ *Nicholas J.P. Meros*
*Counsel for the State Defendants*

4