UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H.C.R., et al.,

   Plaintiffs,      Case No. 2:25-cv-00747-SPC-DNF

v.

MARKWAYNE MULLIN, Secretary of the U.S.
Department of Homeland Security, et al.,

   Defendants.

_____/

**RESPONSE TO STATE DEFENDANTS' NOTICE
AND SUGGESTION OF MOOTNESS AND MOTION
TO STAY DEADLINES PENDING DETERMINATION OF MOOTNESS**

Federal Defendants respond to the State Defendants' Notice and Suggestion of

Mootness and Motion to Stay All Deadlines Pending Determination of Mootness.

(Doc. 280.)  Federal Defendants concur with State Defendants that this case is moot

following the State Defendants' closure of Florida Soft Sided Facility South (FSSFS)

(also referred to as "Alligator Alcatraz") and join the State Defendants' motion to

stay all deadlines pending a determination of mootness.

"Mootness demands that there be something about the case that remains alive,

present, real, and immediate so that a federal court can provide redress in some

palpable way." *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 115

F.4th 1266, 1283 (11th Cir. 2024). "The purpose of an injunction is to prevent future

violations, so for a claim for injunctive relief to remain a live controversy there must exist some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.* (cleaned up).

The present case is similar to *Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d 1394 (11th Cir. 1993). There, the plaintiffs brought an Equal Protection Clause and Title VI challenge to the manner in which a school board transferred K-6 students from a historically black school to another school known as the Training School. *Id.* at 1423. The court's opinion observed that the school board decided to close grades K-6 at the Training School and transfer those students to a new school, which consolidated students from the Training School and other schools. *See id.* at 1402, 1423-24. The Eleventh Circuit held that reassignment of the Training School students who originated from the historically black school to a substantially more integrated consolidated school mooted their claims. *Id.* at 1424. Similarly, here—like the school board's reassignment of students in *Elston*—closure of FSSFS renders the present plaintiffs' claims moot. *Cf. Wyatt By & Through Rawlins v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996) (dismissing appeal of a preliminary injunction mandating care at facility when the facility had closed and was unlikely to reopen before the preliminary injunction expired).[1] Given that the Federal Defendants cannot transfer

---

[1] *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) is distinguishable. In *Chiles*, the Eleventh Circuit held that the plaintiffs' challenge to housing felons at Krome Detention Center was not moot even though the INS had elected to remove the felons from the facility

detainees to FSSFS following the facility's closure by the State Defendants, Plaintiffs no longer present a live, cognizable controversy for injunctive relief. Plaintiffs' claims are thus rendered moot and warrant dismissal by the Court.

As to the State Defendants' request to stay all deadlines until the Court determines whether it has subject matter jurisdiction, Federal Defendants join the motion to promote judicial efficiency and to minimize unnecessarily expending litigation resources. Aside from raising Article III justiciability concerns, the burden and expense of continued discovery eclipse any benefit to either party. *See* Fed. R. Civ. P. 26(b)(1) (describing the scope of discovery as limited by, among other factors, the needs of the case and whether the burden and expense of the proposed discovery outweigh its likely benefit).  FSSFS is now closed and no longer houses detainees as represented by the State Defendants. The burdens of continued discovery are therefore unjustified in a case concerning operation of a facility that is now deemed closed.

---

after the lawsuit was filed.  *Id.* at 1203.  There, Krome continued to operate, and a statute that previously prohibited appropriations for housing felons at Krome had lapsed.  *See id.*

3

## CONCLUSION

Federal Defendants respectfully submit that the present case is moot.  Federal Defendants further join State Defendants' request to stay all deadlines until the Court determines whether it has subject matter jurisdiction.

DATED this 15th day of July, 2026.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Chad C. Spraker*
      CHAD C. SPRAKER
      Assistant United States Attorney
      USA No. 198
      2110 First Street, Ste. 3-137
      Fort Myers, Florida 33901
      Telephone: 239-461-2200
      Fax: 239-461-2219
      Email: chad.spraker@usdoj.gov
      Counsel for Federal Defendants

4