# DECLARATION OF AMY GODSHALL

I, Amy Godshall, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am a Staff Attorney with the American Civil Liberties Union of Florida, admitted to practice in and in good standing with the State Bar of Florida. I represent the named Plaintiffs and the Plaintiff Class in this matter.

3. Over the past several months, I have been in frequent communication with State and Federal Defendants regarding their responses to Plaintiffs' discovery requests and the continued reports of noncompliance with the Preliminary Injunction, which has been in place since March 27, 2026, *see* Dkt 243. We continued to receive reports of noncompliance up until the immigration detention facility in the Everglades, sometimes referred to as "Alligator Alcatraz" ("the Facility") was declared empty.

4. During several of those conversations with Nick Meros, counsel for State Defendants, and Chad Spraker, counsel for Federal Defendants, I inquired about the status of the Facility, given the rumors and reports about a possible closure. I have summarized the relevant portions of those conversations here and attached the relevant emails to this declaration.

5. On **May 29, 2026**, during a conferral with counsel for State Defendants regarding continued noncompliance with the Preliminary Injunction, I asked Mr. Meros how many people were being held at the Facility. I explained that Plaintiffs needed to know this information to confirm whether Defendants had satisfied the required ratio of phones per person set out by the Court in the Preliminary Injunction. Plaintiffs were also curious about how many people were at the Facility at that time given the rumors that had been circulating about the Facility possibly emptying and closing in June. Mr. Meros refused to tell Plaintiffs' counsel how many people were at the Facility and did not share any information about a potential closure.

6. On **May 29, 2026**, and on **June 16, 2026**, we conferred with counsel for State Defendants regarding discovery. During these conferrals, I discussed with Mr. Meros what his production plan was, and Mr. Meros gave no indication that the Facility was closing or that discovery would not proceed.

7. On **June 10, 2026**, we conferred with counsel for Federal Defendants regarding discovery. During this conferral, I discussed with Mr. Spraker what his

production plan was, and Mr. Spraker gave no indication that the Facility was closing or that discovery would not proceed. I specifically asked Mr. Spraker if he had any information to share with us pertaining to the closure rumors, and Mr. Spraker said that he had nothing to share.

8. On **June 29, 2026**, on a phone call, Mr. Spraker asked Plaintiffs' counsel if we had anything to share about the future of the lawsuit. My co-counsel, Carmen Iguina González, replied that Plaintiffs' answer and the future of the lawsuit depended on what Defendants shared with the Court and what enforceable assurances were provided regarding the future of the Facility. Ms. Iguina González further emphasized that Defendants had an obligation to keep the Court informed of what is happening at the Facility, as that would impact the future of this litigation. I then asked Mr. Spraker if he had updates about the future of the Facility to share with us. Mr. Spraker responded that he only knew what we knew from the public reports and the press conference. Ms. Iguina González asked Mr. Spraker if he planned to seek more concrete information about the status of the Facility and to then update the Court. Mr. Spraker responded that he was not sure, that he just wanted to check in with us to see if we had updates or things to share about Plaintiffs' plans litigating this case, given that it is Plaintiffs' lawsuit. Ms. Iguina González responded that we (Plaintiffs' counsel) have an obligation to continue litigating this case unless and until Defendants give assurances to the Court that no one will be held there again, as the class that we represent includes anyone held there in the future. Mr. Spraker responded with a simple "okay."

9. Meanwhile, over email, I also asked Federal and State Defendants' counsel for updates about the Facility's status several times, which they ignored. Here are the relevant portions of that conversation, from Exh. 1- Re_HCR v Mullin – Plaintiffs' First Set of RFPs for Federal Defendants:

   a. On **June 22, 2026**, I emailed Mr. Meros and Mr. Spraker inquiring about the Facility's status and requesting a conferral regarding the future of this lawsuit. That email explicitly asks: "In the meantime, Chad and Nick, could you please provide us with an update about the facility's status? Last week, we read several articles saying the facility was emptied for the hurricane season. Today, reports say the facility is permanently closing. If these reports are true, and the facility is permanently closing, we need to discuss what that means for this case and keeping the court apprised of material changes. We are available next Monday or Tuesday for a call. Please let us know your availability those days."

   b. Neither Mr. Meros nor Mr. Spraker responded to my June 22 email.

c.  On **June 29, 2026**, I again emailed Mr. Meros and Mr. Spraker about the Facility's status. The email states: "Also, Chad and Nick, we still haven't heard back from either of you regarding our request last week for an update and a conferral about the facility's status. Given that there were additional reports last week that the facility is now empty and permanently closed, including Defendant DeSantis' own statements in a press conference, Plaintiffs request that you update the court by Wednesday with confirmation about the status of the facility, how many people are currently being detained there, and whether people will ever be detained there again. Defendants have an obligation to keep the court apprised of material changes such as this, and the Parties need clarity about the facility's status as that impacts the future of this lawsuit."

d.  Mr. Meros did not respond to my June 29 email.

e.  On **June 30, 2026**, Mr. Spraker responded to the discovery portion of the email, but he did not respond to my inquiry about the Facility's status or the future of this lawsuit.

f.  On **July 2, 2026**, I again emailed Mr. Meros and Mr. Spraker about the future of this lawsuit. I emailed: "As we have not received a response to Plaintiffs' repeated requests for updates regarding the facility's status, Plaintiffs intend to move for a status conference to address the facility's current status and how this case should proceed. Defendants have an obligation to keep the Court apprised of material developments, and the Parties need clarity regarding the facility's status, as it may significantly affect the future course of this litigation. Please let us know whether Defendants oppose Plaintiffs' request for a status conference."

g.  Mr. Meros responded in agreement on **July 3, 2026**. His email simply stated: "The State Defendants agree that the Court should hold a status conference to discuss the status of the Facility. You may represent that it is a joint notice for a status conference."

h.  Mr. Spraker did not respond before (or after) **July 6, 2026**, when the Court *sua sponte* scheduled a status conference in this matter, to take place on July 20, 2026. Dkt. 279.

10. Relatedly, in a different email thread regarding discovery, Mr. Meros requested we stay the discovery deadlines and asserted, without evidence, that the case is moot. We responded that we needed more information about whether the Facility was permanently closed. Mr. Meros did not respond to our email and instead filed State Defendants' Notice and Suggestion of Mootness and Motion to Stay All Deadlines Pending Determination of Mootness. Dkt. 280. Here are

the relevant portions of that conversation, from Exh. 2- RE_State Defendants First Production for Plaintiffs' First RFPs:

a. On **June 29, 2026**, and **July 1, 2026**, I had emailed Mr. Meros regarding his deficient production in response to Plaintiffs' Requests for Production.

b. On **July 2, 2026**, Mr. Meros responded without answering my questions, requesting that Plaintiffs agree to stay discovery and claiming the case was moot based on public reports. Mr. Meros emailed: "As has been widely reported, the federal government has transferred all detainees from the Facility and the State has closed the Facility. Thus, the case is now moot and the Court lacks subject matter jurisdiction over it. Accordingly, I am reaching out to ask if Plaintiffs would agree to a stay of discovery until the Court dismisses the case as moot. The State Defendants do not want to waste their time or Plaintiffs time with discovery for a case that is moot. If Plaintiffs do not agree, the State Defendants will file a motion to stay discovery based on lack of subject matter jurisdiction."

c. On **July 6, 2026**, I responded, explaining that Plaintiffs could not agree that the case is moot based on public reports, without confirmation that the facility is permanently closed.

   i. I responded: "Thank you for responding. At this time, we cannot agree that this case is moot. The Eleventh Circuit has been clear that "intervening events will render a case moot only when we have no reasonable expectation that the challenged practice will resume after the lawsuit is dismissed." *Flanigan's Enters., Inc. of Georgia v. City of Sandy Springs, Georgia*, 868 F.3d 1248, 1255–56 (11th Cir. 2017) (cleaned up). The challenged policy must be "unambiguously terminated" for mootness to deprive the Court of jurisdiction. *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1266 (11th Cir. 2010) (cleaned up).

   Here, is it not clear that the facility is permanently closed. Last year, this facility was constructed and opened in roughly a week, which could happen again at any point in the future, given the State's quickly changing policies. Plaintiffs have repeatedly asked State and Federal Defendants to confirm the status of the facility, and aside from your recent note about public reporting, you have ignored our requests. We cannot determine whether a case is moot simply from public reporting (reporting that includes articles

explaining that people were transferred out of the facility only for hurricane season), especially when Defendants have been silent on this issue. And Defendant DeSantis's public statements regarding the facility's closure do not unambiguously state that the facility is permanently closed and not expected to reopen. Thus, the public reporting you reference is not, in our view, sufficient to conclude that the challenged conduct has been "unambiguously terminated." *Id*. As the Court provisionally certified a class of "all persons who are currently, or in the future, held at the Alligator Alcatraz detention facility," we need assurances from State and Federal Defendants themselves on the record that no one will be detained there again, before we can agree that this case is in fact moot.

For that reason, we are unable to agree to a stay of discovery at this time. However, if the facility is in fact permanently closed, we are willing to discuss entering into a stipulation with the State and Federal Defendants and stay discovery pending negotiation of that stipulation. Please let us know by Wednesday whether that is amenable to the Defendants. We are pleased to see that the Court has scheduled a status conference, and we think the Court will appreciate the parties coming into that status conference having sorted out this issue."

d. Neither Mr. Meros nor Mr. Spraker responded to my email.

e. Instead, on **July 8, 2026**, Mr. Meros filed State Defendants' Notice and Suggestion of Mootness and Motion to Stay All Deadlines Pending Determination of Mootness. Dkt. 280.

Executed on the 15th of July, 2026, in St. Petersburg, Florida.

/s/     *Amy Godshall*
Amy Godshall

# EXHIBIT 1

| From: | Nicholas J.P. Meros |
|---|---|
| To: | Amy Godshall |
| Cc: | Chad Spraker; Amanda Saylor; Kassandra S. Reardon; Corene Kendrick; Carmen Iguina Gonzalez; Kyle Virgien; Marisol Dominguez-Ruiz; Sam Lester; Daniel Tilley; Paul Chavez; Jennifer Smith; Christina LaRocca; Ashley Miranda; Tavaura Wardlow; David Axelman; Kristen Larson; Nicole Hults; Tara R. Price |
| Subject: | Re: HCR v Mullin - Plaintiffs" First Set of RFPs for Federal Defendants |
| Date: | Friday, July 3, 2026 5:04:49 PM |
| Attachments: | image002.png<br>image003.png<br>image002.png<br>image003.png |

Hi Amy,

The State Defendants agree that the Court should hold a status conference to discuss the status of the Facility. You may represent that it is a joint notice for a status conference.

Thank you and happy Fourth of July.

Nick Meros

**Nicholas J.P. Meros**
Partner | Shutts & Bowen LLP
(850) 241-1728
215 South Monroe Street, Ste. 804, Tallahassee, FL 32301
Bio | E-Mail | vCard | www.shutts.com



On Jul 2, 2026, at 2:24 PM, Amy Godshall <AGodshall@aclufl.org> wrote:

**EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click on any links or open any attachments unless you trust the sender and know the content is safe.**

Good afternoon, Chad and Nick,

As we have not received a response to Plaintiffs' repeated requests for updates regarding the facility's status, Plaintiffs intend to move for a status conference to address the facility's current status and how this case should proceed.

Defendants have an obligation to keep the Court apprised of material developments, and the Parties need clarity regarding the facility's status, as it may significantly affect the future course of this litigation.

Please let us know whether Defendants oppose Plaintiffs' request for a status conference.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org

aclufl.org



This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Amy Godshall
**Sent:** Monday, June 29, 2026 12:34 PM
**To:** 'Spraker, Chad (USAFLM)' <Chad.Spraker@usdoj.gov>; 'Nicholas J.P. Meros' <NMeros@shutts.com>
**Cc:** 'Saylor, Amanda (USAFLM)' <Amanda.Saylor@usdoj.gov>; 'Kassandra S. Reardon' <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <DTilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>; Ashley Miranda <amira160@fiu.edu>; Tavaura Wardlow <tavaurawardlow0620@gmail.com>
**Subject:** RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Hi Chad,

Per our phone call, yes, Plaintiffs' consent to your request for an additional one-day extension for the Federal Defendants' Responses to Plaintiffs' first set of Requests for Production.

Also, Chad and Nick, we still haven't heard back from either of you regarding our request last week for an update and a conferral about the facility's status. Given that there were additional reports last week that the facility is now empty and permanently closed, including Defendant DeSantis' own statements in a press conference, Plaintiffs request that you update the court by Wednesday with confirmation about the status of the facility, how many people are currently being detained there, and whether people will ever be detained there again. Defendants have an obligation to keep the court apprised of material changes such as this, and the Parties need clarity about the facility's status as that impacts the future of this lawsuit.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org
<image001.gif>

<image002.png>

<image003.png>

This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Amy Godshall
**Sent:** Monday, June 22, 2026 3:08 PM
**To:** Spraker, Chad (USAFLM) <Chad.Spraker@usdoj.gov>; Nicholas J.P. Meros <NMeros@shutts.com>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Kassandra S. Reardon <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <DTilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>; Ashley Miranda <amira160@fiu.edu>; Tavaura Wardlow <tavaurawardlow0620@gmail.com>
**Subject:** RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Hey Chad, sorry I missed your call, I was in a meeting. Thanks for working on the search terms. Yes, Plaintiffs consent to an additional 7-day extension for the Federal Defendants' Responses to Plaintiffs' first set of Requests for Production.

In the meantime, Chad and Nick, could you please provide us with an update about the facility's status? Last week, we read several articles saying the facility was emptied for the hurricane season. Today, reports say the facility is permanently closing. If these reports are true, and the facility is permanently closing, we need to discuss what that means for this case and keeping the court apprised of material changes. We are available next Monday or Tuesday for a call. Please let us know your availability those days.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org
<image001.gif>

<image002.png>


<image003.png>


**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

**From:** Spraker, Chad (USAFLM) <Chad.Spraker@usdoj.gov>
**Sent:** Monday, June 22, 2026 9:52 AM
**To:** Amy Godshall <AGodshall@aclufl.org>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Kassandra S. Reardon <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>; Nicholas J.P. Meros <NMeros@shutts.com>
**Subject:** RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Good morning Amy,

I hope you all had a good weekend.  May the federal defendants have an additional week extension for their responses to the plaintiffs first written discovery requests?  Alternate search terms strings are currently being evaluated.

Best,

**Chad C. Spraker, Assistant U.S. Attorney**
Office of the U.S. Attorney, Middle District of Florida
2110 First Street, Suite 3-137, Fort Myers, FL 33901 | (239) 461-2245
Chad.Spraker@usdoj.gov

**From:** Spraker, Chad (USAFLM)
**Sent:** Monday, June 8, 2026 9:45 AM
**To:** Amy Godshall <AGodshall@aclufl.org>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Kassandra S. Reardon <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>; Nicholas J.P. Meros <NMeros@shutts.com>
**Subject:** RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Good morning Amy,

Thank you for the extension.  Amanda and I available on Wednesday at 11:00 a.m.  Please confirm whether that works for you.

Best regards,

**Chad C. Spraker, Assistant U.S. Attorney**
Office of the U.S. Attorney, Middle District of Florida
2110 First Street, Suite 3-137, Fort Myers, FL 33901 | (239) 461-2245
Chad.Spraker@usdoj.gov

**From:** Amy Godshall <AGodshall@aclufl.org>
**Sent:** Friday, June 5, 2026 8:06 PM
**To:** Spraker, Chad (USAFLM) <Chad.Spraker@usdoj.gov>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Kassandra S. Reardon <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>
**Subject:** [EXTERNAL] RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Hi Chad,

Plaintiffs consent to a 14-day extension for the Federal Defendants' RFP responses. We've listed our availability for a conferral below to talk through everything.
- Tuesday: 3-5:30pm
- Wednesday: 11am-5:30pm

Best,

**Amy Godshall**

Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org
<image001.gif>

<image002.png>


<image003.png>


**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

---

**From:** Spraker, Chad (USAFLM) <Chad.Spraker@usdoj.gov>
**Sent:** Friday, June 5, 2026 12:10 PM
**To:** Amy Godshall <AGodshall@aclufl.org>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Kassandra S. Reardon <KReardon@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>
**Subject:** RE: HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Good afternoon Amy,

I believe the Federal Defendants' responses to the Plaintiffs' first written discovery requests are due on Monday next week (6/8).   Would Plaintiffs be willing to grant a 14-day extension of that deadline?

Also attached is a search Federal Defendants intend to conduct in connection with RFPs 1-23 and 25-29.   Are you available to confer next week regarding the intended search?

As to RFP 24, ICE has indicated it is not possession of responsive documents other than the Memorandum of Agreement Between ICE and the Florida Department of Law Enforcement, signed by ICE on February 14, 2025 (Bates USA_000001-000014).

Best regards,

**Chad C. Spraker, Assistant U.S. Attorney**
Office of the U.S. Attorney, Middle District of Florida
2110 First Street, Suite 3-137, Fort Myers, FL 33901 | (239) 461-2245
Chad.Spraker@usdoj.gov

---

**From:** Amy Godshall <AGodshall@aclufl.org>
**Sent:** Friday, May 8, 2026 5:38 PM
**To:** Spraker, Chad (USAFLM) <Chad.Spraker@usdoj.gov>
**Cc:** Saylor, Amanda (USAFLM) <Amanda.Saylor@usdoj.gov>; Tara R. Price <TPrice@shutts.com>; Kassandra S. Reardon <KReardon@shutts.com>; Frank A. Zacherl <FZacherl@shutts.com>; Oliver Sepulveda <OSepulveda@shutts.com>; Corene Kendrick <ckendrick@aclu.org>; Carmen Iguina Gonzalez <CIguinaGonzalez@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Marisol Dominguez-Ruiz <mdominguez-ruiz@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Paul Chavez <pchavez@aijustice.org>; Jennifer Smith <jsmith@aijustice.org>; Christina LaRocca <clarocca@aijustice.org>; Kelly Ann Kennedy <kellyann.kennedy@em.myflorida.com>; Nicholas J.P. Meros <NMeros@shutts.com>
**Subject:** [EXTERNAL] HCR v Mullin - Plaintiffs' First Set of RFPs for Federal Defendants

Good evening Chad,

Please find attached Plaintiffs' First Set of Requests for Production of Documents from Defendants Markwayne Mullin, Secretary of the United States Department of Homeland Security, in his official capacity; U.S. Department of Homeland Security; Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. Immigration and Customs Enforcement; and Garrett Ripa, Field Office Director for ICE's Enforcement and Removal Operation's ("ERO") Miami, Florida Field Office, in his official capacity (collectively "Federal Defendants"). We are serving this set of requests upon all Federal Defendants. If you prefer, we could send you this same set of requests for each Federal Defendant individually, but this seems easier for everyone.

Thanks in advance for your work on these.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org
<image001.gif>

<image002.png>


<image003.png>


**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**


Confidentiality Notice: This communication is for use by the intended recipient and contains information that may be privileged, confidential or copyrighted under

applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. This communication does not constitute consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.

Confidentiality Notice: This communication is for use by the intended recipient and contains information that may be privileged, confidential or copyrighted under applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. This communication does not constitute consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.

Confidentiality Notice: This communication is for use by the intended recipient and contains information that may be privileged, confidential or copyrighted under applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. This communication does not constitute consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.

# EXHIBIT 2

| **From:** | Amy Godshall |
| **To:** | Nicholas J.P. Meros; Spraker, Chad (USAFLM) |
| **Cc:** | nicole.hults@em.myflorida.com; Margaret A. McCormick; Tara R. Price; Everglades-Access; "Larson, Kristen" |
| **Subject:** | RE: State Defendants First Production for Plaintiffs" First RFPs |
| **Date:** | Monday, July 6, 2026 12:33:07 PM |
| **Attachments:** | image002.png |
| | image003.png |

Nick,

Thank you for responding. At this time, we cannot agree that this case is moot. The Eleventh Circuit has been clear that "intervening events will render a case moot only when we have no reasonable expectation that the challenged practice will resume after the lawsuit is dismissed." *Flanigan's Enters., Inc. of Georgia v. City of Sandy Springs, Georgia*, 868 F.3d 1248, 1255–56 (11th Cir. 2017) (cleaned up). The challenged policy must be "unambiguously terminated" for mootness to deprive the Court of jurisdiction. *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1266 (11th Cir. 2010) (cleaned up).

Here, is it not clear that the facility is *permanently* closed. Last year, this facility was constructed and opened in roughly a week, which could happen again at any point in the future, given the State's quickly changing policies. Plaintiffs have repeatedly asked State and Federal Defendants to confirm the status of the facility, and aside from your recent note about public reporting, you have ignored our requests. We cannot determine whether a case is moot simply from public reporting (reporting that includes articles explaining that people were transferred out of the facility only for hurricane season), especially when Defendants have been silent on this issue. And Defendant DeSantis's public statements regarding the facility's closure do not unambiguously state that the facility is permanently closed and not expected to reopen. Thus, the public reporting you reference is not, in our view, sufficient to conclude that the challenged conduct has been "unambiguously terminated." *Id.* As the Court provisionally certified a class of "all persons who are currently, *or in the future*, held at the Alligator Alcatraz detention facility," we need assurances from State and Federal Defendants themselves on the record that no one will be detained there again, before we can agree that this case is in fact moot.

For that reason, we are unable to agree to a stay of discovery at this time. However, if the facility is in fact permanently closed, we are willing to discuss entering into a stipulation with the State and Federal Defendants and stay discovery pending negotiation of that stipulation. Please let us know by Wednesday whether that is amenable to the Defendants. We are pleased to see that the Court has scheduled a status conference, and we think the Court will appreciate the parties coming into that status conference having sorted out this issue.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org  f  [Instagram]



ACLU
Florida

**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

---

**From:** Nicholas J.P. Meros <NMeros@shutts.com>
**Sent:** Thursday, July 2, 2026 4:28 PM
**To:** Amy Godshall <AGodshall@aclufl.org>
**Cc:** nicole.hults@em.myflorida.com; Spraker, Chad (USAFLM) <chad.spraker@usdoj.gov>; Margaret A. McCormick <MMcCormick@shutts.com>; Tara R. Price <TPrice@shutts.com>; Everglades-Access <Everglades-Access@aclufl.org>; 'Larson, Kristen' <Kristen.Larson@eog.myflorida.com>
**Subject:** RE: State Defendants First Production for Plaintiffs' First RFPs

Hi Amy,

As has been widely reported, the federal government has transferred all detainees from the Facility and the State has closed the Facility. Thus, the case is now moot and the Court lacks subject matter jurisdiction over it.

Accordingly, I am reaching out to ask if Plaintiffs would agree to a stay of discovery until the Court dismisses the case as moot. The State Defendants do not want to waste their time or Plaintiffs time with discovery for a case that is moot. If Plaintiffs do not agree, the State Defendants will file a motion to stay discovery based on lack of subject matter jurisdiction.

Regardless, I hope you and your team have a wonderful Independence Day weekend and America 250th celebration.

Nick Meros

**Nicholas J.P. Meros**
Partner | Shutts & Bowen LLP
Tel: (850) 241-1728
215 South Monroe Street, Ste. 804, Tallahassee, FL 32301
Bio | E-Mail | vCard | www.shutts.com



**From:** Amy Godshall <AGodshall@aclufl.org>
**Sent:** Wednesday, July 1, 2026 2:12 PM
**To:** Nicholas J.P. Meros <NMeros@shutts.com>
**Cc:** nicole.hults@em.myflorida.com; Spraker, Chad (USAFLM) <chad.spraker@usdoj.gov>; Margaret
A. McCormick <MMcCormick@shutts.com>; Tara R. Price <TPrice@shutts.com>; Everglades-Access
<Everglades-Access@aclufl.org>; 'Larson, Kristen' <Kristen.Larson@eog.myflorida.com>
**Subject:** RE: State Defendants First Production for Plaintiffs' First RFPs

**EXTERNAL: This email originated from outside of the SHUTTS email system. Do not
respond, click on any links or open any attachments unless you trust the sender and know
the content is safe.**

Hi Nick,

While you're working on getting us that second production batch that we'd expected
on June 19, 2026, I also wanted to bump our previous questions from your first
production batch that you have not yet responded to (that we'd sent you in this thread
on June 4, 2026):

Re completion of RFP 9:
*For reference, RFP 9: "The email mandate from Bill Alley, Critical Response
Strategies' Director of Operations, to Critical Response Strategies
management staff and the legal inbox around or before Thanksgiving 2025,
informing facility staff that attorneys should not be turned away from the facility,
as testified to by Mark Saunders."*

- The production does not contain any responsive documents. While the
  production contains an October email from Bill Alley, that email does not
  address unscheduled visits. Mr. Saunders testified to the existence of
  an email sent on this topic, see Doc. 230 at 178:12–180:20, and we
  have not yet received that email.

Re completion of RFP 10:
*For reference, RFP 10: "Documents sufficient to show the number of in-person
legal visits that have occurred each month since the Facility opened in July
2025."*

- The "2026 In person Legal Appointments" doc only shows legal visits
  that occurred through 5/6. Please confirm that State Defendants will
  continue to supplement this production with up-to-date information.

In addition, one document produced is missing an attachment:
- Fw_ Detainee Phone Phone Access - Revised Quote — this doc is
  missing the April 17th attachment.

Also, we have not yet received a privilege log for the first production batch that you produced 33 days ago on 5/29/2026. Can you please send us your privilege log, your second production batch, and the answers to the above questions by the end of the week? Thanks.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org  f 📷



**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

**From:** Amy Godshall <AGodshall@aclufl.org>
**Sent:** Monday, June 29, 2026 12:49 PM
**To:** Nicholas J.P. Meros <NMeros@shutts.com>
**Cc:** nicole.hults@em.myflorida.com; Spraker, Chad (USAFLM) <chad.spraker@usdoj.gov>; Margaret A. McCormick <MMcCormick@shutts.com>; Tara R. Price <TPrice@shutts.com>; Everglades-Access <Everglades-Access@aclufl.org>; 'Larson, Kristen' <Kristen.Larson@eog.myflorida.com>
**Subject:** RE: State Defendants First Production for Plaintiffs' First RFPs

Hi Nick,

In your last email and in our conferral on 6/16/2026, you told us that you expected to send us the second batch of production on 6/19/2026. It's now 6/29/2026, and we have not received those documents or updates from you about needing more time. Please confirm when you will send us additional documents. Thanks.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida

4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org  f  ⬤



**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

---

**From:** Nicholas J.P. Meros <NMeros@shutts.com>
**Sent:** Thursday, June 11, 2026 11:42 AM
**To:** Amy Godshall <AGodshall@aclufl.org>
**Cc:** nicole.hults@em.myflorida.com; Spraker, Chad (USAFLM) <chad.spraker@usdoj.gov>; Margaret A. McCormick <MMcCormick@shutts.com>; Tara R. Price <TPrice@shutts.com>; Everglades-Access <Everglades-Access@aclufl.org>; 'Larson, Kristen' <Kristen.Larson@eog.myflorida.com>
**Subject:** RE: State Defendants First Production for Plaintiffs' First RFPs

Hi Amy,

Wanted to give you an update on the progress of our production(s). We are continuing to conduct searches on and review results for documents responsive to the remaining RFPs in the First RFPs to which we have not responded. We were hoping to make our second production tomorrow, but the people that were doing the searching and reviewing at FDEM have moved on to different roles so we will not be able to meet that goal. We are working with the new staff to continue the process and hope to make our second production next Friday, June 19. Thanks.


Nick Meros




**Nicholas J.P. Meros**
Partner **|** Shutts & Bowen LLP
Tel: (850) 241-1728
215 South Monroe Street, Ste. 804, Tallahassee, FL 32301
Bio **|** E-Mail **|** vCard **|** www.shutts.com



---

**From:** Amy Godshall <AGodshall@aclufl.org>
**Sent:** Thursday, June 4, 2026 12:28 PM
**To:** Nicholas J.P. Meros <NMeros@shutts.com>

**Cc:** 'Kelly Ann Kennedy' <KellyAnn.Kennedy@em.myflorida.com>; Spraker, Chad (USAFLM)
<chad.spraker@usdoj.gov>; Margaret A. McCormick <MMcCormick@shutts.com>; Charlene H. Hill
<CHill@shutts.com>; Everglades-Access <Everglades-Access@aclufl.org>
**Subject:** RE: State Defendants First Production for Plaintiffs' First RFPs

**EXTERNAL: This email originated from outside of the SHUTTS email system. Do not
respond, click on any links or open any attachments unless you trust the sender and know
the content is safe.**

Hi Nick,

Thanks for sending the first production batch last Friday, and for confirming that you
believe those documents complete production for RFPs 9, 10 and 11. We had a
couple of questions about those completed productions.

Re completion of RFP 9:
*For reference, RFP 9: "The email mandate from Bill Alley, Critical Response
Strategies' Director of Operations, to Critical Response Strategies management staff
and the legal inbox around or before Thanksgiving 2025, informing facility staff that
attorneys should not be turned away from the facility, as testified to by Mark
Saunders."*
- The production does not contain any responsive documents. While the
  production contains an October email from Bill Alley, that email does not
  address unscheduled visits. Mr. Saunders testified to the existence of an email
  sent on this topic, see Doc. 230 at 178:12–180:20, and we have not yet
  received that email.

Re completion of RFP 10:
*For reference, RFP 10: "Documents sufficient to show the number of in-person legal
visits that have occurred each month since the Facility opened in July 2025."*
- The "2026 In person Legal Appointments" doc only shows legal visits that
  occurred through 5/6. Please confirm that State Defendants will continue to
  supplement this production with up-to-date information.

In addition, one document produced is missing an attachment:
- Fw_ Detainee Phone Phone Access - Revised Quote — this doc is missing the
  April 17th attachment.

Best,

**Amy Godshall**
Pronouns: she/her

Immigrants' Rights Staff Attorney
American Civil Liberties Union of Florida

4343 West Flagler St., Suite 400, Miami, FL 33134
786.363.2731 | agodshall@aclufl.org
aclufl.org

**ACLU**
**Florida**

**This message pertains to legal representation and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.**

---

**From:** Nicholas J.P. Meros <NMeros@shutts.com>
**Sent:** Monday, June 1, 2026 10:42 AM
**To:** Everglades <everglades@aclu.org>; Sam Lester <SLester@aclufl.org>; Daniel Tilley <dtilley@aclufl.org>; Amy Godshall <AGodshall@aclufl.org>
**Cc:** 'Kelly Ann Kennedy' <KellyAnn.Kennedy@em.myflorida.com>; Spraker, Chad (USAFLM) <chad.spraker@usdoj.gov>; Margaret A. McCormick <MMcCormick@shutts.com>; Charlene H. Hill <CHill@shutts.com>
**Subject:** State Defendants First Production for Plaintiffs' First RFPs

Counsel,

Following up on the production on Friday, the State Defendants can confirm that this completes the production for Requests 9, 10, and 11. As mentioned, we view Requests 7, 8, and 9 as included in Request 6, Request 11 as included in Request 10, Request 13 as included in Request 12, and Request 17 as included in Request 18. So for these, the production for the latter will satisfy the former.

For the remainder of the requests, the State Defendants are either producing and continuing to search for/review additional responsive documents, or are searching for/reviewing responsive documents and will produce them, if any exist.

Nick Meros

**Nicholas J.P. Meros**

Partner | Shutts & Bowen LLP
Tel: (850) 241-1728
215 South Monroe Street, Ste. 804, Tallahassee, FL 32301
Bio | E-Mail | vCard | www.shutts.com



Confidentiality Notice: This communication is for use by the intended recipient and contains

information that may be privileged, confidential or copyrighted under applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. This communication does not constitute consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.

Confidentiality Notice: This communication is for use by the intended recipient and contains information that may be privileged, confidential or copyrighted under applicable law. If you are not the intended recipient, you are hereby formally notified that any use, copying or distribution of this communication, in whole or in part, is strictly prohibited. Please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. This communication does not constitute consent to the use of sender's contact information for direct marketing purposes or for transfers of data to third parties.